PAGES 1 - 11

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE PHYLLIS J. HAMILTON, JUDGE

VISWANATH V. SHANKAR, INDIVIDUALLY )
AND ON BEHALF OF ALL OTHERS        )
SIMILARLY SITUATED,                )
                                   )
                                   )
            PLAINTIFFS,            )
                                   )
  VS.                              )   NO. C 14-1680 PJH
                                   )
IMPERVA, INC., ET AL.,             )   OAKLAND, CALIFORNIA
                                   )
            DEFENDANTS.            )   WEDNESDAY
                                   )   JULY 23, 2014
_____   )   9:00 O'CLOCK A.M.

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

**FOR PLAINTIFFS:**

**ROBBINS GELLER RUDMAN & DOWD LLP**
ONE MONTGOMERY STREET
SUITE 1800
SAN FRANCISCO, CALIFORNIA 94104


**BY:  SHAWN A. WILLIAMS, ESQUIRE**

**FOR DEFENDANTS:**

FENWICK & WEST LLP
555 CALIFORNIA STREET, 12TH FLOOR
SAN FRANCISCO, CALIFORNIA 94104

**BY:  JENNIFER BRETAN, ATTORNEY AT LAW**


**REPORTED BY:**      *KATHERINE WYATT, CSR #9866, RMR*

1          **P R O C E E D I N G S**

2

3                    JULY 23, 2014

4              P R O C E E D I N G S

5       **THE CLERK:**  CALLING CIVIL CASE NUMBER 14-160, SHANKAR

6   VERSUS IMPERVA, ET AL.

7              COUNSEL, PLEASE STEP FORWARD, AND STATE YOUR

8   APPEARANCES.

9       **MR. WILLIAMS:**  GOOD MORNING, YOUR HONOR.  SHAWN WILLIAMS,

10  ROBBINS GELLER RUDMAN & DOWD ON BEHALF OF PLAINTIFFS AND THE

11  PENNSYLVANIA RETIREMENT FUND.

12      **THE COURT:**  ALL RIGHT.

13      **MS. BRETAN:**  GOOD MORNING, YOUR HONOR.  JENNIFER BRETAN OF

14  FENWICK & WEST ON BEHALF OF DEFENDANTS.

15      **THE COURT:**  ALL RIGHT.  GOOD MORNING.

16              THIS MATTER IS ON FOR HEARING ON THE PLAINTIFFS'

17  MOTION TO APPOINT LEAD COUNSEL.

18              YOU REPRESENT THE PENNSYLVANIA RETIREMENT GROUP?

19      **MR. WILLIAMS:**  THAT'S CORRECT, YOUR HONOR.

20      **THE COURT:**  IS THERE ANYONE HERE ON BEHALF OF THE

21  PROVIDENT GROUP?

22      **MR. WILLIAMS:**  THERE IS NOT, YOUR HONOR.  AND WE NOTICED

23  THAT THEY DIDN'T FILE AN OPPOSITION TO THE PAPERS.  WE REACHED

24  OUT TO THEM, AND WE DIDN'T HEAR ANYTHING BACK INDICATING THAT

25  THEY INTENDED TO MOVE FORWARD OR THEY WOULD APPEAR.  SO THAT'S

WHY WE FILED A NONOPPOSITION.

    **THE COURT:** OKAY. ALL RIGHT. WELL, IT'S OBVIOUSLY A
MOTION IN WHICH THE TWO PLAINTIFF GROUPS -- WELL, PROVIDENT IS
NOT REALLY A GROUP.

    **MR. WILLIAMS:** RIGHT.

    **THE COURT:** BUT PROVIDENT AND YOUR CLIENTS ARE BOTH VYING
FOR THE LEAD PLAINTIFF SPOT.

    **MR. WILLIAMS:** TRUE.

    **THE COURT:** SO SINCE THEY DIDN'T FILE AN OPPOSITION TO
YOUR REQUEST OR APPEAR HERE TODAY, AND ON THE MERITS THE
AMOUNTS IN QUESTION CLEARLY MILITATE IN FAVOR OF YOUR CLIENT'S
APPOINTMENT OVER PROVIDENT. SO I'M GOING TO DENY THEIR MOTION.

    BUT YOUR MOTION LEAVES SOME UNANSWERED QUESTIONS.

    **MR. WILLIAMS:** OKAY.

    **THE COURT:** NOW, AS I UNDERSTAND IT THERE ARE FOUR
RETIREMENT FUNDS THAT ARE REPRESENTING FOUR DIFFERENT COUNTIES
IN PENNSYLVANIA --

    **MR. WILLIAMS:** THAT'S RIGHT.

    **THE COURT:** -- THAT HAVE GOTTEN TOGETHER.

    **MR. WILLIAMS:** THAT'S RIGHT.

    **THE COURT:** AND THE AMOUNT OF LOSSES VARY AMONG THOSE
FOUR, WITH DELAWARE COUNTY HAVING THE LARGEST LOSS.

    **MR. WILLIAMS:** THAT'S CORRECT.

    **THE COURT:** YOU'VE AGGREGATED THE LOSSES OF THESE FOUR
RETIREMENT FUNDS WITHOUT ADDRESSING IN YOUR PAPERS THE SPLIT OF

1    OPINION AMONG THE VARIOUS DISTRICT COURTS, PARTICULARLY IN THIS

2    DISTRICT, WITH REGARD TO THE PROPRIETARY OF AGGREGATING THE

3    FINANCIAL INTERESTS --

4         **MR. WILLIAMS:**  SURE.

5         **THE COURT:**  -- OF PLAINTIFFS' GROUP.  SO I'M NOT PREPARED

6    TO GRANT YOUR MOTION WITHOUT SOME FURTHER DISCUSSION ABOUT THE

7    AGGREGATION.

8         **MR. WILLIAMS:**  SURE, YOUR HONOR.  I DON'T THINK THAT THE

9    INTENTION WAS TO AGGREGATE, NECESSARILY, ALTHOUGH IT'S OBVIOUS

10   THAT THERE ARE FOUR FIRMS -- I'M SORRY -- FOUR INSTITUTIONS

11   THAT ARE WORKING TOGETHER.  AND, OBVIOUSLY, THE TOTAL AMOUNT OF

12   THEIR LOSSES IS CALCULATED TOGETHER, AND IT'S A LITTLE BIT OVER

13   $800,000.

14         THE FACT IS THAT THESE FOUR ENTITIES, YOU KNOW,

15   THEY DID --

16        **THE COURT:**  WELL, I'M SORRY.  MAYBE I'M MISTAKEN.  I

17   THOUGHT THAT THEY PURCHASED OVER $800,000 IN STOCK, BUT THE

18   LOSS WAS ABOUT 351,000.

19        **MR. WILLIAMS:**  OH, I'M SORRY, YOUR HONOR.  NO.  THE LOSSES

20   ARE 818,000.

21         DO YOU SEE EXHIBIT B?

22        **THE COURT:**  EXHIBIT B TO THE MCCORMICK DECLARATION?

23        **MR. WILLIAMS:**  RIGHT.

24        **THE COURT:**  OKAY.  LET ME FIND THAT.

25        **MR. WILLIAMS:**  YES, YOUR HONOR.  YOU'RE CORRECT.  THAT'S

1 MY MISTAKE. I WAS LOOKING AT THE WRONG COLUMN ON OUR

2 SPREADSHEET.

3     **THE COURT:** OKAY. OKAY.

4     **MR. WILLIAMS:** NEVERTHELESS --

5     **THE COURT:** SO BUT YOU HAVE, INDEED, AGGREGATED THE LOSSES

6 OF THE FOUR COUNTIES TO ARRIVE AT THE $351,000 --

7     **MR. WILLIAMS:** THAT'S RIGHT.

8     **THE COURT:** -- LOSS.

9     **MR. WILLIAMS:** THAT'S RIGHT.

10     **THE COURT:** OKAY. SO TELL ME WHY IT'S APPROPRIATE TO DO

11 THAT.

12     **MR. WILLIAMS:** WELL, YOUR HONOR, I DON'T KNOW THAT IT'S

13 INAPPROPRIATE. AND YOU'RE CORRECT THAT DEPENDING ON WHICH

14 COURT THAT YOU'RE IN FRONT OF, SOME COURTS SAY THAT IT'S OKAY

15 TO AGGREGATE. CERTAINLY THE PSLRA DOESN'T SAY THAT YOU CANNOT

16 AGGREGATE THE LOSSES OF CERTAINLY INSTITUTIONAL INVESTORS AND

17 MOVE TOGETHER FOR THE APPOINTMENT OF LEAD PLAINTIFF.

18         I DON'T KNOW THAT I CAN SAY TO YOUR HONOR THAT IT'S

19 INAPPROPRIATE. I THINK IT DEPENDS ON WHICH COURT THAT YOU'RE

20 IN FRONT OF.

21     **THE COURT:** OKAY. SO YOU'RE IN FRONT OF ME.

22     **MR. WILLIAMS:** YES.

23     **THE COURT:** AND I HAVEN'T RULED ON THIS ISSUE.

24     **MR. WILLIAMS:** SURE.

25     **THE COURT:** AT LEAST NOT RECENTLY.

1      **MR. WILLIAMS:**  YES.

2      **THE COURT:**  SO TELL ME WHY UNDER THE CIRCUMSTANCES --

3  YOU'RE OBVIOUSLY FAMILIAR WITH JUDGE WHITE'S DECISION IN

4  AARONSON AND JUDGE ALSUP'S DECISION IN NETWORK ASSOCIATES.

5  YOU'RE FAMILIAR WITH THAT APPROACH, WHICH A NUMBER OF JUDGES IN

6  THIS DISTRICT HAVE FOLLOWED.

7      **MR. WILLIAMS:**  SURE.

8      **THE COURT:**  SO TELL ME WHY UNDER THE CIRCUMSTANCES

9  PRESENTED HERE WITH THE AGGREGATION OF THESE FOUR COUNTIES'

10  FINANCIAL INTERESTS, WHY IS THAT APPROPRIATE?

11      **MR. WILLIAMS:**  WELL, I'LL JUST -- IT'S APPROPRIATE BECAUSE

12  THEY HAVE AGREED TO WORK TOGETHER, YOUR HONOR.  I DON'T THINK

13  THAT UNDER THESE --

14      **THE COURT:**  HAVE THEY WORKED TOGETHER IN THE PAST?

15      **MR. WILLIAMS:**  I DON'T THINK THAT THEY HAVE WORKED

16  TOGETHER IN THE PAST.  I CAN'T SAY THAT WITH CERTAINTY.  BUT

17  THEY DID AGREE TO WORK TOGETHER IN THIS CASE.

18          THEY SUBMITTED A DECLARATION INDICATING THAT THEY

19  HAVE COMMUNICATED WITH ONE ANOTHER AND AGREED TO WORK TOGETHER

20  TO ADVANCE THIS CASE.

21          THEY ARE ALL FROM PENNSYLVANIA.  I THINK THAT

22  WITHOUT CERTAINLY THAT THEY ARE ALL MANAGED BY THE SAME

23  INVESTMENT MANAGERS, AND WE REPRESENT ALL OF THEM.  AT LEAST WE

24  HAVE.

25      **THE COURT:**  ALL RIGHT.  THE CONCERN IS, OBVIOUSLY, THAT

1  GROUPS THAT ARE SIMPLY PUT TOGETHER --

2      **MR. WILLIAMS:**  RIGHT.

3      **THE COURT:**  -- FOR PURPOSES OF LEAD COUNSEL ROLE --

4      **MR. WILLIAMS:**  RIGHT.

5      **THE COURT:**  -- LEAD PLAINTIFF ROLES DON'T HAVE ANY KIND OF

6  COHESIVENESS THAT AN ORGANIZATION THAT MIGHT HELP THEM TO

7  CONTROL THE LITIGATION AND NOT ALLOW IT TO SIMPLY BE

8  ATTORNEY-DRIVEN LITIGATION.

9      **MR. WILLIAMS:**  I FULLY UNDERSTAND THAT, AND I THINK THAT

10  THAT'S WHY THEY HAVE PRESENTED TO YOU THE DECLARATION

11  INDICATING THAT THEY WILL WORK WITH THE LEVEL OF COHESIVENESS

12  THAT I THINK THE COURT REQUIRES AND EXPECTS.

13          NOW, IN ORDER -- I CAN'T SAY TO YOU THAT THEY HAVE

14  WORKED TOGETHER IN THESE TYPES OF CASES IN THE PAST IN ORDER TO

15  ESTABLISH FOR YOUR HONOR THAT THERE'S A HISTORY OF COHESIVENESS

16  WORKING TOGETHER.  SO I COULDN'T TELL YOU THAT.

17          BUT I CAN TELL YOU HERE THAT THEY HAVE AGREED TO

18  WORK TOGETHER.  AND IF YOUR HONOR IS INCLINED NOT TO APPOINT A

19  LARGE GROUP, I THINK THAT THE DELAWARE FUND HAS THE LARGEST

20  LOSSES, IN ANY EVENT, AND COULD ADVANCE THE CASE ON THEIR OWN.

21      **THE COURT:**  ALL RIGHT.  WELL, I WAS GOING TO GIVE YOU TWO

22  OPTIONS.

23      **MR. WILLIAMS:**  SURE.

24      **THE COURT:**  I LOOKED AT THE DECLARATION, AND THE

25  DECLARATION MENTIONS A COUPLE OF THINGS THAT I THOUGHT WERE

1  INTERESTING --

2      **MR. WILLIAMS:**  SURE.

3      **THE COURT:**  -- AND MIGHT SUGGEST SOME LEVEL OF

4  ORGANIZATION OR COHESIVENESS.

5          ONE THING IS THAT THEY MENTION SOME COMBINED

6  OVERSIGHT.  I WONDER IF THAT TAKES THE FORM OF SOME STRUCTURE.

7  HOW THIS IS COMBINED OVERSIGHT GOING TO WORK?

8          THE DECLARATION MENTIONS THAT THEY HAVE ARRIVED AT

9  PROTOCOLS FOR MANAGING THE LITIGATION.  WELL, WHAT ARE THOSE

10  PROTOCOLS?  NO ONE HAS SHARED THAT WITH ME.  THE DECLARATION

11  DOESN'T PROVIDE ANY DETAILS.

12      **MR. WILLIAMS:**  SURE.

13      **THE COURT:**  THEY SET FORTH IN -- THE MCCORMICK DECLARATION

14  ALSO SETS FORTH THAT THERE ARE COMMUNICATIONS, PROCEDURES IN

15  EFFECT, BUT NO ONE HAS DESCRIBED THOSE COMMUNICATION

16  PROCEDURES.  I UNDERSTAND THAT THEY HAVE -- ALL FOUR OF THE

17  SOLICITORS HAVE INDICATED THAT THEY ARE COMMITTED TO ACTIVELY

18  MONITORING COUNSEL.  BUT IN ORDER FOR ME TO APPROVE THIS

19  AGGREGATION I NEED SOME ASSURANCES.  SO AT A BARE MINIMUM I

20  WOULD NEED A DESCRIPTION --

21      **MR. WILLIAMS:**  SURE.

22      **THE COURT:**  -- OF THE COMMUNICATION PROCEDURES, THE

23  PROTOCOLS FOR MANAGING THE LITIGATION AND HOW THE COMBINED

24  OVERSIGHT IS TO TAKE PLACE.

25      **MR. WILLIAMS:**  AND --

1      **THE COURT:** SO -- LET ME FINISH.

2      **MR. WILLIAMS:** SORRY.

3      **THE COURT:** SO I WILL GIVE YOU THE OPTION THAT YOU MAY

4   EITHER PROVIDE THAT IN A SUPPLEMENTAL DECLARATION --

5      **MR. WILLIAMS:** UM-HUM.

6      **THE COURT:** -- OR I WILL SIMPLY APPOINT DELAWARE, BECAUSE

7   IT CLEARLY HAS THE LARGEST FINANCIAL STAKE.  NOT A TREMENDOUSLY

8   LARGER INTEREST THAN BUCKS COUNTY, BUT IT DOES HAVE THE LARGEST

9   FINANCIAL STAKE.

10      **MR. WILLIAMS:** AND WHAT I WOULD LIKE TO DO, YOUR HONOR, I

11   WOULD LIKE TO TALK WITH THEM AND SEE HOW THEY WOULD LIKE TO

12   APPROACH IT.  AND, IF NECESSARY, OR IF IN SELECTING ONE OF

13   THOSE OPTIONS IF THEY CHOOSE TO PROVIDE, YOU KNOW, MORE DETAIL

14   AROUND THE PROTOCOL AND THE COMMUNICATION STRUCTURE IN ORDER TO

15   WORK TOGETHER WE'LL DO IT THAT WAY.

16      IF THEY CHOOSE TO, YOU KNOW, DECIDE THAT, YOU KNOW

17   THAT DELAWARE SHOULD MOVE ON ITS OWN OR ADVANCE THE CASE ON ITS

18   OWN, WE'LL DO IT THAT WAY.

19      BUT I'D LIKE TO HAVE AN OPPORTUNITY TO TALK WITH

20   THEM.

21      **THE COURT:** ALL RIGHT.

22      ALL RIGHT.  DO YOU HAVE ANY OBJECTIONS TO

23   PROCEEDING IN THIS WAY?

24      **MS. BRETAN:** NO, YOUR HONOR.  WE'RE REALLY --

25      **THE COURT:** YOU'RE NEUTRAL.

KATHERINE WYATT, CERTIFIED COURT REPORTER # 9866
925-212-5224  CSR  RPR  RMR

1       **MS. BRETAN:** WE'RE NEUTRAL IN THIS.

2       **THE COURT:** OKAY. ALL RIGHT. THEN I'LL GRANT YOU TWO

3  WEEKS --

4       **MR. WILLIAMS:** SURE. THAT'S --

5       **THE COURT:** -- TO SUBMIT A DECLARATION DESCRIBING THE

6  THREE CATEGORIES OF THINGS THAT ARE REFERRED TO IN THE

7  DECLARATION --

8       **MR. WILLIAMS:** OF COURSE.

9       **THE COURT:** -- PROVIDING THE DETAIL. OR A STATEMENT

10 SIMPLY THAT YOU'D LIKE TO PROCEED WITH THE DELAWARE AS THE LEAD

11 PLAINTIFF.

12      **MR. WILLIAMS:** THAT'S FAIR, YOUR HONOR. THANK YOU.

13      **THE COURT:** ALL RIGHT. SO THE MOTION IS UNDER SUBMISSION

14 UNTIL THAT FURTHER SUBMISSION BY YOU --

15      **MR. WILLIAMS:** FOURTEEN DAYS?

16      **THE COURT:** -- FOURTEEN DAYS FROM TODAY. AND THE

17 PROVIDENT MOTION IS DENIED AS OF TODAY.

18          ALL RIGHT. I DON'T BELIEVE THERE'S ANYTHING ELSE.

19      **MR. WILLIAMS:** VERY GOOD, YOUR HONOR. THANK YOU VERY

20 MUCH.

21      **THE COURT:** YOU'RE WELCOME.

22          WELL, WITH REGARD TO LEAD PLAINTIFF'S COUNSEL --

23      **MR. WILLIAMS:** YES.

24      **THE COURT:** -- OBVIOUSLY I FIND HAVING HAD PRIOR

25 EXPERIENCE WITH YOUR FIRM ON MANY OCCASIONS I OBVIOUSLY FIND

1   THAT YOU ALL ARE GOING TO BE ADEQUATE FOR THOSE PURPOSES,

2   PARTICULARLY SINCE YOU'RE CHOSEN BY THESE FOUR FINANCIAL

3   INSTITUTIONS. SO THAT PART OF THE MOTION IS GRANTED.

4       **MR. WILLIAMS:**  VERY GOOD, YOUR HONOR.  THANK YOU VERY

5   MUCH.

6       **THE COURT:**  ANYTHING ELSE?  NO?  OKAY.

7       **MR. WILLIAMS:**  ONE MORE THING.  WHEN WE DO SUBMIT THE, YOU

8   KNOW, SUPPLEMENTAL SUBMISSION IT MAY BE THAT WE AND DEFENSE

9   COUNSEL WILL SUBMIT A STIPULATION FOR SCHEDULING OF AN AMENDED

10  COMPLAINT, ASSUMING THAT THE COURT APPOINTS EITHER DELAWARE OR

11  THE GROUP.

12      **THE COURT:**  SURE.  THAT WOULD BE FINE.

13      **MR. WILLIAMS:**  OKAY.  THANK YOU.

14      **MS. BRETAN:**  THANK YOU, YOUR HONOR.

15          (THEREUPON, THIS HEARING WAS CONCLUDED.)

16  STENOGRAPHY CERTIFICATION

17     "I CERTIFY THAT THE FOREGOING IS A CORRECT
    TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE
18  ABOVE-ENTITLED MATTER."
    JULY 25, 2014
19     KATHERINE WYATT

20  _____

21

22  *Kathy Wyatt*

23

24

25

        KATHERINE WYATT, CERTIFIED COURT REPORTER # 9866
            925-212-5224  CSR  RPR  RMR