UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VISWANATH V. SHANKAR,

    Plaintiff,

    v.

IMPERVA INC., et al.,

    Defendants.

_____/

No. C 14-1680 PJH

**ORDER APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL**

On July 23, 2014, the motion for appointment of lead plaintiff and lead counsel, filed by the "Pennsylvania Group" (made up of the Beaver County Employees Retirement Fund, the Bucks County Employees Retirement Fund, the Chester County Employees Retirement Fund, and the Delaware County Employees Retirement System), came on for hearing before this court.

At the hearing, the court noted that courts in this district have allowed a group of plaintiffs to serve as lead plaintiff only in limited circumstances. See, e.g., In re Network Associates, Inc. Securities Litigation, 76 F.Supp.2d 1017 (N.D. Cal. 1999); Aronson v. McKesson HBOC, 79 F.Supp.2d 1146 (N.D. Cal. 1999). Both courts noted that Congress' intent in passing the Private Securities Litigation Reform Act ("PSLRA") was to prevent "lawyer-driven litigation" by ensuring that a single lead plaintiff would be able to exert effective control over class counsel. While a group of persons/entities could be appointed as lead plaintiff, any group seeking appointment needed to show that it was close-knit and capable of working together in a cohesive manner. The Network Associates court found that a group appointment was appropriate only if the group provided information about its structure and functioning, "including any pre-existing relationships among them, an

explanation of how it was formed and how its members would function collectively, and a description of the mechanism that its members and the proposed lead counsel have established to communicate with one another about the litigation." 76 F.Supp.2d at 1026.

At the hearing, the court noted that the Pennsylvania Group had provided no such information in its motion, instead relying on the conclusory assertion that the group members had "met and conferred . . . to determine how they will jointly prosecute the case going forward in the most efficient manner," which shows "the group's cohesiveness and ability to work together." Dkt. 18 at 5-6.  The court asked for more details about how the group would function, but the Pennsylvania Group's counsel was unable to provide any.  As a result, the court ordered counsel to submit a supplemental declaration either (1) setting forth specific information regarding the group's functioning, of the type described in Network Associates, or (2) modifying its request to seek appointment of the individual entity with the largest financial interest in the litigation (the Delaware County Employees Retirement System).

On August 5, 2014, the members of the Pennsylvania Group submitted a declaration explaining that they "have each decided that Delaware County Employees Retirement System will serve as sole lead plaintiff in this action."  See Dkt. 28, Ex. 1 at ¶ 3.  In light of this declaration, the court GRANTS the motion for appointment of lead plaintiff, as modified by the Pennsylvania Group's declaration.  The Delaware County Employees Retirement System is appointed lead plaintiff, and Robbins Geller Rudman & Dowd LLP is appointed lead counsel for the class.

**IT IS SO ORDERED.**

Dated: August 7, 2014

PHYLLIS J. HAMILTON
United States District Judge

2