UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VISWANATH V. SHANKAR, et al.,<br><br>    Plaintiffs,<br><br>        v.<br><br>IMPERVA, INC., et al.,<br><br>    Defendants. | Case No. 14-cv-1680-PJH<br><br>**ORDER RE MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT** |

    Before the court is plaintiff's motion for leave to file a third amended complaint. The motion was prompted by the court's order dismissing plaintiff's first amended complaint (Dkt. 53), in which the court granted leave to amend, but only to "add new facts supporting [plaintiff's] allegation that the already-identified statements were false or misleading." Plaintiff was expressly precluded from adding "new statements that he alleges are false or misleading."

    After filing his second amended complaint, plaintiff sought leave to add additional false and misleading statements and to enlarge the class period. Specifically, plaintiff seeks to add three additional statements relating to defendants' claim that Imperva beat IBM "four out of five times." Plaintiff also seeks to extend the class period, which currently runs from May 2, 2013 to April 9, 2014, by two months, so that it starts on March 7, 2013.

    Regarding the three additional statements, the court agrees with both parties that they are "virtual repeats" of the allegations already contained in the complaint. Indeed, the court's dismissal order specifically mentions a statement that Imperva "beat IBM four

out of five times," which is substantively indistinguishable from the three statements that plaintiff seeks to add. Plaintiff's motion also refers to statements made by Imperva's president and CEO, Anthony Bettencourt, but those statements are mentioned only to support the argument that the "four out of five times" statements were false or misleading. In other words, the Bettencourt statements are "new facts supporting [plaintiff's] allegation that the already-identified statements were false or misleading," which were already permitted by the court's previous order. Thus, the only question before the court is whether to allow plaintiff to add the new "four out of five times" statements.

Because the statements are substantively identical to those already pled in the complaint, the court finds that there cannot be any prejudice to defendants through their addition. However, the extension of the class period, sought nearly eighteen months after the complaint was originally filed, would cause prejudice. Accordingly, plaintiff's motion for leave to file a third amended complaint is GRANTED in part and DENIED in part. Plaintiff may add the statements made on May 21, 2013 and March 5, 2014, but may not add the statement made on March 7, 2013. The third amended complaint must allege the same class period as alleged in the previous complaints – from May 2, 2013 to April 9, 2014.

Plaintiff shall have until **January 13, 2016** to file a third amended complaint in accordance with this order. Defendants shall have 21 days thereafter to answer or otherwise respond to the complaint. Other than the two statements above, the third amended complaint cannot contain any allegations or claims that were not included in the second amended complaint, unless plaintiff obtains leave of court or the consent of all parties.

**IT IS SO ORDERED.**

Dated: December 23, 2015

_____
PHYLLIS J. HAMILTON
United States District Judge