SUSAN S. MUCK (CSB NO. 126930)
smuck@fenwick.com
DEAN S. KRISTY (CSB NO. 157646)
dkristy@fenwick.com
JENNIFER BRETAN (CSB NO. 233475)
jbretan@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, California 94104
Telephone: (415) 875-2300
Facsimile: (415) 281-1350

DEBORAH KANG (CSB NO. 288143)
dkang@fenwick.com
Silicon Valley Center, 801 California Street
Mountain View, California 94041
Phone: (650) 988-8500
Fax: (650) 938-5200

Attorneys for Defendants Imperva, Inc.,
Shlomo Kramer and Terrence J. Schmid

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| VISWANATH V. SHANKAR, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>IMPERVA, INC., SHLOMO KRAMER and TERRENCE J. SCHMID,<br><br>Defendants. | Case No. CV 14-01680 PJH<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED COMPLAINT**<br><br>Date: March 30, 2016<br>Time: 9:00 a.m.<br>Judge: Hon. Phyllis J. Hamilton<br>Date Action Filed: April 11, 2014 |

Pursuant to Rule 201 of the Federal Rules of Evidence,[1] defendants Imperva, Inc. ("Imperva" or the "Company"), Shlomo Kramer and Terrence J. Schmid hereby request that, in connection with their accompanying Motion to Dismiss Third Amended Complaint, the Court take judicial notice of the following documents, attached as Exhibits A through Z to the Declaration of Jennifer C. Bretan in Support of Defendants' Motion to Dismiss Third Amended Complaint ("Bretan Declaration"), filed concurrently herewith. Alternatively, the Court may consider each of these documents pursuant to the "incorporation by reference" doctrine and/or the provisions of the Private Securities Litigation Reform Act of 1995 ("PSLRA").

1. Imperva's Form 8-K filed with the Securities and Exchange Commission ("SEC") on or about May 2, 2013 and its Exhibit 99.01, a press release issued by Imperva titled "Imperva Announces First Quarter 2013 Financial Results," a true and correct copy of which is attached as **Exhibit A** to the Bretan Declaration. Plaintiff purports to quote from the May 2, 2013 press release at paragraphs 44 and 88 of the Third Amended Complaint ("TAC").

2. Excerpts of Imperva's Form 10-Q for the quarter ended March 31, 2013, filed with the SEC on or about May 9, 2013 ("Q1 2013 10-Q"), true and correct copies of which are attached as **Exhibit B** to the Bretan Declaration. Imperva's disclosures regarding "Risk factors" appear at pages 32-49 of the Q1 2013 10-Q.

3. Imperva's Form 8-K filed with the SEC on or about August 7, 2013 and its Exhibit 99.01, a press release issued by Imperva titled "Imperva Announces Second Quarter 2013 Financial Results," a true and correct copy of which is attached as **Exhibit C** to the Bretan Declaration. Plaintiff purports to quote from the August 7, 2013 press release at paragraphs 50 and 92 of the TAC.

4. Excerpts of Imperva's Form 10-Q for the quarter ended June 30, 2013, filed with the SEC on or about August 8, 2013 ("Q2 2013 10-Q"), true and correct copies of which are attached as **Exhibit D** to the Bretan Declaration. Imperva's disclosures regarding "Risk factors"

---

[1] Fed. R. Evid. 201 permits courts to take judicial notice of any fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

appear at pages 37-52 of the Q2 2013 10-Q.

5. Imperva's Form 8-K filed with the SEC on or about November 5, 2013 and its Exhibit 99.01, a press release issued by Imperva titled "Imperva Announces Third Quarter 2013 Financial Results," a true and correct copy of which is attached as **Exhibit E** to the Bretan Declaration. Plaintiff purports to quote from the November 5, 2013 press release at paragraphs 62 and 94 of the TAC.

6. Excerpts of Imperva's Form 10-Q for the quarter ended September 30, 2013, filed with the SEC on or about November 12, 2013 ("Q3 2013 10-Q"), true and correct copies of which are attached as **Exhibit F** to the Bretan Declaration. Imperva's disclosures regarding "Risk factors" appear at pages 35-52 of the Q3 2013 10-Q.

7. Excerpts of Imperva's Form 8-K filed with the SEC on or about February 6, 2014 and its Exhibit 99.1 and Exhibit 99.2, a press release issued by Imperva titled "Imperva Announces Fourth Quarter and Full Year 2013 Financial Results," true and correct copies of which are attached as **Exhibit G** to the Bretan Declaration. Plaintiff purports to quote from the February 6, 2014 press release at paragraphs 70 and 100 of the TAC.

8. Excerpts from Imperva's Form 10-K for the fiscal year ended December 31, 2013, filed with the SEC on or about February 28, 2014 ("FY 2013 10-K"), true and correct copies of which are attached as **Exhibit H** to the Bretan Declaration. Imperva's disclosures regarding "Risk factors" appear at pages 12-27 of the FY 2013 10-K.

9. A table reflecting the daily closing stock prices for Imperva common stock from January 2, 2013 to January 5, 2015 (obtained from the Nasdaq website - *http://www.nasdaq.com/symbol/impv/historical*), a true and correct copy of which is attached as **Exhibit I** to the Bretan Declaration.

10. Imperva's Form 8-K filed with the SEC on or about February 7, 2013 and its Exhibit 99.01, a press release issued by Imperva titled "Imperva Announces Fourth Quarter and Full Year 2012 Financial Results," a true and correct copy of which is attached as **Exhibit J** to the Bretan Declaration.

11. Imperva's Form 8-K filed with the SEC on or about April 9, 2014 and its Exhibit

1  99.1, a press release issued by Imperva titled "Imperva Announces Preliminary First Quarter Financial Results; Imperva to Report Full First Quarter 2014 Financial Results on May 1, 2014," a true and correct copy of which is attached as **Exhibit K** to the Bretan Declaration. Plaintiff purports to quote from the April 9, 2014 press release at paragraphs 13, 77, and 106 of the TAC.

12. Imperva's Form 8-K filed with the SEC on or about July 31, 2014 and its Exhibit 99.01, a press release issued by Imperva titled "Imperva Announces Second Quarter 2014 Financial Results, a true and correct copy of which is attached as **Exhibit L** to the Bretan Declaration. Plaintiff purports to quote from the July 31, 2014 press release at paragraph 83 of the TAC.

13. Imperva's Form 8-K filed with the SEC on or about October 30, 2014 and its Exhibit 99.01, a press release issued by Imperva titled "Imperva Announces Third Quarter 2014 Financial Results, a true and correct copy of which is attached as **Exhibit M** to the Bretan Declaration.

14. A transcript of Imperva's February 6, 2014 Earnings Call for the fourth quarter of fiscal year 2013, a true and correct copy of which is attached as **Exhibit N** to the Bretan Declaration. Imperva's disclosures regarding forward-looking statements appear at pages 2 and 3 of the February 6, 2014 Earnings Call transcript. Plaintiff purports to quote from the February 6, 2014 Earnings Call at paragraphs 71, 73, and 100 of the TAC.

15. Excerpts of Imperva's Form 10-K for the fiscal year ended December 31, 2011, filed with the SEC on or about March 28, 2012 ("FY 2011 10-K"), true and correct copies of which are attached as **Exhibit O** to the Bretan Declaration.

16. Excerpts of Imperva's Form 8-K filed with the SEC on or about February 11, 2014, true and correct copies of which are attached as **Exhibit P** to the Bretan Declaration.

17. Excerpts of Imperva's Form 8-K filed with the SEC on or about February 21, 2014, true and correct copies of which are attached as **Exhibit Q** to the Bretan Declaration.

18. Excerpts of Imperva's Definitive Proxy Statement, Schedule 14A, filed with the SEC on or about March 31, 2014, true and correct copies of which are attached as **Exhibit R** to the Bretan Declaration.

19. Form 4 filed on behalf of Shlomo Kramer with the SEC on or about April 2, 2014, a true and correct copy of which is attached as **Exhibit S** to the Bretan Declaration.

20. Form 4 filed on behalf of Shlomo Kramer with the SEC on or about April 7, 2014, a true and correct copy of which is attached as **Exhibit T** to the Bretan Declaration.

21. Imperva's Form 8-K filed with the SEC on or about February 5, 2015 and its Exhibit 99.1, a press release issued by Imperva titled "Imperva Announces Fourth Quarter and Full Year 2014 Financial Results," a true and correct copy of which is attached as **Exhibit U** to the Bretan Declaration.

22. A transcript of Imperva at the JPMorgan Global Technology, Media and Telecom Conference conducted on or about May 20, 2015, a true and correct copy of which is attached as **Exhibit V** to the Bretan Declaration. Plaintiff purports to quote from the May 20, 2015 JPMorgan Global Technology, Media and Telecom Conference transcript at paragraph 4 of the TAC.

23. A transcript of Imperva at the UBS Global Technology Conference conducted on or about November 20, 2013, a true and correct copy of which is attached as **Exhibit W** to the Bretan Declaration. Plaintiff purports to quote from the November 20, 2013 UBS Global Technology Conference transcript at paragraphs 64, 65, 96, and 97 of the TAC.

24. A transcript of Imperva at the Raymond James Systems, Semiconductors, Software & Supply Chain Conference conducted on or about December 10, 2013, a true and correct copy of which is attached as **Exhibit X** to the Bretan Declaration. Plaintiff purports to quote from the December 10, 2013 Raymond James Systems, Semiconductors, Software & Supply Chain Conference transcript at paragraphs 66 and 98 of the TAC.

25. Form 4 filed on behalf of Terrence Schmid with the SEC on or about February 6, 2014, a true and correct copy of which is attached as **Exhibit Y** to the Bretan Declaration.

26. Imperva's Form 8-K filed with the SEC on or about May 1, 2014 and its Exhibit 99.01, a press release issued by Imperva titled "Imperva Announces First Quarter 2014 Financial Results," a true and correct copy of which is attached as **Exhibit Z** to the Bretan Declaration.

**SEC Filings (Exhibits A-H, J-M, O-U, Y, and Z)**

Exhibits A-H, J-M, O-U, Y, and Z are all materials filed with the SEC. Courts routinely take judicial notice of such documents, especially when deciding a motion to dismiss in cases alleging violations of the federal securities laws. *See, e.g.*, *In re Silicon Graphics Inc., Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999); *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996); *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008); *Cement Masons & Plasterers Joint Pension Trust v. Equinix, Inc.*, 2012 WL 685344, at *5 n.4, *8 n.5 (N.D. Cal. Mar. 2, 2012); *In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1067 (N.D. Cal. 2010).

Judicial notice of SEC filings is proper regardless of whether the filings are referenced in the plaintiff's complaint or are outside the class period. *See In re Hansen Natural Corp. Sec. Litig.*, 527 F. Supp. 2d 1142, 1149 n.2 (C.D. Cal. 2007) (judicially noticing SEC filings "not referenced" in and dated after complaint); *In re Netflix, Inc. Sec. Litig.*, 2005 WL 1562858, at *5 (N.D. Cal. June 28, 2005) (holding that "SEC filings are appropriately noticed by the Court" on a motion to dismiss, even when those documents were filed with the SEC outside the class period).

**Documents Referenced and Relied Upon in the Complaint (Exhibits A, C, E, G, K, L, N, and V-X)**

In the Complaint, Plaintiff refers to, relies upon and purports to quote portions of Exhibits A, C, E, G, K, L, N, and V-X. The doctrine of incorporation by reference allows courts to consider such documents when deciding a motion to dismiss, irrespective of whether the court formally takes judicial notice of those documents. "[T]he doctrine of incorporation by reference is distinct from judicial notice." *Gammel v. Hewlett-Packard Co.*, 905 F. Supp. 2d 1052, 1061 (C.D. Cal. 2012). "That doctrine permits a district court to consider documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the . . . pleadings.'" *Id.* (quoting *Silicon Graphics*, 183 F.3d at 986); *see also Stac Elecs.*, 89 F.3d at 1405 n.4 (in a Section 11 case, considering entire Prospectus, including portions not cited in complaint).

A court should consider the full text of such documents, even when the complaint relies

on selected portions. *See Bare Escentuals*, 745 F. Supp. 2d at 1066 (Where plaintiff "references and relies on a particular document as part of the … complaint," the court is "justified in looking outside the four corners of the complaint, to the document itself if offered."); *Equinix*, 2012 WL 685344, at *5 n.4 ("Where a plaintiff fails to attach to the complaint the documents upon which the complaint is premised, a defendant may attach such documents in order to show that they do not support the plaintiff's claim."); *Osher v. JNI Corp.*, 308 F. Supp. 2d. 1168, 1186 (S.D. Cal. 2004), *aff'd in relevant part*, 183 F. App'x 604 (9th Cir. 2006) (considering full document, not only portion plaintiffs "selectively quote"). Consequently, since the entirety of a document cited by a complaint is considered as a matter of law to have been pleaded in the complaint itself, it is axiomatic that all facts and associated inferences contained therein can be considered on a motion to dismiss. *In re Harmonic, Inc. Sec. Litig.*, 163 F. Supp. 2d 1079, 1084 (N.D. Cal. 2001). Indeed, under the strict pleading rules of the PSLRA, all reasonable inferences – including those adverse to plaintiff's theory – both ***can and must*** be considered when weighing the legal sufficiency of a complaint. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 328 (2007); *Gompper v. VISX, Inc*., 298 F.3d 893, 897 (9th Cir. 2002).

**Documents Relating to the PSLRA's Safe Harbor (Exhibits B, D, F, G, H, and N)**

Where (as here) the applicability of the PSLRA's "safe harbor" for forward-looking statements is at issue, the Court must consider SEC filings and other public documents that contain cautionary language relating to such statements. *See* 15 U.S.C. § 78u-5(e) (requiring court to consider "any cautionary statement accompanying the forward-looking statement, which [is] not subject to material dispute, cited by the defendant"); *In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857, 864 (N.D. Cal. 2004) (same).

**Imperva's Closing Stock Price (Exhibit I)**

A court may also take judicial notice of tables created by counsel summarizing information contained in other judicially noticeable documents. *DeMarco v. DepoTech Corp.*, 149 F. Supp. 2d 1212, 1218 (S.D. Cal. 2001); *see also* Fed. R. Evid. 1006. In particular, a court may take judicial notice of a company's historical stock prices. *Bank of Stockton v. Verizon Commc'ns, Inc.*, 375 F. App'x 746, 747 (9th Cir. 2010) (granting request for judicial notice of

publicly reported stock prices); *see also Copper Mountain*, 311 F. Supp. 2d at 864 ("Information about the stock price of publicly traded companies [is] the proper subject of judicial notice.") (citing *Ganino v. Citizens Utilities Co.*, 228 F.3d 154, 166 n.8 (2d Cir.2000)); *In re VeriFone Sec. Litig.*, 784 F. Supp. 1471, 1475 n.2 (N.D. Cal. 1992), *aff'd*, 11 F.3d 865 (9th Cir. 1993) (taking judicial notice of daily closing stock prices).

**Press Releases, Investor Forums and Earnings Call Transcript (Exhibits A, C, E, G, J-N, P-Q, U-X, and Z)**

In securities cases (such as this one) where plaintiffs allege that the so-called "fraud on the market" doctrine is applicable (TAC ¶ 135), courts may take judicial notice of other publicly available information about a company, such as press releases, investor forums and earnings conference call transcripts. *See Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (appropriate to take judicial notice of news articles on motion to dismiss); *SEC v. Mozilo*, 2009 WL 3807124, at *7 n.2 (C.D. Cal. Nov. 3, 2009) (taking judicial notice of, *inter alia* "transcripts of earnings conference calls and investor forums, newspaper articles"); *In re Am. Apparel Inc. S'holder Litig.*, 855 F. Supp. 2d 1043, 1062 (C.D. Cal. 2012) ("Taking judicial notice of news reports and press releases is appropriate for show[ing] 'that the market was aware of the information contained in news articles.'") (quoting *Heliotrope*, 189 F.3d at 981, n.18); *Copper Mountain*, 311 F. Supp. 2d at 864 (judicial notice of company press release).

For the reasons set forth above, the Court should take judicial notice of Exhibits A through Z to the Bretan Declaration.

Dated: February 10, 2016         FENWICK & WEST LLP

By: /s/ *Jennifer C. Bretan*
　　　Jennifer C. Bretan, Esq.

Attorneys for Defendants Imperva, Inc.,
Shlomo Kramer and Terrence J. Schmid