SUSAN S. MUCK (CSB No. 126930)
smuck@fenwick.com
DEAN KRISTY (CSB No. 157646)
dkristy@fenwick.com
JENNIFER C. BRETAN (CSB No. 233475)
jbretan@fenwick.com
GUINEVERE JOBSON (CSB NO. 251907)
gjobson@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone: (415) 875.2300
Facsimile:  (415) 281.1350

Attorneys for Defendants Imperva, Inc.,
Shlomo Kramer and Terrence J. Schmid

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

|  |  |
|---|---|
| VISWANATH V. SHANKAR, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>IMPERVA, INC., SHLOMO KRAMER and TERRENCE J. SCHMID,<br><br>Defendants. | Case No.: 14-CV-01680 PJH<br><br><u>CLASS ACTION</u><br><br>**DEFENDANTS' SECOND AMENDED ANSWER TO THE THIRD AMENDED COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED**<br><br>Judge:     Hon. Phyllis J. Hamilton<br>Action Filed:  April 11, 2014 |

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Consistent with the Court's September 1, 2016 Order, Defendants hereby file this second amended answer to Lead Plaintiff's Third Amended Complaint for Violation of the Federal Securities Laws (the "TAC").

Except as expressly admitted herein, Defendants deny the allegations set forth in the TAC. Paragraph numbers in this Answer and the responses contained herein correspond and respond to the allegations in the like-numbered paragraphs of the TAC. To the extent the paragraphs in the TAC are grouped under headings and sub-headings, Defendants respond generally that such headings and sub-headings (which are not repeated below) state unsupported legal conclusions as to which no response is required. To the extent a response is necessary, Defendants deny each heading and sub-heading in the TAC and incorporate by reference this response in each paragraph below as if fully set forth therein. To the extent Defendants respond that a document speaks for itself, such an assertion shall not be deemed to be an admission that the contents of any such document are truthful, accurate or complete.

The Court's May 16, 2016 Order dismissed all claims against Shlomo Kramer under §10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and all claims based on statements regarding Imperva's financial guidance for the first quarter of 2014. [Dkt. No. 74]. Accordingly, no response to any claims or allegations based on statements by Mr. Kramer or regarding Imperva's financial guidance for the first quarter of 2014 is required, including to the extent such allegations incorporate any footnotes or charts.

Subject to the foregoing, Defendants answer as follows:

1.     Defendants admit that Plaintiff purports to bring a putative securities class action under the Exchange Act on behalf of purchasers or acquirers of the securities of Imperva and admit that Plaintiff purports to represent a class beginning May 2, 2013 and ending April 9, 2014. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 1 of the TAC.

2.     Defendants admit that in the first four sentences of Paragraph 2 of the TAC Plaintiff purports to paraphrase allegations that it made in its Amended Complaint for Violation of the Federal Securities Laws (the "AC"). [Dkt. No. 33]. Defendants admit that in the second

and third sentences of Paragraph 2 of the TAC Plaintiff purports to paraphrase and quote selectively and out of context certain unidentified statements, which statements, if identified, would speak for themselves. As to the third sentence of Paragraph 2 of the TAC, Defendants lack knowledge and information sufficient to assess Plaintiff's characterization of analysts' understandings, thoughts or impressions, and on that basis deny each and every allegation therein. Defendants aver that allegations in the fifth sentence of Paragraph 2 of the TAC constitute, at least in part, a representation concerning Imperva's stock prices, which are a matter of public record and which speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 2 of the TAC.

3. Defendants admit that Imperva is a company that was founded by Mr. Kramer; that Imperva's product lines includes SecureSphere and Incapsula, Inc. ("Incapsula"), and that Imperva is in the cyber-security business. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 3 of the TAC.

4. Defendants admit that in the second, fourth, and sixth sentences of Paragraph 4 of the TAC Plaintiff purports to paraphrase and quote selectively and out of context certain unidentified statements, which statements, if identified, would speak for themselves. Defendants further admit that in the tenth sentence and block quote of Paragraph 4 and footnotes 2 and 3 of the TAC Plaintiff purports to paraphrase and quote selectively and out of context statements from earnings calls on February 5, 2015 and May 7, 2015, which statements speak for themselves. As to footnote 1 of the TAC, Defendants admit that Plaintiff filed the AC on October 10, 2014 and that Mr. Bettencourt participated in the Q3 2014 earnings call on October 30, 2014. Defendants admit that Plaintiff purports to refer to various additional conferences enumerated in footnote 1 of Paragraph 4. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 4 and footnotes 1, 2, and 3 of the TAC.

5. Defendants admit that in the second sentence of Paragraph 5 and footnote 4 of the TAC, Plaintiff purports to reference, paraphrase and quote selectively and out of context, certain statements from an August 12, 2015 Oppenheimer Technology, Internet & Communications Conference. Defendants further admit that in the third and fourth sentences of Paragraph 5 and

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

footnote 5 of the TAC, Plaintiff purports to reference, paraphrase and quote selectively and out of context, certain statements from a June 2, 2015 Stephens Inc. New York Conference. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 5 and footnotes 4 and 5 of the TAC.

6. Defendants deny each and every allegation in Paragraph 6 of the TAC.

7. Defendants lack knowledge and information sufficient to assess Plaintiff's characterization of customers' decision-making, and on that basis deny each and every allegation of the fifth sentence of Paragraph 7 of the TAC. Defendants admit that in the fourth sentence of Paragraph 7 of the TAC Plaintiff purports to characterize, paraphrase and quote selectively and out of context certain unidentified statements. Except as so expressly stated and admitted, Defendants deny each and every allegation in Paragraph 7 of the TAC.

8. Defendants admit that Imperva publicly disclosed that IBM is a competitor in the market for database security products. Defendants admit that in the fifth sentence of Paragraph 8 of the TAC Plaintiff purports to characterize and quote selectively and out of context certain unidentified statements. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 8 of the TAC.

9. No response is required to the allegations regarding Mr. Kramer in Paragraph 9 of the TAC because the Court dismissed all claims brought against Mr. Kramer under §10(b) of the Exchange Act. To the extent any response is required, Defendants admit that Mr. Kramer caused to be publicly reported certain stock sales on Forms 4, which documents speak for themselves and further admit that Mr. Kramer was an investor in Trusteer. As to the sixth sentence of Paragraph 9 of the TAC, Defendants admit that Plaintiff purports to paraphrase and quote selectively and out of context certain statements from a March 7, 2014 ZDnet article. As to footnote 6 of Paragraph 9 of the TAC, Defendants admit that Plaintiff purports to refer to fiscal quarters and years in abbreviated forms such as "1Q14" or "FY14" and that, during the alleged class period, its fiscal year was measured by the calendar year. Except as so expressly stated and admitted, Defendants deny each and every allegation in Paragraph 9 and footnote 6 of the TAC.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10. No response is required to the allegations regarding Mr. Kramer in Paragraph 10 of the TAC because the Court dismissed all claims brought against Mr. Kramer under §10(b) of the Exchange Act. To the extent any response is required, Defendants lack knowledge and information sufficient to assess Plaintiff's characterization of IBM's business and strategies, or purported statements by Trusteer's CEO, and on that basis deny each and every allegation of the first and sixth sentences of Paragraph 10 of the TAC. Defendants admit that in the second and third sentences of Paragraph 10 and footnote 7 of the TAC Plaintiff purports to characterize, reference, paraphrase and quote selectively and out of context certain statements from a June 10, 2015 William Blair Annual Growth Stock Conference. Except as so expressly stated and admitted, Defendants deny each and every allegation in Paragraph 10 and footnote 7 of the TAC.

11. No response is required to the allegations regarding Mr. Kramer in the second sentence of Paragraph 11 of the TAC because the Court dismissed all claims brought against Mr. Kramer under §10(b) of the Exchange Act. To the extent any response is required, Defendants admit that Mr. Kramer caused to be publicly reported certain stock sales on Forms 4, which documents speak for themselves. Defendants further aver that allegations in the first and second sentences of Paragraph 11 of the TAC constitute, at least in part, a representation concerning Imperva's stock prices, which are a matter of public record and which speak for themselves. Defendants admit that on or about February 6, 2014, Imperva issued quarterly guidance for the first quarter of 2014 and announced acquisitions of Skyfence Networks, Ltd. ("Skyfence") and the remaining shares of Incapsula, which announcements are matters of public record and which speak for themselves. Defendants admit that in the fourth sentence and block quote of Paragraph 11 of the TAC Plaintiff purports to paraphrase and quote selectively and out of context certain statements from an August 10, 2015 Pacific Crest Global Technology Leadership Forum, which statements speak for themselves. Except as so expressly stated and admitted, Defendants deny each and every allegation in Paragraph 11 of the TAC.

12. No response is required to Paragraph 12 of the TAC because the Court dismissed all claims based on allegations regarding Imperva's financial guidance. Furthermore, no response is required to Paragraph 12 of the TAC to the extent it contains Plaintiff's characterization of

Imperva's growth. To the extent any response is required, Defendants aver that the third and fifth sentences on Paragraph 12 contain representations regarding Imperva's financial performance and growth, which are matters of public record and which speak for themselves. Defendants admit that in the fourth sentence of Paragraph 12 and footnote 8 of the TAC, Plaintiff purports to characterize and quote selectively and out of context certain statements from the May 2, 2013 Imperva earnings call, which statements speak for themselves. Defendants admit that in the sixth sentence of Paragraph 12 and footnote 9 of the TAC Plaintiff purports to quote selectively and out of context a statement from the October 30, 2014 Imperva earnings call, which statement speaks for itself. Defendants admit that in the seventh sentence of Paragraph 12 and footnote 10 of the TAC, Plaintiff purports to characterize, paraphrase and quote selectively and out of context certain unidentified statements from a November 19, 2014 UBS Global Technology Conference. Except as so expressly stated and admitted, Defendants deny each and every allegation in Paragraph 12 and footnotes 8, 9, and 10 of the TAC.

13. Defendants admit that on or about April 7, 2014, Mr. Kramer caused to be publicly reported certain stock sales on Form 4, which document speaks for itself. Defendants admit that in the first, second and third sentences of Paragraph 13 of the TAC, Plaintiff purports to paraphrase and quote selectively and out of context certain statements made on April 9, 2014, which statements speak for themselves. Defendants admit that in the fourth sentence and block quote of Paragraph 13 of the TAC, Plaintiff purports to characterize, paraphrase and quote selectively and out of context certain statements attributed to analysts. Defendants aver that allegations in the fourth sentence of Paragraph 13 of the TAC constitute, at least in part, a representation concerning Imperva's stock prices, which are a matter of public record and which speak for themselves. Except as so expressly stated and admitted, Defendants deny each and every allegation in Paragraph 13 of the TAC.

14. No response is required to the allegations regarding Mr. Kramer in Paragraph 14 of the TAC because the Court dismissed all claims brought against Mr. Kramer under §10(b) of the Exchange Act. To the extent any response is required, Defendants admit that in the second and third sentences of Paragraph 14 of the TAC, Plaintiff purports to quote selectively and out of

context certain unidentified statements. Defendants admit that in Paragraph 14 of the TAC, Plaintiff purports to refer to and characterize certain of Mr. Kramer's stock sales of Imperva, which were caused to be publicly reported on Forms 4, and which documents speak for themselves. Except as so expressly stated and admitted, Defendants deny each and every allegation in Paragraph 14 of the TAC.

15. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's transactions in Imperva stock, and on that basis deny each and every such allegation. Except as so expressly stated, Defendants deny each and every remaining allegation in Paragraph 15 of the TAC.

16. Defendants admit the allegations in Paragraph 16 of the TAC.

17. Defendants admit that during the alleged class period, Mr. Kramer was Imperva's Chairman of the Board, President and CEO. Except as so expressly admitted, Defendants deny each and every remaining allegation in Paragraph 17 of the TAC.

18. Defendants admit that during the alleged class period, Mr. Schmid was Imperva's CFO and remains its CFO. Except as so expressly admitted, Defendants deny each and every remaining allegation in Paragraph 18 of the TAC.

19. Defendants admit that Plaintiff purports to refer to the Defendants enumerated in Paragraphs 17 and 18 as the "Individual Defendants." Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 19 of the TAC.

20. No response is required to the allegations regarding Mr. Kramer in Paragraph 20 of the TAC because the Court dismissed all claims brought against Mr. Kramer under §10(b) of the Exchange Act. To the extent any response is required, Defendants admit that Messrs. Kramer and Schmid were officers of the Company, were involved in the management of the Company, and in the course of performing their duties had access to certain information. Except as so expressly stated and admitted, Defendants deny each and every allegation in Paragraph 20 of the TAC.

21. Defendants admit the allegations in Paragraph 21 of the TAC.

22. No response is required to the allegations regarding Mr. Kramer in Paragraph 22 of the TAC because the Court dismissed all claims brought against Mr. Kramer under §10(b) of the Exchange Act. To the extent any response is required, Defendants admit that Mr. Kramer and Mr. Boodaei were founders of Imperva, and that Mr. Boodaei also founded Trusteer, in which Mr. Kramer was an investor. Defendants further admit that Mr. Kramer and Mr. Boodaei were investors in Skyfence, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations regarding Mr. Boodaei and others in Paragraph 22 of the TAC, and on that basis deny each and every further allegation therein. Except as so expressly stated and admitted, Defendants deny each and every allegation in Paragraph 22 of the TAC.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the TAC regarding Exabeam, and on that basis deny each and every allegation therein, except Defendants admit that Messrs. Polak, Gil, and Pisani were previously employed at Imperva and further admit that Mr. Pisani was Senior Vice President of Worldwide Sales at Imperva. Except as so expressly stated and admitted, Defendants deny each and every allegation in Paragraph 23 of the TAC.

24. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding F5 Networks, Inc. in Paragraph 24 of the TAC, and on that basis deny each and every allegation therein, except Defendants admit that Imperva publicly disclosed that F5 Networks, Inc. is one of its competitors. Except as so expressly stated and admitted, Defendants deny each and every allegation in Paragraph 24 of the TAC.

25. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Mr. Gil in Paragraph 25 of the TAC, and on that basis deny each and every allegation therein, except admit that Mr. Gil is the former Senior Director of Product Management at Imperva. Except as so expressly stated and admitted, Defendants deny each and every allegation in Paragraph 25 of the TAC.

26. No response is required to the allegations regarding Mr. Kramer in Paragraph 26 of the TAC because the Court dismissed all claims brought against Mr. Kramer under §10(b) of the Exchange Act. To the extent a response is required, Defendants admit that Mr. Kramer was

an investor in Trusteer and was also an investor in Worklight. Defendants further admit that Imperva publicly disclosed that IBM is a competitor in the market for database security products. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding IBM in the first and second sentences of Paragraph 26 of the TAC, and on that basis deny each and every allegation therein. Except as so expressly stated and admitted, Defendants deny each and every allegation in Paragraph 26 of the TAC.

27.     Defendants admit that Imperva has a cloud-based product called Incapsula and that Gur Shatz was formerly employed by a subsidiary of Imperva in product development. Defendants further admit that on or about February 6, 2014, Imperva announced its acquisition of the remaining shares of Incapsula. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 27 of the TAC.

28.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Mr. Pisani in Paragraph 28 of the TAC, and on that basis deny each and every allegation therein, except Defendants admit that Mr. Pisani was the former SVP Worldwide Sales at Imperva until the end of the second quarter of 2014. Except as so expressly stated and admitted, Defendants deny each and every allegation in Paragraph 28 of the TAC.

29.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the TAC regarding Mr. Polak or Mr. Gil, and on that basis deny each and every allegation except Defendants admit that Mr. Polak was the former VP of Corporate Strategy at Imperva. Except as so expressly stated and admitted, Defendants deny each and every allegation in Paragraph 29 of the TAC.

30.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the TAC regarding Mr. Schulman, and on that basis deny each and every allegation, except Defendants admit that Mr. Shulman is a co-founder and CTO of Imperva and was an investor in Skyfence. Except as so expressly stated and admitted, Defendants deny each and every allegation in Paragraph 30 of the TAC.

31.     No response is required to the allegations regarding Mr. Kramer in Paragraph 31 of the TAC because the Court dismissed all claims brought against Mr. Kramer under §10(b) of

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

the Exchange Act. To the extent a response is required, Defendants admit that Imperva announced on or about February 6, 2014 that it would acquire Skyfence, which statement speaks for itself, and that Mr. Kramer, Mr. Boodaei and Mr. Shulman were Skyfence shareholders. Except as so expressly stated and admitted, Defendants deny each and every allegation in Paragraph 31 of the TAC.

32.     No response is required to the allegations regarding Mr. Kramer in Paragraph 32 of the TAC because the Court dismissed all claims against Mr. Kramer under §10(b) of the Exchange Act. To the extent a response is required, Defendants admit that Mr. Boodaei is a co-founder of Trusteer and was its CEO. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32 of the TAC regarding Trusteer, and on that basis deny each and every allegation. Except as so expressly stated and admitted, Defendants deny each and every allegation in Paragraph 32 of the TAC.

33.     Defendants admit the allegations in the first, second and third sentences of Paragraph 33 of the TAC. Defendants further admit that in the second sentence of Paragraph 33 of the TAC, and in footnote 11, Plaintiff purports to describe various pillars of data security. Defendants admit that in the fourth sentence of Paragraph 33 of the TAC Plaintiff purports to characterize, paraphrase and quote selectively and out of context certain unidentified statements, which statements, if identified, would speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 33 and footnote 11 of the TAC.

34.     Defendants admit that Imperva conducts research and development activities in Israel. Defendants admit the allegations in the second sentence of Paragraph 34 of the TAC. As to the third, fourth, and fifth sentences of Paragraph 34 of the TAC, Defendants admit that Imperva sells several products including SecureSphere, which includes physical and virtual network appliances, and Incapsula and Skyfence, which are cloud-based service offerings. As to footnote 12 of Paragraph 34 of the TAC, Defendants admit that Skyfence was acquired by Imperva during the alleged class period and admits that Plaintiff purports to paraphrase and quote selectively and out of context certain unidentified statements, which statements, if identified, would speak for themselves. As to the sixth and seventh sentences of Paragraph 34 of the TAC,

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Defendants admit that throughout the alleged class period, Imperva publicly disclosed total net revenues, products and license revenues standalone, products and license revenues together with subscription revenues, and services revenues, but not product-specific revenues, which statements speak for themselves.  As to the eighth sentence of Paragraph 34 of the TAC, Defendants admit that subscription revenue is recognized ratably over the life of a contract.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 34 and footnote 12 of the TAC.

35.     Defendants admit that the market in which Imperva competes is highly competitive and that its competitors, across various product lines, include, among others, IBM, Akamai Technologies, Inc., and CloudFlare.  Defendants admit that in the third and fourth sentences of Paragraph 35 of the TAC, Plaintiff purports to paraphrase and quote selectively and out of context certain unidentified statements, which statements, if identified, would speak for themselves.  As to the fifth sentence of Paragraph 35 of the TAC, Defendants lack knowledge and information sufficient to assess Plaintiff's characterization of the nature of cyber-security, and on that basis deny each and every allegation therein.  Except as so expressly stated and admitted, Defendants deny each and every allegation in Paragraph 35 of the TAC.

36.     No response is required to the allegations regarding Mr. Kramer in Paragraph 36 of the TAC because the Court dismissed all claims brought against Mr. Kramer under §10(b) of the Exchange Act.  To the extent any response is required, Defendants admit that Mr. Kramer is one of the founders of Imperva and further admit that Mr. Kramer founded, co-founded, or was an investor in other data security companies, including Worklight.  Defendants further admit that in the second sentence of Paragraph 36 and footnote 13 of the TAC Plaintiff purports to paraphrase and quote selectively and out of context statements made in an August 2013 *Globes* article and September 2013 Forbes.com article.  As to the third sentence of Paragraph 36, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's characterization of Mr. Kramer's net worth, and on that basis deny each and every such allegation.  As to the fourth sentence of Paragraph 36 of the TAC, Defendants admit that IBM is

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

one of its competitors.   Except as so expressly stated and admitted, Defendants deny each and every allegation in Paragraph 36 and footnote 13 of the TAC.

37.     No response is required to the allegations regarding Mr. Kramer in Paragraph 37 of the TAC because the Court dismissed all claims brought against Mr. Kramer under §10(b) of the Exchange Act.  To the extent any response is required, as to the first sentence of Paragraph 37 of the TAC, Defendants lack knowledge and information sufficient to assess Plaintiff's characterizations of the Israeli cyber-security industry and on that basis deny each and every allegation therein.  Defendants admit that in the second and third sentences of Paragraph 37 of the TAC, Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made in a Bloomberg article and February 10, 2014 *TechWorld* article.  Except as so expressly stated and admitted, Defendants deny each and every allegation in Paragraph 37 of the TAC.

38.     Defendants lack knowledge and information sufficient to assess the allegations in Paragraph 38 of the TAC regarding Plaintiff's characterizations of the cyber-security industry and IBM's business and on that basis deny each and every allegation therein.  As to the second sentence of Paragraph 38 of the TAC, Defendants admit that IBM is one of Imperva's competitors.  Except as so expressly stated and admitted, Defendants deny each and every allegation in Paragraph 38 of the TAC.

39.     No response is required to the allegations in Paragraph 39 of the TAC, to the extent the allegations relate to Mr. Kramer,  because the Court dismissed all claims brought against Mr. Kramer under §10(b) of the Exchange Act.  To the extent a response is required, Defendants admit that in November 2011, Imperva completed its IPO and that the initial public offering price was $18.00 per share.  As to the second and third sentences of Paragraph 39 of the TAC, Defendants lack knowledge or information sufficient to assess Plaintiff's characterization of analysts' understanding, thoughts or impressions, and on that basis deny each and every allegation therein.  Defendants admit that in the fourth sentence of Paragraph 39 of the TAC, Plaintiff purports to characterize, paraphrase and quote selectively and out of context certain unidentified statements from February 2012, which statements, if identified, would speak for

themselves. Defendants aver that allegations in the fifth sentence of Paragraph 39 of the TAC constitute, at least in part, a representation concerning Imperva's stock prices, which are a matter of public record and which speak for themselves. Defendants admit that in the sixth sentence of Paragraph 39 of the TAC, Plaintiff purports to characterize, paraphrase and quote selectively and out of context certain analyst statements. Except as so expressly stated and admitted, Defendants deny each and every allegation in Paragraph 39 of the TAC.

40.     Defendants admit that Imperva reported its first quarter 2012 financial results on or about May 3, 2012, which results speak for themselves. Defendants admit that in the second sentence of Paragraph 40 of the TAC, Plaintiff purports to characterize, paraphrase, and quote selectively and out of context certain unidentified statements, which statements, if identified, would speak for themselves. Defendants aver that allegations in the third sentence of Paragraph 40 of the TAC constitute, at least in part, a representation concerning Imperva's stock prices, which are a matter of public record and which speak for themselves. Except as so expressly stated and admitted, Defendants deny each and every allegation in Paragraph 40 of the TAC.

41.     Defendants admit that in the second sentence of Paragraph 41 of the TAC, Plaintiff purports to characterize, paraphrase and quote selectively and out of context certain September 6, 2012 statements, which statements speak for themselves. As to the third sentence of Paragraph 41 of the TAC, Plaintiff purports to quote selectively and out of context certain unidentified statements, which statements, if identified, would speak for themselves. As to the fourth sentence of Paragraph 41 of the TAC, Defendants admit that Imperva issued press releases, and that certain Imperva representatives participated in conference calls, and went to roadshows during the alleged class period. Defendants aver that allegations in the fifth sentence of Paragraph 41 of the TAC constitute, at least in part, a representation concerning Imperva's stock prices, which are a matter of public record and which speak for themselves. Except as so expressly stated and admitted, Defendants deny each and every allegation in Paragraph 41 of the TAC.

42.     Defendants admit that in the second sentence and block quote of Paragraph 42 of the TAC, Plaintiff purports to paraphrase and quote selectively and out of context certain statements from a March 7, 2013 Wedbush Technology, Media Telecommunication Management

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  Access Conference.  Except as so expressly admitted, Defendants deny each and every allegation

2  in Paragraph 42 of the TAC.

3         43.     No response is required to the allegations regarding Mr. Kramer in Paragraph 43

4  of the TAC because the Court dismissed all claims brought against Mr. Kramer under §10(b) of

5  the Exchange Act.  To the extent any response is required, Defendants admit that in the first three

6  sentences of Paragraph 43 of the TAC, Plaintiff purports to paraphrase and quote selectively and

7  out of context certain statements from a March 7, 2013 Wedbush Technology, Media

8  Telecommunication Management Access Conference. As to the last sentence of Paragraph 43 of

9  the TAC, Defendants lack knowledge and information sufficient to assess Plaintiff's

10  characterization of the market and on that basis deny each and every allegation therein.  Except as

11  so expressly stated and admitted, Defendants deny each and every allegation in Paragraph 43 of

12  the TAC.

13         44.     No response is required to the allegations in Paragraph 44 of the TAC because the

14  Court dismissed all claims brought against Mr. Kramer under §10(b) of the Exchange Act.  To the

15  extent a response is required, Defendants admit that Imperva reported its first quarter 2013

16  financial results on or about May 2, 2013, which statements speak for themselves.  Defendants

17  further admit that in Paragraph 44 and the block quote of the TAC, Plaintiff purports to

18  paraphrase and quote selectively and out of context certain statements from Imperva's May 2,

19  2013 earnings press release and May 2, 2013 earnings call, which statements speak for

20  themselves. Except as so expressly admitted, Defendants deny each and every allegation in

21  Paragraph 44 of the TAC.

22         45.     As to the first sentence of Paragraph 45 of the TAC, Defendants lack knowledge

23  and information sufficient to assess Plaintiff's characterization of the market's response and on

24  that basis deny each and every allegation therein.  Defendants aver that allegations in the second

25  and third sentences of Paragraph 45 of the TAC constitute, at least in part, a representation

26  concerning Imperva's stock prices, which are a matter of public record and which speak for

27  themselves.  Except as so expressly stated, Defendants deny each and every allegation in

28  Paragraph 45 of the TAC.

46. Defendants admit that in Paragraph 46 of the TAC, Plaintiff purports to paraphrase and quote selectively and out of context certain statements made at a May 21, 2013 B. Riley & Co. Investor Conference, which statements speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 46 of the TAC.

47. No response is required to the allegations in Paragraph 47 and footnote 14 of the TAC, to the extent the allegations relate to Mr. Kramer, because the Court dismissed all claims brought against Mr. Kramer under §10(b) of the Exchange Act. To the extent a response is required, Defendants admit that in the first and second sentences of Paragraph 47 and footnote 14 of the TAC, Plaintiff purports to paraphrase and quote selectively and out of context certain statements made on February 9, 2012, September 6, 2012, March 7, 2013, and May 2, 2013, and statements made at a May 21, 2013 B. Riley & Co. Investor Conference, which statements speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 47 and footnote 14 of the TAC.

48. As to the second and last sentences of Paragraph 48 of the TAC, Defendants lack knowledge and information sufficient to assess Plaintiff's characterization of the reasons for potential customers' vendor decisions and on that basis deny each and every allegation therein. Defendants admit that in the second sentence of Paragraph 48 of the TAC, Plaintiff purports to paraphrase and quote selectively and out of context certain statements made in an October 2013 Gartner report. As to the third sentence of Paragraph 48 of the TAC, Defendants admit that Plaintiff purports to characterize and paraphrase certain unidentified statements made by Mr. Schmid. Except as so expressly stated and admitted, Defendants deny each and every allegation in Paragraph 48 of the TAC.

49. No response is required to the allegations regarding Mr. Kramer in Paragraph 49 of the TAC because the Court dismissed all claims brought against Mr. Kramer under §10(b) of the Exchange Act. To the extent a response is required, Defendants deny each and every allegation therein. Defendants admit that in the third sentence of Paragraph 49 of the TAC Plaintiff purports to paraphrase and quote selectively and out of context certain unidentified

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    statements, which, if identified, would speak for themselves. Except as so expressly stated and

2    admitted, Defendants deny each and every allegation in Paragraph 49 of the TAC.

3        50.    Defendants admit that on or about August 7, 2013, Imperva announced its second

4    quarter 2013 financial results, including $31.3 million total revenue, up 28% year-over-year,

5    which statements speak for themselves. Defendants admit that in the third sentence of Paragraph

6    50 of the TAC, Plaintiff purports to paraphrase and quote selectively and out of context certain

7    statements from the August 7, 2013 earnings press release, which statements speak for

8    themselves. Except as so expressly stated and admitted, Defendants deny each and every

9    allegation in Paragraph 50 of the TAC.

10       51.    Defendants admit that in the first, fourth, fifth and sixth sentences and block quote

11   of Paragraph 51 of the TAC, Plaintiff purports to characterize, paraphrase, and quote selectively

12   and out of context certain August 7, 2013 statements, which statements speak for themselves.

13   Except as so expressly stated and admitted, Defendants deny each and every allegation in

14   Paragraph 51 of the TAC.

15       52.    No response is required to the allegations in Paragraph 52 of the TAC, to the

16   extent the allegations relate to Mr. Kramer,  because the Court dismissed all claims brought

17   against Mr. Kramer under §10(b) of the Exchange Act.  To the extent a response is required,

18   Defendants admit that in the first sentence of Paragraph 52 of the TAC, Plaintiff purports to quote

19   selectively and out of context certain August 7, 2013 statements, which statements speak for

20   themselves. Defendants admit that in the second sentence of Paragraph 52 of the TAC Plaintiff

21   purports to paraphrase selectively and out of context certain statements alleged in Paragraphs 39,

22   41, and 42 of the TAC, which statements speak for themselves.  Except as so expressly stated and

23   admitted, Defendants deny each and every allegation in Paragraph 52 of the TAC.

24       53.    Defendants admit that in the second and fourth sentences of Paragraph 53 of the

25   TAC, Plaintiff purports to quote selectively and out of context certain statements made by Mr.

26   Schmid at an August 14, 2013 Oppenheimer Technology, Internet & Communications

27   Conference, which statements speak for themselves. Defendants aver that allegations in the fifth

28   sentence of Paragraph 53 of the TAC constitute, at least in part, a representation concerning

Imperva's stock prices, which are a matter of public record and which speak for themselves. Except as so expressly stated and admitted, Defendants deny each and every allegation in Paragraph 53 of the TAC.

54. Defendants lack knowledge and information sufficient to form a belief as to the truth of Plaintiff's characterizations and allegations regarding IBM's security solution, and on that basis deny each and every such allegation. Defendants admit that in the seventh and eighth sentences of Paragraph 54 of the TAC Plaintiff purports to quote selectively and out of context certain unidentified statements, which, if identified, would speak for themselves. The ninth sentence and footnote 15 of Paragraph 54 of the TAC calls for a legal conclusion, to which no response is required. Except as so expressly stated and admitted, Defendants deny each and every allegation in Paragraph 54 and footnote 15 of the TAC.

55. Defendants admit that Imperva has publicly disclosed that IBM is one of its competitors in the market for database security products. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 55 of the TAC, and on that basis deny each and every allegation therein. Except as so expressly stated and admitted, Defendants deny each and every allegation in Paragraph 55 of the TAC.

56. No response is required to Paragraph 56 of the TAC, because the Court dismissed all claims brought against Mr. Kramer under §10(b) of the Exchange Act. To the extent any response is required, Defendants admit that Mr. Kramer was a member of the board of directors of Trusteer. Defendants further admit that in the fourth, fifth, sixth, seventh, eighth and ninth sentences of Paragraph 56 of the TAC Plaintiff purports to characterize, paraphrase and quote selectively and out of context certain statements from analysts and others and a March 7, 2014 ZDnet article. Defendants lack knowledge and information sufficient to assess Plaintiff's description and characterization of IBM's acquisition of Trusteer, and on that basis deny each and every such allegation therein. Except as so expressly stated and admitted, Defendants deny each and every allegation in Paragraph 56 of the TAC.

57. As to the first sentence of Paragraph 57 of the TAC, Defendants lack knowledge and information sufficient to assess Plaintiff's characterization of IBM's competitive position,

and on that basis deny each and every allegation therein. Defendants admit that in the second sentence of Paragraph 57 and footnote 16 of the TAC, Plaintiff purports to identify, paraphrase and quote selectively and out of context statements from a June 10, 2015 William Blair Annual Growth Stock Conference, which statements speak for themselves. Except as so expressly stated and admitted, Defendants deny each and every allegation in Paragraph 57 of the TAC.

58. As to the first four sentences of Paragraph 58 of the TAC, Defendants lack knowledge and information sufficient to assess Plaintiff's characterization of IBM's business plans and strategies, and on that basis deny each and every allegation therein. Defendants admit that in the fifth sentence and block quote of Paragraph 58 of the TAC, Plaintiff purports to paraphrase and quote selectively and out of context certain August 14, 2013 statements, which statements speak for themselves. Except as so expressly stated and admitted, Defendants deny each and every allegation in Paragraph 58 of the TAC.

59. No response is required to Paragraph 59 of the TAC because the Court dismissed all claims brought against Mr. Kramer under §10(b) of the Exchange Act. To the extent any response is required, Defendants lack knowledge and information sufficient to assess Plaintiff's characterization of IBM's acquisition of Trusteer, business plans and strategies, and on that basis deny each and every allegation therein. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 59 of the TAC.

60. No response is required to Paragraph 60 of the TAC because the Court dismissed all claims brought against Mr. Kramer under §10(b) of the Exchange Act. To the extent a response is required, Defendants deny each and every allegation in Paragraph 60 of the TAC.

61. Defendants admit that in the third sentence of Paragraph 61 of the TAC, Plaintiff purports to characterize, paraphrase and quote selectively and out of context certain unidentified statements, which, if identified, would speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 61 of the TAC.

62. No response is required to the allegations in Paragraph 62 of the TAC, to the extent the allegations relate to Mr. Kramer, because the Court dismissed all claims brought against Mr. Kramer under §10(b) of the Exchange Act. To the extent a response is required,

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  Defendants admit that Imperva reported its third quarter 2013 financial results on or about

2  November 5, 2013, which results speak for themselves. Defendants admit that in the second,

3  third, fourth, and fifth sentences of Paragraph 62 of the TAC, Plaintiff purports to characterize,

4  paraphrase and quote selectively and out of context certain November 5, 2013 statements, which

5  statements speak for themselves. Except as so expressly admitted, Defendants deny each and

6  every allegation in Paragraph 62 of the TAC.

7  63.  Defendants aver that allegations in the second sentence of Paragraph 63 of the

8  TAC constitute, at least in part, a representation concerning Imperva's stock prices, which are a

9  matter of public record and which speak for themselves. Except as so expressly stated,

10  Defendants deny each and every allegation in Paragraph 63 of the TAC.

11  64.  Defendants admit that in the second sentence, third sentence, and block quote of

12  Paragraph 64 of the TAC, Plaintiff purports to characterize, paraphrase and quote selectively and

13  out of context certain statements by Mr. Schmid at a November 20, 2013 UBS Technology

14  Conference, which statements speak for themselves. Except as so expressly admitted, Defendants

15  deny each and every allegation in Paragraph 64 of the TAC.

16  65.  Defendants admit that in the third and fourth sentences of Paragraph 65 of the

17  TAC, Plaintiff purports to characterize, paraphrase and quote selectively and out of context

18  certain statements made by Mr. Schmid at a November 20, 2013 UBS Technology Conference,

19  which statements speak for themselves. Except as so expressly admitted, Defendants deny each

20  and every allegation in Paragraph 65 of the TAC.

21  66.  Defendants admit that in the second sentence, third sentence, and block quote of

22  Paragraph 66 of the TAC, Plaintiff purports to characterize, paraphrase and quote selectively and

23  out of context certain statements made by Mr. Schmid at a December 10, 2013 Raymond James

24  Conference, which statements speak for themselves. Except as so expressly admitted, Defendants

25  deny each and every allegation in Paragraph 66 of the TAC.

26  67.  Defendants lack knowledge and information sufficient to assess Plaintiff's

27  characterization of IBM's security solution offerings, and on that basis deny each and every

28

allegation therein.  Except as so expressly stated, Defendants deny each and every allegation in Paragraph 67 of the TAC.

68.     Defendants admit that throughout the alleged class period, Imperva publicly disclosed total net revenues, products and license revenues standalone, products and license revenues together with subscription revenues, and services revenues, but not product-specific revenues, which statements speak for themselves. Defendants further admit that Imperva publicly disclosed that IBM is a competitor in the market for database security products.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 68 of the TAC.

69.     No response is required to Paragraph 69 of the TAC because the Court dismissed all claims brought against Mr. Kramer under §10(b) of the Exchange Act.  To the extent a response is required, Defendants admit that on or about January 3, 2014 and January 7, 2014, Mr. Kramer caused to be publicly reported certain stock sales on Forms 4, which documents speak for themselves.  Defendants aver that allegations in the first and fourth sentences of Paragraph 69 of the TAC constitute, at least in part, a representation concerning Imperva's stock prices, which are a matter of public record and which speak for themselves.  Except as so expressly stated and admitted, Defendants deny each and every allegation in Paragraph 69 of the TAC.

70.     Defendants admit that on or about February 6, 2014, Imperva reported its fourth quarter 2013 and fiscal year 2013 financial results, which results speak for themselves. Defendants further admit that in the second, third, fourth, and fifth sentences of Paragraph 70 of the TAC, Plaintiff purports to characterize, paraphrase and quote selectively and out of context certain February 6, 2014 statements, which statements speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 70 of the TAC.

71.     No response is required to the allegations in Paragraph 71 of the TAC, to the extent the allegations relate to Mr. Kramer,  because the Court dismissed all claims brought against Mr. Kramer under §10(b) of the Exchange Act.  To the extent a response is required, Defendants admit that in Paragraph 71 of the TAC, Plaintiff purports to paraphrase and quote selectively and out of context certain statements from the February 6, 2014 earnings call, which

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    statements speaks for themselves. Except as so expressly admitted, Defendants deny each and

2    every allegation in Paragraph 71 of the TAC.

3         72.    No response is required to Paragraph 72 of the TAC, to the extent the allegations

4    relate to Mr. Kramer, because the Court dismissed all claims brought against Mr. Kramer under

5    §10(b) of the Exchange Act.  To the extent a response is required, Defendants admit that on or

6    about February 6, 2014, Imperva announced its acquisitions of Skyfence and the remaining shares

7    of Incapsula, which announcements are a matter of public record and speak for themselves, and

8    that those acquisitions were originally to be funded with Imperva stock.  Defendants further admit

9    that the Skyfence agreement was later amended to provide for the transaction to be funded by a

10   combination of cash and stock, which amendment was publicly disclosed and which statements

11   speak for themselves.  As to the fifth sentence of Paragraph 72 of the TAC, Defendants admit that

12   Plaintiff purports to quote selectively and out of context certain unidentified statements, which

13   statements, if identified, would speak for themselves and also calls for a legal conclusion, to

14   which no response is required.  Except as so expressly admitted, Defendants deny each and every

15   allegation in Paragraph 72 of the TAC.

16        73.    Defendants admit that in the second, sixth, eighth, ninth and tenth sentences of

17   Paragraph 73 of the TAC, Plaintiff purports to paraphrase and quote selectively and out of context

18   certain unidentified statements, which, if identified, would speak for themselves. As to the fifth

19   and seventh sentences of Paragraph 73 of the TAC, Defendants admit that Plaintiff purports to

20   paraphrase and quote selectively and out of context certain unidentified statements by analysts.

21   As to allegations in the sixth sentence of Paragraph 73 of the TAC, Defendants admit that

22   subscription revenue is not recognized immediately.  Except as so expressly stated and admitted,

23   Defendants deny each and every allegation in Paragraph 73 of the TAC.

24        74.    Defendants admit that in Paragraph 74 of the TAC, Plaintiff purports to quote

25   selectively and out of context certain statements made by Mr. Schmid at a March 5, 2014 Morgan

26   Stanley Technology, Media & Telecom Conference, which statements speak for themselves.

27   Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 74 of

28   the TAC.

75.     Defendants admit that in the third sentence of Paragraph 75 of the TAC, Plaintiff purports to paraphrase and quote selectively and out of context certain unidentified statements made by an analyst, which statements, if identified, would speak for themselves. Defendants lack knowledge and information sufficient to assess Plaintiff's characterization of the analyst's understandings, thoughts or impressions, and on that basis deny each and every allegation therein. Defendants admit that in the fourth sentence of Paragraph 75 of the TAC, Plaintiff purports to characterize, paraphrase and quote selectively and out of context certain unidentified statements, which statements, if identified, would speak for themselves. As to the sixth and seventh sentences in Paragraph 75 of the TAC, no response is required because the Court dismissed all claims based on allegations regarding Imperva's financial guidance.   To the extent any response is required, and except as so expressly stated and admitted, Defendants deny each and every allegation in Paragraph 75 of the TAC.

76.     No response is required to Paragraph 76 of the TAC because the Court dismissed all claims brought against Mr. Kramer under §10(b) of the Exchange Act.  To the extent any response is required, Defendants admit that on or about April 2, 2014 and April 7, 2014, Mr. Kramer caused to be publicly reported certain stock sales on Forms 4, which documents speak for themselves.  Defendants admit that on or about February 6, 2014, Imperva announced its fourth quarter and full year 2013 financial results, which are a matter of public record and which results speak for themselves.  Defendants admit that on or about February 6, 2014, Imperva announced its acquisitions of Skyfence and the remaining shares of Incapsula, which statements are a matter of public record and speak for themselves.  Defendants aver that allegations in the first, fourth, and sixth sentences of Paragraph 76 of the TAC constitute, at least in part, a representation concerning Imperva's stock prices, which are a matter of public record and which speak for themselves.  As to the last sentence of Paragraph 76 of the TAC, Defendants admit that throughout the alleged class period, Imperva publicly disclosed total net revenues, products and license revenues standalone, products and license revenues together with subscription revenues, and services revenues, but not product-specific revenues, which statements speak for themselves.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  Except as so expressly stated and admitted, Defendants deny each and every allegation in

2  Paragraph 76 of the TAC.

3       77.     Defendants admit that on April 9, 2014, Imperva announced preliminary financial

4  results for the first quarter of 2014, which statement speaks for itself.  As to the second, third, and

5  fourth sentences of Paragraph 77 of the TAC Plaintiff purports to paraphrase and quote

6  selectively and out of context certain unidentified statements, which, if identified, would speak

7  for themselves.  Defendants aver that allegations in the fifth and sixth sentences of Paragraph 77

8  of the TAC constitute, at least in part, a representation concerning Imperva's stock prices, which

9  are a matter of public record and which speak for themselves. Except as so expressly stated and

10  admitted, Defendants deny each and every allegation in Paragraph 77 of the TAC.

11       78.     To the extent the first, third, and fourth sentences of Paragraph 78 of the TAC

12  contains Plaintiff's characterization of what Imperva's financial results may have signaled to the

13  market, Defendants lack knowledge and information sufficient to assess Plaintiff's

14  characterizations and on that basis deny each and every allegation therein. Defendants admit that

15  in the second, third and fourth sentences and block quote of Paragraph 78 of the TAC, Plaintiff

16  purports to characterize, paraphrase and quote selectively and out of context certain statements

17  made by analysts.  Except as so expressly stated and admitted, Defendants deny each and every

18  allegation in Paragraph 78 of the TAC.

19       79.     Defendants lack knowledge and information sufficient to assess Plaintiff's

20  characterization of IBM's business plans and strategies in Paragraph 79 of the TAC, and on that

21  basis deny each and every allegation therein.  Defendants admit that in the second and third

22  sentences and block quote of Paragraph 79 of the TAC, Plaintiff purports to paraphrase and quote

23  selectively and out of context certain unidentified statements from May 5, 2014.  Except as so

24  expressly stated and admitted, Defendants deny each and every allegation in Paragraph 79 of the

25  TAC.

26       80.     Defendants lack knowledge and information sufficient to assess Plaintiff's

27  characterization of routine company practices in the second sentence of Paragraph 80 of the TAC

28  and IBM's business plans and strategies in the third sentence of Paragraph 80 of the TAC, and on

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

that basis deny each and every allegation therein. Defendants admit that in the third sentence of Paragraph 80 of the TAC, Plaintiff purports to paraphrase selectively and out of context certain unidentified statements from a February 25, 2014 announcement. Except as so expressly stated and admitted, Defendants deny each and every allegation in Paragraph 80 of the TAC.

81. No response is required to the allegations regarding Mr. Kramer in Paragraph 81 of the TAC because the Court dismissed all claims brought against Mr. Kramer under §10(b) of the Exchange Act. To the extent any response is required, Defendants admit that on or about April 1, 2014, Imperva announced that Mr. Pisani, its SVP of Worldwide Sales, would be departing at the end of the second quarter of 2014. Defendants lack knowledge and information sufficient to assess Plaintiff's characterization and allegations regarding Exabeam in Paragraph 81 of the TAC, and on that basis deny each and every allegation therein. Except as so expressly stated and admitted, Defendants deny each and every allegation in Paragraph 81 of the TAC.

82. Defendants lack knowledge and information sufficient to assess Plaintiff's characterization and allegations regarding Exabeam in Paragraph 82 of the TAC, and on that basis deny each and every allegation therein. Defendants admit that Mr. Polak, Mr. Gil, and Mr. Pisani were previously employed at Imperva. Except as so expressly stated and admitted, Defendants deny each and every allegation in Paragraph 82 of the TAC.

83. No response is required to the allegations regarding Mr. Kramer in Paragraph 83 of the TAC because the Court dismissed all claims brought against Mr. Kramer under §10(b) of the Exchange Act. To the extent any response is required, Defendants admit that on or about August 18, 2014, Imperva announced that it appointed Mr. Bettencourt CEO and that Mr. Kramer would continue to serve as chairman of its board and Chief Strategy Officer. Defendants further admit that on or about July 31, 2014, Imperva announced its second quarter 2014 financial results, which are a matter of public record and which results speak for themselves. As to the second sentence of Paragraph 83 of the TAC, Defendants admit that Plaintiff purports to quote selectively and out of context certain statements from an August 18, 2014 *San Jose Mercury News* article. Except as so expressly stated and admitted, Defendants deny each and every allegation in Paragraph 83 of the TAC.

84.     Defendants admit that Plaintiff purports to bring this action pursuant to Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder by the SEC, 17 C.F.R. §240.10b-5.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 84 of the TAC.

85.     Defendants admit the allegations in Paragraph 85 of the TAC.

86.     Defendants admit the allegations in the first sentence of Paragraph 86 of the TAC.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 86 of the TAC.

87.     Defendants deny each and every allegation in Paragraph 87 of the TAC.

88.     No response is required to Paragraph 88 of the TAC, because the Court dismissed all claims brought against Mr. Kramer under §10(b) of the Exchange Act.  To the extent any response is required, Defendants admit that on or about May 2, 2013, Imperva announced its first quarter 2013 financial results, which results are a matter of public record and speak for themselves. Defendants admit that in the second sentence and block quote of Paragraph 88 of the TAC, Plaintiff purports to characterize, paraphrase and quote selectively and out of context certain statements from the May 2, 2013 earnings call, which statements speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 88 of the TAC.

89.     Defendants admit that in Paragraph 89 of the TAC, Plaintiff purports to characterize, paraphrase and quote selectively and out of context certain statements by Mr. Schmid at a May 21, 2013 B. Riley & Co. Investor Conference, which statements speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 89 of the TAC.

90.     No response is required to Paragraph 90 of the TAC, to the extent it references alleged statements by Mr. Kramer, because the Court dismissed all claims brought against Mr. Kramer under §10(b) of the Exchange Act.  To the extent any response is required, Defendants admit that throughout the alleged class period, Imperva publicly disclosed total net revenues, products and license revenues standalone, products and license revenues together with

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

subscription revenues, and services revenues, but not product-specific revenues, which statements speak for themselves. As to the fifth sentence and footnote 17 of the TAC, Defendants lack knowledge and information sufficient to assess Plaintiff's purported and enumerated method for calculating SecureSphere revenue, and on that basis deny each and every such allegation. As to the ninth sentence of Paragraph 90 of the TAC, Defendants lack knowledge and information sufficient to assess Plaintiff's characterization of the public's perception, and on that basis deny each and every allegation therein. Except as so expressly stated and admitted, Defendants deny each and every allegation in Paragraph 90 and footnote 17 of the TAC.

91.     Defendants deny each and every allegation in Paragraph 91 of the TAC.

92.     No response is required to Paragraph 92 of the TAC, to the extent it references alleged statements by Mr. Kramer, because the Court dismissed all claims brought against Mr. Kramer under §10(b) of the Exchange Act. To the extent any response is required, Defendants admit that on or about August 7, 2013, Imperva announced its second quarter 2013 financial results. Defendants admit that in the second sentence and block quote of Paragraph 92 of the TAC, Plaintiff purports to characterize, paraphrase and quote selectively and out of context certain statements from the August 7, 2013 earnings call, which statements speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 92 of the TAC.

93.     No response is required to Paragraph 93 of the TAC, to the extent it references alleged statements by Mr. Kramer, because the Court dismissed all claims brought against Mr. Kramer under §10(b) of the Exchange Act. To the extent any response is required, Defendants admit that in the first and second sentences of Paragraph 93 of the TAC, Plaintiff purports to characterize, paraphrase and quote selectively and out of context certain statements alleged in Paragraphs 4, 47-49, 54, 75, and 90-92 of the TAC, which statements speak for themselves. As to the fifth sentence of Paragraph 93 of the TAC, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's characterization of IBM's security solution, and on that basis deny each and every such allegation. Defendants admit that in the seventh sentence of Paragraph 93 and footnote 18 of the TAC, Plaintiff purports to

characterize, paraphrase and quote selectively and out of context certain statements from a June 2, 2015 Stephens Inc., New York Conference, which statements speak for themselves. Except as so expressly stated and admitted, Defendants deny each and every allegation in Paragraph 93 and footnote 18 of the TAC.

94.     No response is required to Paragraph 94 of the TAC, to the extent it references alleged statements by Mr. Kramer, because the Court dismissed all claims brought against Mr. Kramer under §10(b) of the Exchange Act. To the extent any response is required, Defendants admit that on or about November 5, 2013, Imperva announced its third quarter 2013 financial results. Defendants admit that in the second sentence and block quote of Paragraph 94 of the TAC, Plaintiff purports to paraphrase and quote selectively and out of context certain statements from the November 5, 2013 earnings call, which statements speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 94 of the TAC.

95.     Defendants aver that allegations in Paragraph 95 of the TAC constitute, at least in part, a representation concerning Imperva's stock prices, which are a matter of public record and which speak for themselves. As to the first sentence of Paragraph 95 of the TAC, Defendants lack knowledge and information sufficient to assess Plaintiff's characterization of the market's response, and on that basis deny each and every allegation therein. Except as so expressly stated and admitted, Defendants deny each and every allegation in Paragraph 95 of the TAC.

96.     Defendants admit that in the second sentence and block quote of Paragraph 96 of the TAC, Plaintiff purports to characterize, paraphrase and quote selectively and out of context certain statements made by Mr. Schmid at a November 20, 2013 UBS Global Technology Conference, which statements speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 96 of the TAC.

97.     Defendants admit that in Paragraph 97 of the TAC, Plaintiff purports to characterize, paraphrase and quote selectively and out of context certain statements made at a November 20, 2013 UBS Global Technology Conference, which statements speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 97 of the TAC.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

98. Defendants admit that in Paragraph 98 of the TAC, Plaintiff purports to characterize, paraphrase and quote selectively and out of context certain statements made at a December 10, 2013 Raymond James Systems, Semiconductors, Software & Supply Chain Conference, which statements speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 98 of the TAC.

99. Defendants admit that in the first and second sentences of Paragraph 99 of the TAC, Plaintiff purports to characterize, paraphrase and quote selectively and out of context certain statements alleged in Paragraphs 4, 47- 49, 54, 75, 90-91, 93, 94, 96 and 98 of the TAC, which statements speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 99 of the TAC.

100. No response is required to Paragraph 100 of the TAC, to the extent it references alleged statements by Mr. Kramer, because the Court dismissed all claims brought against Mr. Kramer under §10(b) of the Exchange Act. To the extent any response is required, Defendants admit that on or about February 6, 2014, Imperva announced its fourth quarter 2013 and full year 2013 financial results. Defendants admit that in the second sentence, third sentence, and block quote of Paragraph 100 of the TAC, Plaintiff purports to characterize, paraphrase and quote selectively and out of context certain statements from the February 6, 2014 earnings call, which statements speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 100 of the TAC.

101. Defendants aver that allegations in Paragraph 101 of the TAC constitute, at least in part, a representation concerning Imperva's stock prices, which are a matter of public record and which speak for themselves. As to the first sentence of Paragraph 101 of the TAC, Defendants lack knowledge and information sufficient to assess Plaintiff's characterization of the market's response, and on that basis deny each and every allegation therein. Except as so expressly stated and admitted, Defendants deny each and every allegation in Paragraph 101 of the TAC.

102. Defendants admit that in Paragraph 102 of the TAC, Plaintiff purports to characterize and quote selectively and out of context certain statements made at a March 5, 2014

Morgan Stanley Technology Conference, which statements speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 102 of the TAC.

103. No response is required to Paragraph 103 of the TAC, to the extent it references alleged statements by Mr. Kramer, because the Court dismissed all claims brought against Mr. Kramer under §10(b) of the Exchange Act. To the extent any response is required, Defendants admit that in the first and second sentences of Paragraph 103 of the TAC Plaintiff purports to characterize, paraphrase, and quote selectively and out of context certain statements alleged in Paragraphs 4, 47-49, 54, 75, 90-91, 93, 99, 100 and 102 of the TAC, which statements speak for themselves. As to the fourth sentence of Paragraph 103 of the TAC, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's characterization of IBM's security solutions, and on that basis deny each and every such allegation. Defendants admit that in the fifth sentence of Paragraph 103 of the TAC Plaintiff purports to paraphrase and quote selectively and out of context certain unidentified statements, which, if identified, would speak for themselves. Except as so expressly stated and admitted, Defendants deny each and every allegation in Paragraph 103 of the TAC.

104. No response is required to Paragraph 104 of the TAC because the Court dismissed all claims based on allegations regarding Imperva's financial guidance. To the extent any response is required, Defendants lack knowledge and information sufficient to assess allegations in the third sentence of Paragraph 104 and footnote 20 of the TAC regarding Plaintiff's purported and enumerated method for calculating SecureSphere revenue, and on that basis deny each and every such allegation. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 104 and footnotes 19 and 20 of the TAC.

105. No response is required to Paragraph 105 of the TAC because the Court dismissed all claims based on allegations regarding Imperva's financial guidance. To the extent any response is required, Defendants admit that throughout the alleged class period, Imperva publicly disclosed total net revenues, products and license revenues standalone, products and license revenues together with subscription revenues, and services revenues, but not product-specific

revenues, which statements speak for themselves. Except as so expressly stated and admitted, Defendants deny each and every allegation in Paragraph 105 of the TAC.

106. No response is required to Paragraph 106 of the TAC, to the extent it references alleged statements by Mr. Kramer, because the Court dismissed all claims brought against Mr. Kramer under §10(b) of the Exchange Act. To the extent any response is required, Defendants admit that on or about April 9, 2014, Imperva announced its preliminary first quarter 2014 financial results and further admit that in Paragraph 106 of the TAC, Plaintiff purports to characterize, paraphrase and quote selectively and out of context certain statements from an April 9, 2014 press release, which statements speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 106 of the TAC.

107. Defendants aver that allegations in the first sentence of Paragraph 107 of the TAC constitute, at least in part, a representation concerning Imperva's stock prices, which are a matter of public record and which speak for themselves. Defendants admit that in the second sentence of Paragraph 107 of the TAC, Plaintiff purports to quote selectively and out of context certain unidentified statements by analysts. Except as so expressly stated and admitted, Defendants deny each and every allegation in Paragraph 107 of the TAC.

108. Defendants lack knowledge and information sufficient to assess Plaintiff's characterization of analysts' or investors' understandings, thoughts or impressions in Paragraph 108 of the TAC, and on that basis deny each and every allegation therein. As to the second and third sentences of Paragraph 108 of the TAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context certain statements from a *Bloomberg* article. Except as so expressly stated and admitted, Defendants deny each and every allegation in Paragraph 108 of the TAC.

109. Defendants deny each and every allegation in Paragraph 109 of the TAC.

110. Defendants deny each and every allegation in Paragraph 110 of the TAC.

111. Defendants deny each and every allegation in Paragraph 111 of the TAC.

112. Defendants admit that in the second sentence of Paragraph 112 of the TAC Plaintiff purports to paraphrase selectively and out of context certain unidentified statements by

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Mr. Schmid regarding Salesforce.com, which statements, if identified, would speak for themselves. Defendants admit that in the third sentence and block quote of Paragraph 112 of the TAC Plaintiff purports to characterize, paraphrase, and quote selectively and out of context certain statements made by Salesforce.com. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 112 of the TAC.

113. Defendants admit that Imperva used Salesforce.com, in part, to monitor and track sales opportunities, and that sales representatives were expected to rate those opportunities according to a common standard. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 113 of the TAC.

114. Defendants admit that sales representatives were expected to update the status of sales opportunities in Salesforce.com, that sales forecasts were presented on a quarterly basis based on such sales opportunities, and that the sales forecasts were expected to be accurate. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 114 of the TAC.

115. Defendants admit that certain executives at Imperva, including Messrs. Kramer, Schmid and Pisani, had access to Salesforce.com and used Salesforce.com to authorize discounts. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 115 of the TAC.

116. No response is required to Paragraph 116 of the TAC because the Court dismissed all claims brought against Mr. Kramer under §10(b) of the Exchange Act. To the extent any response is required, Defendants admit that in the fourth sentence of Paragraph 116 of the TAC Plaintiff purports to quote selectively and out of context statements made in a Bloomberg article. Except as so expressly stated and admitted, Defendants deny each and every allegation in Paragraph 116 of the TAC.

117. No response is required to Paragraph 117 of the TAC because the Court dismissed all claims brought against Mr. Kramer under §10(b) of the Exchange Act. To the extent any response is required, Defendants admit that Mr. Kramer served as a director on the Trusteer Board of Directors; that Mr. Boodaei was the CEO of Trusteer; and that Mr. Kramer and Mr.

Boodaei were founders of Imperva. Defendants admit that in the third and fourth sentences of Paragraph 117 of the TAC, Plaintiff purports to quote selectively and out of context unidentified statements. Except as so expressly stated and admitted, Defendants deny each and every allegation in Paragraph 117 of the TAC.

118.    Defendants deny each and every allegation in Paragraph 118 of the TAC.

119.    Defendants admit that on or about February 6, 2014, Imperva announced the acquisitions of Skyfence and the remaining shares of Incapsula, which announcements were matters of public record and which speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 119 of the TAC.

120.    Defendants admit that on February 6, 2014, Imperva announced its acquisition of Skyfence, and that the original transaction was to be funded with Imperva stock, and that the parties subsequently amended the acquisition agreement consideration to consist of Imperva stock and cash, which amended terms were publicly disclosed and which terms speak for themselves. The third sentence of Paragraph 120 of the TAC calls for a legal conclusion, to which no response is required. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 120 of the TAC.

121.    No response is required to the allegations regarding Mr. Kramer in Paragraph 121 of the TAC because the Court dismissed all claims brought against Mr. Kramer under §10(b) of the Exchange Act. To the extent any response is required, Defendants admit that in Paragraph 121 of the TAC and in the chart therein, Plaintiff purports to refer to and characterize transactions in Imperva stock, which transactions were caused to be publicly reported on Forms 4, and which documents speaks for themselves. Defendants aver that allegations in the second sentence and chart of Paragraph 121 of the TAC constitute, at least in part, a representation concerning Imperva's stock prices, which are a matter of public record and which speak for themselves. Except as so expressly stated and admitted, Defendants deny each and every allegation in Paragraph 121 of the TAC.

122.    No response is required to Paragraph 122 of the TAC because the Court dismissed all claims brought against Mr. Kramer under §10(b) of the Exchange Act. To the extent any

response is required, Defendants admit that Mr. Kramer caused to be publicly reported certain stock sales on Forms 4, which documents speak for themselves. Defendants further admit that Mr. Shulman caused to be publicly reported certain stock sales on Forms 4, which documents speak for themselves. Defendants aver that allegations in the first sentence of Paragraph 122 of the TAC constitute, at least in part, a representation concerning Imperva's stock prices, which are a matter of public record and which speak for themselves. The last sentence of Paragraph 122 of the TAC calls for a legal conclusion, to which no response is required. Except as so expressly stated and admitted, Defendants deny each and every allegation in Paragraph 122 of the TAC.

123. No response is required to the allegations regarding Mr. Kramer in Paragraph 123 of the TAC because the Court dismissed all claims brought against Mr. Kramer under §10(b) of the Exchange Act. To the extent any response is required, Defendants lack knowledge and information sufficient to assess Plaintiff's characterizations and allegations regarding Exabeam in Paragraph 123 of the TAC, and on that basis deny each and every allegation therein. Defendants admit that Mr. Polak and Mr. Gil previously were employed at Imperva and further admit that Mr. Pisani departed Imperva at the end of the second quarter of 2014. Defendants admit that on or about August 18, 2014, Imperva announced that it appointed Mr. Bettencourt CEO and that Mr. Kramer would continue to serve as chairman of its board and Chief Strategy Officer. Except as so expressly stated and admitted, Defendants deny each and every allegation in Paragraph 123 of the TAC.

124. Defendants admit that in the second sentence and block quote of Paragraph 124 of the TAC, Plaintiff purports to characterize, paraphrase and quote selectively and out of context certain unidentified statements, which if identified, would speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 124 of the TAC.

125. Defendants deny each and every allegation in Paragraph 125 of the TAC.

126. No response is required to the allegations regarding Mr. Kramer in Paragraph 126 of the TAC because the Court dismissed all claims brought against Mr. Kramer under §10(b) of the Exchange Act. To the extent any response is required, Defendants admit that in the second and fourth sentences of Paragraph 126 of the TAC, Plaintiff purports to characterize, paraphrase

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

and quote selectively and out of context certain statements from the August 7, 2013 earnings call, which statements speak for themselves. Defendants admit that in the fourth, fifth, and sixth sentences of Paragraph 126 of the TAC, Plaintiff purports to characterize, paraphrase and quote selectively and out of context certain unidentified statements, which, if identified, would speak for themselves. Except as so expressly stated and admitted, Defendants deny each and every allegation in Paragraph 126 of the TAC.

127. No response is required to the allegations regarding Mr. Kramer in Paragraph 127 of the TAC because the Court dismissed all claims brought against Mr. Kramer under §10(b) of the Exchange Act. To the extent any response is required, Defendants admit that on or about February 28, 2014, Imperva filed its Form 10-K for FY 2013. Defendants admit that in the second sentence of Paragraph 127 of the TAC, Plaintiff purports to quote selectively and out of context certain statements contained in Imperva's Form 10-K for FY 2013, which statements speak for themselves. Except as so expressly stated and admitted, Defendants deny each and every allegation in Paragraph 127 of the TAC.

128. Defendants deny each and every allegation in Paragraph 128 of the TAC.

129. Defendants deny each and every allegation in Paragraph 129 of the TAC.

130. Defendants deny each and every allegation in Paragraph 130 of the TAC.

131. Defendants deny each and every allegation in Paragraph 131 of the TAC.

132. Defendants deny each and every allegation in Paragraph 132 of the TAC.

133. Paragraph 133 of the TAC calls for a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that Plaintiff purports to refer to *Affiliated Ute Citizens v. United States*, 406 U.S. 128 (1972), which case speaks for itself. Except as so expressly stated and admitted, Defendants deny each and every allegation in Paragraph 133 of the TAC.

134. Paragraph 134 of the TAC calls for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 134 of the TAC.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

135.     Defendants admit that Imperva filed periodic and other reports with the SEC, including its Forms 10-K and 10-Q and related press releases and that Imperva communicated with public investors.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 135 of the TAC.

136.     Defendants admit that Imperva's common stock traded on the NYSE, that Imperva filed periodic and other public reports with the SEC, including its Forms 10-K and 10-Q and related earnings press releases, that Imperva communicated with public investors, and that Imperva was followed by analysts who provided publicly available reports.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 136 of the TAC.

137.     Defendants admit that Plaintiff purports to bring a putative class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of purchasers or acquirers of Imperva securities during the alleged class period.  Defendants admit that Plaintiff purports to exclude the persons and entities listed in the second sentence of Paragraph 137 of the TAC from the alleged class.  Except as so expressly stated and admitted, Defendants deny each and every allegation in Paragraph 137 of the TAC.

138.     Paragraph 138 of the TAC calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants admit that Imperva had millions of shares of securities outstanding.  Except as so expressly stated and admitted, Defendants deny each and every allegation in Paragraph 138 of the TAC.

139.     Paragraph 139 of the TAC calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny each and every allegation in Paragraph 139 of the TAC.

140.     Defendants deny each and every allegation in Paragraph 140 of the TAC.

141.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 141 of the TAC, and on that basis deny each and every allegation therein.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

142.    Paragraph 142 of the TAC calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny each and every allegation in Paragraph 142 of the TAC.

143.    No response is required to the allegations in Paragraph 143 of the TAC, to the extent they relate to Mr. Kramer, because the Court dismissed all claims brought against Mr. Kramer under §10(b) of the Exchange Act.  To the extent a response is required, Defendants incorporate and reassert their responses to Paragraphs 1-142 as if set forth fully herein. Defendants admit that Plaintiff purported to assert Count I pursuant to Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder by the SEC against Imperva and Messrs. Kramer and Schmid.  Except as so expressly stated and admitted, Defendants deny each and every allegation in Paragraph 143 of the TAC.

144.    No response is required to the allegations in Paragraph 144 of the TAC, to the extent they relate to Mr. Kramer, because the Court dismissed all claims brought against Mr. Kramer under §10(b) of the Exchange Act.  To the extent a response is required, Defendants deny each and every allegation in Paragraph 144 of the TAC.

145.    No response is required to the allegations in Paragraph 145 of the TAC, to the extent they relate to Mr. Kramer, because the Court dismissed all claims brought against Mr. Kramer under §10(b) of the Exchange Act.  To the extent a response is required, Defendants deny each and every allegation in Paragraph 145 of the TAC.

146.    No response is required to the allegations in Paragraph 146 of the TAC, to the extent they relate to Mr. Kramer, because the Court dismissed all claims brought against Mr. Kramer under §10(b) of the Exchange Act.  To the extent a response is required, Defendants deny each and every allegation in Paragraph 146 of the TAC.

147.    No response is required to the allegations in Paragraph 147 of the TAC, to the extent they relate to Mr. Kramer, because the Court dismissed all claims brought against Mr. Kramer under §10(b) of the Exchange Act.  To the extent a response is required, Defendants deny each and every allegation in Paragraph 147 of the TAC.

148.    No response is required to the allegations in Paragraph 148 of the TAC, to the extent they relate to Mr. Kramer, because the Court dismissed all claims brought against Mr. Kramer under §10(b) of the Exchange Act.  To the extent a response is required, Defendants deny each and every allegation in Paragraph 148 of the TAC.

149.    Defendants incorporate and reassert their responses to Paragraphs 1-148 as if set forth fully herein.  Defendants admit that Plaintiff purported to assert Count II pursuant to Section 20(a) of the Exchange Act against Imperva and Messrs. Kramer and Schmid.  Except as so expressly stated and admitted, Defendants deny each and every allegation in Paragraph 149 of the TAC.

150.    No response is required to the allegations in Paragraph 150 of the TAC, to the extent they relate to Mr. Kramer, because the Court dismissed all claims brought against Mr. Kramer under §10(b) of the Exchange Act.  To the extent a response is required, Defendants deny each and every allegation in Paragraph 150 of the TAC.

151.    Defendants deny each and every allegation in Paragraph 151 of the TAC.

152.    Defendants deny each and every allegation in Paragraph 152 of the TAC.

153.    Defendants deny each and every allegation in Paragraph 153 of the TAC.

154.    Defendants deny each and every allegation in Paragraph 154 of the TAC.

155.    Defendants deny each and every allegation in Paragraph 155 of the TAC.

## **AFFIRMATIVE DEFENSES**

Defendants allege the following affirmative defenses to the allegations set forth in the TAC.  By alleging the matters set forth in these defenses, Defendants do not allege or admit that any defendant bears the burden of proof or persuasion with respect to any of these matters. Defendants presently lack sufficient knowledge or information on which to form a belief as to whether they may have available other affirmative or additional defenses, and therefore expressly reserve the right to amend or supplement their answer, defenses and all other pleadings and reserve the right to assert any and all additional defenses under any applicable federal law in the event that discovery indicates that such defenses would be appropriate, and to assert any cross-claims, counterclaims and third-party claims when and if they become appropriate in this action.

## FIRST AFFIRMATIVE DEFENSE

### (Truth on the Market)

Any allegedly untrue statements of fact, omissions of fact, misleading statements, or other allegedly actionable conduct remaining at issue after the Court's May 16, 2016 Order, all of which are denied, were not material to the investment decisions of a reasonable investor, or are otherwise not actionable, because the potential ways in which the Company competed with IBM and others were already disclosed to, and hence known by, investors and reflected in the market. The disclosures showing that such information was in or available to the market and investors are set forth in, *inter alia,* the Company's public filings on Form 10-Q and Form 10-K during the alleged class period, as well as in remarks made during investor conferences and earnings calls. These include the Company's Form 10-Q filed on May 9, 2013 (*see* pages 21, 34), Form 10-Q filed on August 9, 2013 (*see* pages 23, 38-39), Form 10-Q filed on November 12, 2013 (*see* pages 23, 37-38), Form 10-K filed on February 28, 2014 (*see* pages 13-14, 34-35), the conferences referenced by Plaintiff in paragraphs 58 and 64 of the TAC, and the transcripts of the UBS Global Technology Conference, conducted on or about November 20, 2013, and the Raymond James Systems, Semiconductors, Software & Supply Chain Conference, conducted on or about December 10, 2013. Collectively, these disclosures show, among other things, that IBM was a vigorous competitor, that the market for Imperva's products was intensely competitive and was expected to intensify even further, and that IBM had the ability to offer a different pricing model that could result in it offering more competitive pricing than Imperva.

## SECOND AFFIRMATIVE DEFENSE

### (Forward-Looking Statements)

Plaintiff's allegations concerning the Company's forward-looking statements during the alleged class period have been dismissed with prejudice by the Court for failure to state a claim in the Court's May 16, 2016 Order. Accordingly, Defendants are under no obligation to plead to such allegations or assert affirmative defenses with respect thereto. Nevertheless, because Plaintiff may seek appellate review at some point (and seek to remand the case on that basis), and out of an abundance of caution because these allegations, although dismissed, have not been

withdrawn from the TAC, Defendants allege that any claim in the TAC that is based on any predictions, expressions of opinion or forward-looking statements is barred by the safe harbor provisions of the Private Securities Litigation Reform Act of 1995. Defendants identified such statements as forward looking and included cautionary language at the outset of Imperva's earnings calls and in its public filings with the SEC, including in each of the Form 10-Qs and Form 10-K filed during the class period, as well as in its earnings releases issued during the class period. By way of example, in the February 6, 2014 earnings call in which the Company provided forward-looking guidance, the Company expressly indicated that it would be making "forward-looking statements regarding future events and future financial performance of the Company," and that such projections were "subject to material risks and uncertainties that could cause actual results to differ materially from those in the forward-looking statements." Stockholders were also directed to the risk factors described in the Company's accompanying press release and its most recent Form 10-Q, which emphasized, among other risks and uncertainties, that the market for Imperva's products is "intensely competitive" by virtue of competition with IBM and others and that competition was expected "to intensify in the future." Defendants refer Plaintiff to these public filings with the SEC, as well as the quarterly earnings releases and transcripts of quarterly conference calls associated with its quarterly results, which invoke the safe harbor.

### THIRD AFFIRMATIVE DEFENSE

### (Good Faith under Section 20(a))

Plaintiff alleges that each individual Defendant was a control person "due to their senior executive positions" and "their direct involvement in the Company's day-to-day operations," and that the Company was a control person over the individual Defendants based on its "power to hire, fire, supervise and otherwise control" the actions of its employees. Such conclusory allegations render it difficult to ascertain the precise bases on which Plaintiff intends to establish that each Defendant has control person liability concerning the statements that remain in the action in light of the Court's May 16, 2016 Order. Nevertheless, as to the allegedly actionable statements that remain, which relate to the Company's competition with IBM during the class

period, Defendants acted in good faith and did not induce the act or acts constituting the alleged violation of Section 10(b).  In this respect, each Defendant believed at all relevant times, based on information supplied to them regarding the Company's competition with IBM, including the sales of Company products competing with IBM's Guardium product that were reported to them, the Company's win rate against IBM in connection with such sales, the Company's history of discount pricing (or lack thereof) in connection with such sales, as well as anecdotal information and feedback conveyed to them by senior sales personnel related to such competition, and their knowledge of Imperva's products and technology, that the Company's public statements regarding competition with IBM that survive the Court's May 16, 2016 Order were accurate when made and did not contain any material misstatement or omission of fact.  Indeed, despite Plaintiff's allegation that the Company's business was in decline throughout the alleged class period due to competition with IBM and others, Defendants were aware that the Company's business had continued to grow during the class period.  For example, Imperva's net revenues in the first quarter of 2013 were $28.6 million, reflecting year over year growth of 33%; in the second quarter of 2013, net revenues were $31.3 million, a 28% increase over the same period the prior year; in the third quarter of 2013, net revenues were $35.1 million, a 33% increase year over year; in the fourth quarter of 2013, net revenues were $42.7 million, an increase of 34% from the comparable period the year before; and for the full year 2013, net revenues were $137.8 million, representing growth of 32% over 2012.   In addition, in the first quarter of 2014, net revenues were $31.5 million, representing substantial growth over the $28.6 million experienced in the comparable period the year before.  The Company's growth throughout the class period shows, among other things, that the Company was competing successfully with IBM, and demonstrates that Defendants acted in good faith.

## FOURTH AFFIRMATIVE DEFENSE

### (Mr. Kramer's Trading)

All claims against Mr. Kramer under Section 10(b) have been dismissed with prejudice in the Court's May 16, 2016 Order.  Given that Order, Plaintiff may not pursue any claim that Mr. Kramer made any misstatement, or that he acted with scienter when doing so.  Accordingly, the

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

allegation in paragraphs 121- 122 of the TAC, concerning Mr. Kramer's alleged scienter based on his trading of Imperva securities, is no longer relevant, cannot form the basis for liability, and Defendants are under no obligation to plead to such allegations or assert affirmative defenses with respect thereto. Plaintiff does not plead that any other person traded in Imperva securities, and hence cannot allege that any such trading is relevant to alleged scienter. Nevertheless, because Plaintiff may seek appellate review at some point of the dismissal of the claim against Mr. Kramer (and seek to remand the case on that basis), and out of an abundance of caution because this allegation has not been withdrawn from the TAC despite the dismissal of the Section 10(b) claim against Mr. Kramer, any allegation that Defendants acted with scienter by virtue of Mr. Kramer's trades would be barred because such trades were made pursuant to a Rule 10b5-1 plan. That trading plan is expressly referenced on the Form 4s that were filed with the SEC, including those filed on January 3, 2014, January 7, 2014, January 9, 2014, April 2, 2014 and April 7, 2014.

## FIFTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

Throughout the alleged class period, Imperva's public filings on Form 10-K and Form 10-Q contained an extensive array of risk factors associated with investing in the Company's securities, including risks associated with competition from IBM and others (as referenced above in the First Affirmative Defense) and the volatility of its stock price. These include the Company's Form 10-Qs filed on May 9, 2013 (pages 32-49), August 9, 2013 (pages 37-52), and November 12, 2013 (pages 35-52), and Form 10-K filed on February 28, 2014 (pages 12-27). The risk factors are also reflected or summarized in the Company's earnings releases disseminated on May 2, 2013, August 7, 2013, November 5, 2013, February 6, 2014 and April 9, 2014. As a result, Plaintiff and members of the class were aware, actually or constructively, of risks and uncertainties associated with an investment in Imperva securities, that the price of the Company's securities could decline, and they assumed the risk of incurring a loss on their investment. In this respect, Plaintiff claims to have delegated complete discretion to an

investment advisor regarding whether and on what basis to invest in Imperva or other securities, and has not pleaded that the investment advisor was unaware of these risks.

## SIXTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment Based on Truth in the Market and Assumption of Risk)

As set forth above in the First and Fifth Affirmative Defenses, the potential ways in which the Company competed with IBM and others were publicly disclosed to, and hence known by, investors. In addition, an extensive array of risks factors associated with investing in the Company's securities, including risks associated with competition from IBM and others, were publicly disclosed to investors. These disclosures and risk factors were set forth in the Company's public filings on Form 10-Q and 10-K, and in earnings releases and conference call transcripts, issued during the class period (as noted above). Plaintiff, which claims to have delegated investment authority to an outside investment advisor, and class members, had actual or constructive knowledge of these disclosures because they were publicly available. Because Plaintiff and other investors therefore had actual or constructive knowledge of the truth, they will be unjustly enriched if they were otherwise able to recover in this action.

## PRAYER

WHEREFORE, Defendants pray for judgment as follows:

1.      That the Court refuse to certify this suit as a class action;

2.      That plaintiff and members of the alleged plaintiff class take nothing by reason of the claims asserted herein;

3.      That judgment be entered in favor of Defendants on all claims asserted herein;

4.      For costs of suit herein; and

5.      For such other and further relief as the Court may deem just and proper.

Dated:   September 7, 2016          FENWICK & WEST LLP


                                    By: */s/ Jennifer C. Bretan*
                                        Jennifer C. Bretan

                                    Attorneys for Defendants

## <u>DEMAND FOR JURY TRIAL</u>

Defendants hereby demand a jury trial on all claims and issues so triable.

Dated:    September 7, 2016                    FENWICK & WEST LLP

By: */s/ Jennifer C. Bretan*
　　　Jennifer C. Bretan

Attorneys for Defendants