UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| VISWANATH V. SHANKAR, Individually and on Behalf of All Others Similarly Situated, ) | Case No. 4:14-cv-01680-PJH |
| Plaintiff, ) | CLASS ACTION |
| vs. ) | [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE |
| IMPERVA, INC., et al., ) | |
| Defendants. ) | |

1303860_1

1    WHEREAS, an action is pending before this Court entitled *Shankar v. Imperva, Inc., et al.*,,

2    Case No. 4:14-cv-01680-PJH (the "Litigation");

3    WHEREAS, the parties having made application, pursuant to Federal Rule of Civil

4    Procedure 23(e), for an order preliminarily approving the settlement of this Litigation, in accordance

5    with a Stipulation of Settlement dated as of August 30, 2017 (the "Stipulation"), which, together

6    with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of

7    the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set

8    forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed

9    thereto; and

10   WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set

11   forth in the Stipulation.

12   NOW, THEREFORE, IT IS HEREBY ORDERED:

13   1.    The Court has reviewed the Stipulation and does hereby preliminarily approve the

14   settlement set forth therein, subject to further consideration at the Settlement Hearing described

15   below.

16   2.    Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for

17   purposes of this settlement only, the Litigation is hereby preliminarily certified as a class action on

18   behalf of all Persons and entities who purchased or otherwise acquired Imperva, Inc. ("Imperva")

19   securities between May 2, 2013 and April 9, 2014, inclusive.  Excluded from the Class are the

20   Defendants and their immediate families, the directors and officers of Imperva at all relevant times,

21   and their legal representatives, heirs, successors or assigns.  Also excluded from the Class are those

22   Persons who timely and validly request exclusion from the Class.

23   3.    The Court finds, for the purposes of the settlement only, that the prerequisites for a

24   class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied

25   in that: (a) the number of Class Members is so numerous that joinder of all members is

26   impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the

27   Lead Plaintiff are typical of the claims of the Class it seeks to represent; (d) Lead Plaintiff and Lead

28   Counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of

1   law and fact common to the Members of the Class predominate over any questions affecting only

2   individual Class Members; and (f) a class action is superior to other available methods for the fair

3   and efficient adjudication of the controversy.

4       4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of

5   the settlement only, Lead Plaintiff is certified as the class representative.

6       5.    A hearing (the "Settlement Hearing") shall be held before this Court on _____,

7   2017, at _____ [a date that is at least 100 calendar days from the date of this Order], at the United

8   States District Court for the Northern District of California, Oakland Division, Ronald V. Dellums

9   Federal Building & United States Courthouse, 1301 Clay Street, Courtroom 3, Oakland, California

10   94612, to determine whether the proposed settlement of the Litigation on the terms and conditions

11   provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved

12   by the Court; whether a Judgment as provided in ¶1.13 of the Stipulation should be entered; whether

13   the proposed Plan of Allocation is fair, reasonable, and adequate and should be approved; to

14   determine the amount of fees and expenses that should be awarded to Lead Counsel; and to

15   determine the amount of expenses to be awarded to Lead Plaintiff Delaware County Employees

16   Retirement System.  The Court may adjourn the Settlement Hearing without further notice to the

17   Members of the Class.

18       6.    The Court approves, as to form and content, the Notice of Pendency and Proposed

19   Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim

20   and Release"), and the Summary Notice annexed hereto as Exhibits A-1, A-2, and A-3, respectively,

21   and finds that the mailing and distribution of the Notice and publishing of the Summary Notice

22   substantially in the manner and form set forth in ¶¶8-9 of this Order meet the requirements of

23   Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the

24   circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

25       7.    The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to

26   supervise and administer the notice procedure as well as the processing of claims as more fully set

27   forth below.

28

8.      Not later than _____, 2017 [ten (10) business days after the Court signs and enters this Order] (the "Notice Date"), the Claims Administrator shall commence mailing the Notice and Proof of Claim, substantially in the forms annexed hereto, by First-Class Mail to all Class Members who can be identified with reasonable effort, and to be posted on its website at www.impervasecuritieslitigation.com.

9.      Not later than fourteen (14) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *The Wall Street Journal* and once over a national newswire service.

10.     At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

11.     Nominees who purchased Imperva securities for the beneficial ownership of Class Members during the Class Period shall send the Notice and the Proof of Claim to all such beneficial owners of Imperva securities within ten (10) business days after receipt thereof, or, if they have not already done so, send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) business days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners.  Lead Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

12.     All Members of the Class shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

13.     Class Members who wish to participate in the settlement shall complete and submit a Proof of Claim and Release in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proof of Claim and Release forms must be postmarked or submitted electronically no later than ninety (90) calendar days from the Notice Date.  Any Class Member who

1   does not timely submit a Proof of Claim and Release within the time provided for, shall be barred

2   from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by

3   the Court.  Notwithstanding the foregoing, Lead Counsel may, in its discretion, accept late-submitted

4   claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund

5   to Authorized Claimants is not materially delayed thereby.

6       14.   Class Members shall be bound by all determinations and judgments in this Litigation,

7   whether favorable or unfavorable, unless they request exclusion from the Class in a timely and

8   proper manner, as hereinafter provided.  A Class Member wishing to make such request shall  mail a

9   request for exclusion in written form by First-Class Mail such that it is received, not simply

10  postmarked, on or before _____, 2017 [twenty-one (21) calendar days prior to the Settlement

11  Hearing] by the Claims Administrator at the address designated in the Notice.   Such request for

12  exclusion must state the name, address and telephone number of the Person seeking exclusion, must

13  state that the sender requests to be "excluded from the Class and does not wish to participate in the

14  settlement in *Shankar v. Imperva, Inc.*, No. 14-cv-01680-PJH (N.D. Cal.)," and must be signed by

15  such Person.  Such Persons requesting exclusion are also directed to state the information requested

16  in the Notice, including, but not limited to: the date(s), price(s), and amount(s) of Imperva securities

17  that you purchased, sold, or otherwise acquired or disposed of during the period May 2, 2013

18  through April 9, 2014, inclusive.  The request for exclusion shall not be effective unless it provides

19  the required information and is made within the time stated above, or the exclusion is otherwise

20  accepted by the Court.  Class Members requesting exclusion from the Class shall not be bound by

21  the settlement and shall not be entitled to receive any payment out of the Net Settlement Fund as

22  described in the Stipulation and Notice.

23      15.   Any Member of the Class may enter an appearance in the Litigation, at their own

24  expense, individually or through counsel of their own choice.  If they do not enter an appearance,

25  they will be represented by Lead Counsel.

26      16.   Any Member of the Class may appear and show cause why the proposed settlement

27  of the Litigation should or should not be approved as fair, reasonable, and adequate, why a judgment

28  should or should not be entered thereon, why the Plan of Allocation should or should not be

1   approved, why attorneys' fees and expenses should or should not be awarded to counsel for the

2   plaintiffs, or why the expenses of Lead Plaintiff should or should not be awarded; provided,

3   however, that no Class Member or any other Person shall be heard or entitled to contest such

4   matters, unless that Person has submitted said objections, papers, and briefs to the Court either by

5   mailing them to the Class Action Clerk, United States District Court for the Northern District of

6   California, Oakland Division, Ronald V. Dellums Federal Building & United States Courthouse,

7   1301 Clay Street, Oakland, California 94612, or by filing them in person at any location of the

8   United States District Court for the Northern District of California.  Such objections, papers, and

9   briefs must be received or filed, not simply postmarked, on or before _____, 2017 [twenty-one

10  (21) calendar days prior to the Settlement Hearing].  Any Member of the Class who does not make

11  his, her or its objection in the manner and time provided shall be deemed to have waived such

12  objection and shall forever be foreclosed from making any objection to the fairness or adequacy of

13  the proposed settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of

14  attorneys' fees and expenses to counsel for the plaintiffs or expenses of Lead Plaintiff, unless

15  otherwise ordered by the Court.  Attendance at the Settlement Hearing is not necessary, however,

16  persons wishing to be heard orally in opposition to approval of the settlement, the Plan of Allocation,

17  and/or the application for an award of attorneys' fees and other expenses are required to indicate in

18  their written objection their intention to appear at the hearing.  Persons who intend to object to the

19  settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and other

20  expenses and desire to present evidence at the Settlement Hearing must include in their written

21  objections the identity of any witnesses they may call to testify and copies of any exhibits they

22  intend to introduce into evidence at the Settlement Hearing.  If an objector hires an attorney to

23  represent him, her, or it for the purposes of making an objection, the attorney must file a notice of

24  appearance with the Court and effect service on the parties to the Litigation on or before _____,

25  2017 [twenty-one (21) calendar days prior to the Settlement Hearing].

26        17.    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia*

27  *legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such

28  funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

18.     All opening briefs and supporting documents in support of the settlement, the Plan of Allocation, and any application by counsel for the plaintiffs for attorneys' fees and expenses or by Lead Plaintiff for its expenses shall be filed and served by _____, 2017 [thirty-five (35) calendar days prior to the Settlement Hearing].   Replies to any objections shall be filed and served by _____, 2017 [seven (7) calendar days prior to the Settlement Hearing].

19.     Neither the Defendants and their Related Parties nor the Defendants' counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by plaintiffs' counsel or Lead Plaintiff, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the settlement.

20.     At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment of expenses shall be approved.

21.     All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.   In the event the settlement is not approved by the Court, or otherwise fails to become effective, neither Lead Plaintiff nor any of its counsel shall have any obligation to repay any amounts incurred and properly disbursed pursuant to ¶¶2.10 or 2.12 of the Stipulation.

22.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind, and shall not be construed as or deemed to be evidence of or an admission or concession that Lead Plaintiff or any Class Members have suffered any damages, harm, or loss.

23.     The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement.   The Court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

24.     In the event that the settlement does not become Final in accordance with the terms of the Stipulation or the Effective Date does not occur, the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any Person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of July 5, 2017.

25.     Pending final determination of whether the proposed settlement should be approved, neither the Lead Plaintiff nor any Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Defendants, any action or proceeding in any court or tribunal asserting any of the Released Claims.

26.     Pending further order of the Court, all litigation activity, except that contemplated herein, in the Stipulation, in the Notice, in the Summary Notice, or in the Judgment, is hereby stayed and all hearings, deadlines and other proceedings in this Action, except the Settlement Hearing and any deadlines set forth in this order, are hereby taken off calendar.

IT IS SO ORDERED.

DATED: _____       _____
                                                            THE HONORABLE PHYLLIS J. HAMILTON
                                                            UNITED STATES DISTRICT JUDGE

Submitted by:

ROBBINS GELLER RUDMAN
    & DOWD LLP
THEODORE J. PINTAR
DOUGLAS R. BRITTON
IVY T. NGO
ASHLEY M. PRICE


            *s/ Douglas R. Britton*
          DOUGLAS R. BRITTON

655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT
AND PROVIDING FOR NOTICE - 4:14-cv-01680-PJH                                    - 7 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)

Lead Counsel for Plaintiff

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT
AND PROVIDING FOR NOTICE - 4:14-cv-01680-PJH

# EXHIBIT A-1

1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

11
12
13

| VISWANATH V. SHANKAR, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Case No. 4:14-cv-01680-PJH |
|---|---|---|
| Plaintiff, | ) ) ) | CLASS ACTION |
| vs. | ) ) ) | NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION |
| IMPERVA, INC., et al., | ) ) ) | EXHIBIT A-1 |
| Defendants. | ) ) ) | |

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1297338_4

**TO:     ALL PERSONS AND ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED IMPERVA, INC. ("IMPERVA") SECURITIES BETWEEN MAY 2, 2013 THROUGH APRIL 9, 2014, INCLUSIVE**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION.  PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE.  TO CLAIM YOUR SHARE OF THIS FUND, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM AND RELEASE") **POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE _____, 2017**.

This Notice of Pendency and Proposed Settlement of Class Action ("Notice") has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of California (the "Court").  The purpose of this Notice is to inform you of the proposed settlement of the case entitled *Shankar v. Imperva, Inc., et al.*, Case No. 4:14-cv-01680-PJH (the "Litigation") and of the hearing (the "Settlement Hearing") to be held by the Court to consider the fairness, reasonableness, and adequacy of the settlement as set forth in the Stipulation of Settlement between Lead Plaintiff and Defendants, dated as of August 30, 2017 (the "Stipulation") on file with the Court.[1]

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Litigation as to any of the Defendants or the merits of the claims or defenses asserted by or against Defendants.  This Notice is solely to advise you of the proposed settlement of the Litigation and of your rights in connection therewith.

This Notice summarizes the proposed settlement.  For the precise terms and conditions of the settlement, please see the Stipulation, available at www.impervasecuritieslitigation.com, by contacting Lead Counsel at (800) 449-4900, by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, Oakland Division, Ronald V. Dellums Federal Building & United States Courthouse, 1301 Clay Street, Oakland, California 94612, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
| --- | --- |
| **SUBMIT A PROOF OF CLAIM** | The only way to receive a payment.  Proof of Claim and Release forms must be postmarked or submitted online on or before **[Insert Date]**. |
| **EXCLUDE YOURSELF** | Receive no payment.  This is the **only** option that allows you to ever be part of any other lawsuit against the Defendants or any other Released Persons about the legal claims related to the issues raised in this Litigation.  Exclusions must be received no later than **[Insert Date]**. |

---

[1]     All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation, which is available on the settlement website, www.impervasecuritieslitigation.com.

| OBJECT | Write to the Court about why you oppose the settlement, the Plan of Allocation, the request for attorneys' fees and expenses, and/or the expenses of Lead Plaintiff. You will still be a Member of the Class. Objections must be received by the Court and counsel on or before **[Insert Date]**. |
|--------|----------------------------------------------------------------------------------|
| GO TO A HEARING | Ask to speak in Court about the fairness of the settlement. Requests to speak must be received by the Court on or before **[Insert Date]**. |
| DO NOTHING | Receive no payment. Give up your rights. |

## SUMMARY OF THIS NOTICE

### Statement of Class Recovery

The proposed settlement will result in the creation of a cash settlement fund in the principal amount of Nineteen Million Dollars ($19,000,000.00), plus any interest that may accrue thereon (the "Settlement Fund").

The Settlement Fund, subject to deduction for, among other things, costs of class notice and administration, certain taxes and tax related expenses, and attorneys' fees and expenses and any award to the Lead Plaintiff as approved by the Court, will be available for distribution to Class Members. Your recovery from this fund will depend on a number of variables including the number of shares of Imperva securities you purchased or otherwise acquired between May 2, 2013 through April 9, 2014, inclusive, and the timing of your purchases, acquisitions and any sales. In the unlikely event that 100% of the eligible securities of Imperva purchased or otherwise acquired by Class Members and entitled to a distribution under the Plan of Allocation described below participate in the settlement, the estimated average distribution per share of Imperva securities will be approximately $1.59 before deduction of Court-approved fees and expenses. Historically, actual claim rates are lower than 100%, resulting in higher per share distributions.

### Statement of Potential Outcome of Litigation

Lead Plaintiff and Defendants do not agree on the average amount of damages per share, if any, that would have been recoverable if Lead Plaintiff were to have prevailed on each claim alleged. Defendants deny that they are liable in any respect or that Lead Plaintiff or the Class suffered any injury. The issues on which the parties disagree are many, but include: (1) whether Defendants engaged in conduct that would give rise to any liability to the Class under the federal securities laws, or any other laws; (2) whether Defendants have valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by which the price of Imperva securities was allegedly artificially inflated (if at all) during the Class Period; (4) the amount by which the price of Imperva securities was allegedly artificially inflated (if at all) during the Class Period; (5) the effect of various market forces on the price of Imperva securities at various times during the Class Period; (6) the extent to which external factors influenced the price of Imperva securities at various times during the Class Period; (7) the extent to which the various matters that Lead Plaintiff alleged were materially false or misleading influenced (if at all) the price of Imperva securities at various times during the Class Period; (8) the extent to which the various allegedly adverse material facts that Lead Plaintiff alleged were omitted influenced (if at all) the price of Imperva securities at various times during the Class Period; and (9) the extent to which Lead Plaintiff or the Class were harmed or damaged (if at all) by the conduct alleged in the Litigation or that could have been alleged in the Litigation.

**Statement of Attorneys' Fees and Expenses Sought**

Lead Plaintiff's counsel have not received any payment for their services in conducting this Litigation on behalf of the Lead Plaintiff and the Members of the Class, nor have they been paid for their litigation expenses. If the settlement is approved by the Court, Lead Plaintiff's counsel will apply to the Court for attorneys' fees of 25% of the Settlement Amount and expenses not to exceed $400,000, plus interest thereon, to be paid from the Settlement Fund. If the amounts requested are approved by the Court, the average cost per share of Imperva securities will be $0.43. In addition, the Lead Plaintiff may seek up to $25,000 in expenses incurred in representing the Class, to be paid from the Settlement Fund.

**Reasons for Settlement**

Lead Plaintiff believes that the proposed settlement is a good recovery and is in the best interests of the Class. Because of the risks associated with continuing to litigate and proceeding to trial, there was a danger that the Class would not have prevailed on any of its claims, in which case the Class would receive nothing. Also, the amount of damages recoverable by the Class was and is challenged by Defendants. Recoverable damages in this case are limited to losses caused by conduct actionable under applicable law and, had the Litigation gone to trial, Defendants would have asserted that any losses of Class Members were caused by non-actionable market, industry, or general economic factors. Defendants also would have asserted that throughout the Class Period the uncertainties and risks associated with the purchase or acquisition of Imperva securities were fully and adequately disclosed. The proposed settlement provides a certain benefit to Class Members, and will avoid the years of delay that would likely occur in the event of a contested trial and appeals.

**Further Information**

For further information regarding this settlement, you may contact a representative of Lead Counsel: Rick Nelson, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, Telephone: 800/449-4900.

**Definitions Used in This Notice**

As used in this Notice, the following terms have the meanings specified below. Any capitalized terms not specifically defined in this Notice shall have the meanings set forth in the Stipulation. In the event of any inconsistency between any definition set forth below or elsewhere in this Notice and any definition set forth in the Stipulation, the definition set forth in the Stipulation shall control.

1.     "Authorized Claimant" means any Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

2.     "Claims Administrator" means the firm of Gilardi & Co. LLC.

3.     "Class" means, for the purposes of settlement only, all Persons and entities who purchased or otherwise acquired Imperva securities between May 2, 2013 and April 9, 2014, inclusive. Excluded from the Class are the Defendants and their immediate families, the directors and officers of Imperva at all relevant times, and their legal representatives, heirs, successors or assigns. Also excluded from the Class are those Persons who timely and validly request exclusion from the Class.

4.     "Class Member" or "Member of the Class" means a Person who falls within the definition of the Class as set forth above.

5.     "Class Period" means the period from May 2, 2013 through April 9, 2014, inclusive.

6.      "Defendants" means Imperva and the Individual Defendants.

7.      "Effective Date," or the date upon which this settlement becomes "effective," means the date by which all of the events and conditions specified in ¶7.1 of the Stipulation have been met and have occurred.

8.      "Escrow Account" means the segregated and separate escrow account designated and controlled by the Escrow Agent at one or more national banking institutions into which the Settlement Amount will be deposited for the benefit of the Class.

9.      "Escrow Agent" means the law firm of Robbins Geller Rudman & Dowd LLP or its successor.

10.     "Final" means when the last of the following with respect to the Judgment approving the Stipulation shall occur: (a) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) without any such motion having been filed; (b) the time in which to appeal the Judgment has passed without any appeal having been taken; and (c) if a motion to alter or amend is filed or if an appeal is taken, immediately after the determination of that motion or appeal so that it is no longer subject to any further judicial review or appeal whatsoever, whether by reason of affirmance by a court of last resort, lapse of time, voluntary dismissal of the appeal or otherwise in such a manner as to permit the consummation of the settlement substantially in accordance with the terms and conditions of the Stipulation. For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this settlement, but shall not include any appeal which concerns only the issue of Lead Plaintiff's counsel's attorneys' fees and expenses, payment to Lead Plaintiff for its time and expenses, the Plan of Allocation of the Net Settlement Fund, as hereinafter defined, or the procedures for determining Authorized Claimants' recognized claims.

11.     "Imperva" means Imperva, Inc.

12.     "Individual Defendants" means Shlomo Kramer and Terrence J. Schmid.

13.     "Judgment" means the Final Judgment and Order of Dismissal with Prejudice to be rendered by the Court, substantially in the form attached to the Stipulation as Exhibit B.

14.     "Lead Counsel" means Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101.

15.     "Lead Plaintiff" or "Delaware" means Delaware County Employees Retirement System.

16.     "Litigation" means the action captioned *Shankar v. Imperva, Inc., et al.*, Case No. 4:14-cv-01680-PJH.

17.     "Net Settlement Fund" means the Settlement Fund less any attorneys' fees, expenses, and any award to Lead Plaintiff, provided for herein or approved by the Court and less Notice and Administration Expenses, Taxes and Tax Expenses, and other Court-approved deductions.

18.     "Notice and Administration Expenses" means reasonable costs and expenses incurred in connection with providing notice to the Class, locating Class Members, soliciting claims, assisting with the submission of claims, processing Proof of Claim and Release forms, administering and distributing the Net Settlement Fund to Authorized Claimants, and paying escrow fees and costs, if any.

19. "Person" means an individual, corporation, limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, association, joint stock company, joint venture, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

20. "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund whereby the Net Settlement Fund shall be distributed to Authorized Claimants. Any Plan of Allocation is not part of the Stipulation and neither Defendants nor their Related Parties shall have any responsibility or liability with respect thereto and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Judgment.

21. "Related Parties" means each of a Defendant's respective present and former parents, subsidiaries, divisions, joint ventures, affiliates, and each of their and Defendants' respective present and former employees, members, partners, principals, agents, officers, directors, controlling shareholders, attorneys, advisors, accountants, auditors, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, insurers, co-insurers, reinsurers, related or affiliated entities, predecessors, successors, spouses, estates, heirs, executors, trusts, trustees, administrators, agents, representatives, and assigns, in their capacity as such, any entity in which a Defendant has a controlling interest, any member of an Individual Defendant's immediate family, and any trust in which any Individual Defendant is the settlor or which is for the benefit of any Defendant and/or member(s) of his family.

22. "Released Claims" means any and all claims and causes of action of every nature and description whatsoever whether known or unknown, whether arising under federal, state, common or foreign law, whether class or individual in nature, that Lead Plaintiff or any other Member of the Class asserted in the Litigation or could have asserted in any forum that arise out of or are based upon or related in any way to (a) the purchase or acquisition of Imperva securities from May 2, 2013 through April 9, 2014, inclusive, and (b) the allegations, transactions, acts, facts, conduct, statements or omissions involved, set forth, or referred to in the complaints filed in this Litigation. "Released Claims" includes "Unknown Claims" as defined below.

23. "Released Persons" means each and all of the Defendants and their Related Parties.

24. "Settlement Amount" means Nineteen Million Dollars ($19,000,000.00) in cash to be paid to the Escrow Agent by wire transfer, check, or as otherwise agreed pursuant to ¶2.1 of the Stipulation.

25. "Settlement Fund" means the Settlement Amount plus all interest and accretions thereto and which may be reduced by payments or deductions as provided herein or by Court order.

26. "Settlement Hearing" means the hearing to be held by the Court to determine whether the proposed Settlement is fair, reasonable, and adequate and should be approved.

27. "Settling Parties" means, collectively, Defendants, Lead Plaintiff, and the Class.

28. "Tax" or "Taxes" mean any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority.

29. "Unknown Claims" means any Released Claims which Lead Plaintiff or Class Members do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object

to this settlement or seek exclusion from the Class.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542 and any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiff and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff shall expressly settle and release and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, disclosed or undisclosed, matured or unmatured, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Lead Plaintiff acknowledges, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

## BASIC INFORMATION

| **1.** | **Why did I get this notice package?** |
| --- | --- |

You or someone in your family may have purchased or acquired Imperva securities during the time period May 2, 2013 and April 9, 2014, inclusive ("Class Period").

The Court directed that this Notice be sent to Class Members because they have a right to know about the proposed settlement of this class action lawsuit, and about all of their options, before the Court decides whether to approve the settlement.

This Notice explains the class action lawsuit, the settlement, Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.

| **2.** | **What is this lawsuit about?** |
| --- | --- |

Lead Plaintiff brought this Litigation as a securities class action against Imperva and certain of its officers and directors (the "Individual Defendants," and collectively with Imperva, the "Defendants"), alleging that Defendants violated Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and that the Individual Defendants violated Section 20(a) of the Exchange Act, in connection with statements concerning, among other things, Imperva's success in competing against International Business Machines Corporation ("IBM").  Defendants deny these allegations.

**The issuance of this Notice is NOT an expression of the Court's opinion on the merits or the lack of merits of any of Lead Plaintiff's claims in the Litigation or whether Defendants engaged in any wrongdoing.**

To learn more about what has happened in this Litigation to date, including a detailed history, please see the Stipulation which is available at www.impervasecuritieslitigation.com.  Instructions on how to learn more information are also included in Section 26 below.

| 3. | **Why is this a class action?** |

In a class action, one or more people called a plaintiff sues on behalf of people who have similar claims. All of the people with similar claims are referred to as a Class or Class Members. One court resolves the issues for all Class Members, except for those Class Members who exclude themselves from the Class.

| 4. | **Why is there a settlement?** |

Lead Plaintiff made claims against Defendants on behalf of the Class. Defendants deny that they have done anything wrong or violated any statute and admit no liability. The Court has not decided in favor of the Defendants or the Class. Instead, both sides agreed to the settlement to avoid the costs and risks of further litigation, including trial and post-trial appeals, and Lead Plaintiff agreed to the settlement in order to ensure that Class Members will receive compensation. Lead Plaintiff and Lead Counsel believe the settlement is in the best interest of all Class Members in light of the real possibility that continued litigation could result in no recovery at all.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this settlement, you first have to decide if you are a Class Member.

| 5. | **How do I know if I am part of the settlement?** |

The Court directed that everyone who fits this description is a Class Member:  ***all Persons and entities who purchased or otherwise acquired Imperva securities between May 2, 2013 and April 9, 2014, inclusive***, except those Persons and entities that are excluded, as described below.

| 6. | **Are there exceptions to being included?** |

Excluded from the Class are the Defendants and their immediate families, the directors and officers of Imperva at all relevant times, and their legal representatives, heirs, successors or assigns. Also excluded from the Class are those Persons who timely and validly request exclusion from the Class.

| 7. | **What if I am still not sure if I am included?** |

If you are still not sure whether you are included, you can ask for free help.  You can contact the Claims Administrator toll-free at _____, or you can fill out and return the Proof of Claim and Release enclosed with this Notice package, to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 8. | **What does the settlement provide?** |

A settlement has been reached in the Litigation between Lead Plaintiff and Defendants, the terms and conditions of which are set forth in the Stipulation and the Exhibits thereto. The following description of the proposed settlement is only a summary, and reference is made to the text of the

Stipulation, on file with the Court or accessible at www.impervasecuritieslitigation.com, for a full statement of its provisions.

The Settlement Fund consists of Nineteen Million Dollars ($19,000,000.00) in cash, plus any interest earned thereon.

A portion of the settlement proceeds will be used to pay attorneys' fees and expenses to Lead Plaintiff's counsel and Lead Plaintiff's expenses, to pay for this Notice and the processing of claims submitted by Class Members, and to pay Taxes and Tax Expenses.  The balance of the Settlement Fund (the "Net Settlement Fund") will be distributed, in accordance with the Plan of Allocation described below, to Class Members who submit valid and timely Proof of Claim and Release forms.

The effectiveness of the settlement is subject to a number of conditions and reference to the Stipulation is made for further particulars regarding these conditions.

| 9. | How much will my payment be? |
|----|------------------------------|

Your share of the fund will depend on several things, including how many Class Members submit a timely and valid Proof of Claim and Release, the total dollar amount of the claims represented by the valid Proof of Claim and Release forms that Class Members send in, the number of shares of Imperva securities you purchased or acquired, how much you paid for the securities, when you purchased or acquired them, and if you sold your securities and for how much.

By following the instructions in the Plan of Allocation, you can calculate your claim.  It is unlikely that you will get a payment for the full amount of your claim.  After all Class Members have sent in their Proof of Claim and Release forms, the payment you get will be a part of the Net Settlement Fund equal to your claim divided by the total of all valid claimants' claims.  *See* the Plan of Allocation at pages _____ hereof for more information on your claim.

| 10. | How can I receive a payment? |
|-----|------------------------------|

You may submit a Proof of Claim and Release as described below.  If you choose this option, you will share in the proceeds of the proposed settlement if your claim is timely, valid, and entitled to a distribution under the Plan of Allocation described below and if the proposed settlement is finally approved by the Court; and you will be bound by the Judgment and release to be entered by the Court as described below.

**TO PARTICIPATE IN THE DISTRIBUTION OF THE NET SETTLEMENT FUND, YOU MUST TIMELY SUBMIT A PROOF OF CLAIM AND RELEASE.**  A Proof of Claim and Release is enclosed with this Notice or it may be downloaded at www.impervasecuritieslitigation.com.  Read the instructions carefully, fill out the Proof of Claim and Release, include all the documents the form asks for, sign it, and mail or submit it online so that it is postmarked or received no later than _____, 2017.  The claim form may be submitted online at www.impervasecuritieslitigation.com.  Unless the Court orders otherwise, if you do not timely submit a valid Proof of Claim and Release, you will be barred from receiving any payments from the Net Settlement Fund, but will in all other respects be bound by the provisions of the Stipulation and the Judgment.

| 11. | When would I receive my payment? |
|-----|----------------------------------|

The Court will hold a Settlement Hearing on _____, 2017, to decide whether to approve the settlement.  If the Court approves the settlement after that, there might be appeals.  It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps

more than a year.  It also takes time for all the Proof of Claim and Release forms to be processed.  Please be patient.

| 12. | **What am I giving up to receive a payment or to stay in the Class?** |

If you do not make a valid and timely request in writing to be excluded from the Class, you will be bound by any and all determinations or judgments in the Litigation in connection with the settlement entered into or approved by the Court, whether favorable or unfavorable to the Class, and you shall be deemed to have, and by operation of the Judgment shall have, fully released all of the Released Claims against the Released Persons, whether or not you submit a valid Proof of Claim and Release.

## EXCLUDING YOURSELF FROM THE CLASS

| 13. | **How do I get out of the proposed settlement?** |

If you do not wish to be included in the Class and you do not wish to participate in the proposed settlement described in this Notice you may request to be excluded.  *If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in this Litigation, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitations or repose.*

If you wish to be excluded, you must mail a written request stating that you wish to be excluded from the Class to:

*Imperva Litigation*
Claims Administrator
EXCLUSIONS
c/o Gilardi & Co. LLC
3301 Kerner Blvd.
San Rafael, CA  94901

The request for exclusion must: (1) include your name, address, and telephone number; (2) state that you wish to be "excluded from the Class and do not wish to participate in the settlement in *Shankar v. Imperva, Inc.*, No. 14-cv-01680-PJH (N.D. Cal.)"; (3) state the date(s), price(s), and amount(s) of Imperva securities that you purchased, sold, or otherwise acquired or disposed of during the period May 2, 2013 through April 9, 2014, inclusive; and (4) be signed by you or your representative.  *YOUR EXCLUSION REQUEST MUST BE RECEIVED NO LATER THAN _____*, 2017.  No request for exclusion will be considered valid unless all of the information described above is included in any such request.  No further opportunity to request exclusion will be given in this Litigation.  If you choose to be excluded from the Class, (a) you are not entitled to share in the proceeds of the settlement described herein; (b) you are not bound by any judgment entered in the Litigation; and (c) you are not precluded by the settlement from otherwise prosecuting an individual claim against Defendants, if timely, based on the matters complained of in the Litigation.

| 14. | **If I do not exclude myself, can I sue the Defendants and the other Released Persons for the same thing later?** |

No.  Unless you exclude yourself, you give up any rights to sue the Defendants and the other Released Persons for any and all Released Claims.  If you have a pending lawsuit against the Released Persons, speak to your lawyer in that case immediately.  You must exclude yourself from this Litigation to continue your own lawsuit.  Remember, the exclusion deadline is _____, 2017.

| 15. | **If I exclude myself, can I get money from the proposed settlement?** |

No.  If you exclude yourself, you may not send in a Proof of Claim and Release to ask for any money. But, you may be able to sue or be part of a different lawsuit against the Defendants and the other Released Persons about the claims raised in this Litigation.

## THE LAWYERS REPRESENTING YOU

| 16. | **Do I have a lawyer in this case?** |

The Court ordered that the law firm of Robbins Geller Rudman & Dowd LLP represents the Class, including you.  These lawyers are called Lead Counsel.  You will not be charged for these lawyers.  They will be paid from the Settlement Fund to the extent the Court approves their application for fees and expenses.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| 17. | **How will the lawyers be paid?** |

At the Settlement Hearing, Lead Counsel will request the Court to award attorneys' fees of 25% of the Settlement Amount, plus expenses not to exceed $400,000, plus interest thereon.  In addition, the Lead Plaintiff may seek up to $25,000 in expenses (including lost wages) incurred in representing the Class.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees or expenses.

To date, Lead Plaintiff's counsel have not received any payment for their services in conducting this Litigation on behalf of the Lead Plaintiff and the Class, nor have counsel been paid their expenses.  The fee requested by Lead Counsel will compensate counsel for their efforts in achieving the settlement for the benefit of the Class, and for their risk in undertaking this representation on a wholly contingent basis.  Lead Counsel believe that the fee requested is well within the range of fees awarded to plaintiffs' counsel under similar circumstances in other litigation of this type.  The fee to be requested has been approved by the Lead Plaintiff.

| 18. | **Can I hire my own lawyer?** |

If you are a Class Member, you may, but are not required to, enter an appearance through counsel of your own choosing and at your own expense, provided that such counsel must file an appearance on your behalf on or before _____, 2017, and must serve copies of such appearance on the attorneys listed below.  If you do not enter an appearance through counsel of your own choosing, you will be represented by Lead Counsel: Robbins Geller Rudman & Dowd LLP, Douglas R. Britton, 655 West Broadway, Suite 1900, San Diego, CA 92101.

| **LEAD COUNSEL** | **COUNSEL FOR DEFENDANTS** |
|---|---|
| Robbins Geller Rudman & Dowd LLP | Fenwick & West LLP |
| Douglas R. Britton | Jennifer C. Bretan |
| 655 West Broadway | 555 California Street |
| Suite 1900 | 12th Floor |
| San Diego, CA  92101 | San Francisco, CA  94104 |

## OBJECTING TO THE SETTLEMENT

**19.     How do I tell the Court that I object to the proposed settlement?**

Any Class Member who objects to any aspect of the settlement, the Plan of Allocation, the application for attorneys' fees and expenses, or Lead Plaintiff's time and expense request, may appear and be heard at the Settlement Hearing.

The Court can only approve or deny the settlement, not change its terms. You can ask the Court to deny approval by filing an objection.

You may object to the proposed settlement in writing. You may also appear at the Settlement Hearing, either in person or through your own attorney. If you appear through your own attorney you are responsible for paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number (*Shankar v. Imperva, Inc.*, No. 14-cv-01680-PJH (N.D. Cal.)), (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, Oakland Division, Ronald V. Dellums Federal Building & United States Courthouse, 1301 Clay Street, Oakland, California 94612, or by filing them in person at any location of the United States District Court for the Northern District of California. Such objections, papers, and briefs must be received or filed, not simply postmarked, on or before _____, 2017.

The notice of objection must demonstrate the objecting Person's membership in the Class, including the number of shares of Imperva securities purchased, otherwise acquired and sold during the Class Period and contain a statement of the reasons for objection. Only Members of the Class who have submitted written notices of objection in this manner will be entitled to be heard at the Settlement Hearing, unless the Court orders otherwise. Any Member of the Class who does not make his, her or its objection in the manner and time provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Plaintiff's counsel or expenses of Lead Plaintiff, unless otherwise ordered by the Court.

**20.     What is the difference between objecting and excluding myself?**

Objecting is simply telling the Court that you do not like something about the proposed settlement, the Plan of Allocation, the fee and expense application of Lead Counsel, or Lead Plaintiff's time and expense request. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class.

## THE COURT'S SETTLEMENT HEARING

**21.     When and where will the Court decide whether to approve the proposed settlement?**

The Settlement Hearing will be held on _____, 2017, at _____, before the Honorable Phyllis J. Hamilton, United States District Judge, at the United States District Court for the Northern District of California, Oakland Division, Ronald V. Dellums Federal Building & United States Courthouse, 1301 Clay Street, Courtroom 3, Oakland, California 94612. The purpose of the Settlement Hearing will be to determine: (1) whether the proposed settlement, as set forth in the Stipulation, consisting of Nineteen Million Dollars ($19,000,000.00) in cash, should be approved as fair, reasonable, and adequate to the Members of the Class; (2) whether the proposed plan to distribute the settlement proceeds (the "Plan of Allocation") is fair, reasonable, and adequate; (3) whether the application by Lead Plaintiff's counsel for an award of attorneys' fees and expenses and the expenses of Lead Plaintiff should be approved; and (4) whether the Judgment, in the form

attached to the Stipulation, should be entered. **The Court may adjourn the Settlement Hearing from time to time and without further notice to the Class. Class Members should check the settlement website or the Court's PACER site (*see* Question 26 below) to confirm that the date of the Settlement Hearing has not been changed.**

| **22.** | **Do I have to come to the hearing?** |
|---|---|

No. Lead Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you send an objection or statement in support of the settlement, you are not required to come to Court to discuss it. As long as you mailed your objection on time, the Court will consider it. You may also pay your own lawyer to attend, but you are not required to do so. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| **23.** | **May I speak at the hearing?** |
|---|---|

If you object to the settlement, the Plan of Allocation, the fee and expense application of Lead Plaintiff's counsel, or Lead Plaintiff's time and expense request, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include your objection (*see* Question 19 above) a statement saying that it is your "Notice of Intention to Appear in the *Imperva Securities Litigation*." Persons who intend to object to the settlement, the Plan of Allocation, the fee and cost application, and/or Lead Plaintiff's time and expense request and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. You cannot speak at the hearing if you exclude yourself.

| **24.** | **What happens if I do nothing at all?** |
|---|---|

You may do nothing at all. If you choose this option, you will not share in the proceeds of the settlement, but you will be bound by any judgment entered by the Court, and you shall be deemed to have, and by operation of the Judgment shall have, fully released all of the Released Claims against the Released Persons.

## DISMISSALS AND RELEASES

| **25.** | **What happens if the proposed settlement is approved?** |
|---|---|

If the proposed settlement is approved, the Court will enter a Final Judgment and Order of Dismissal with Prejudice (the "Judgment"). In addition, upon the Effective Date, Lead Plaintiff and each of the Class Members, for themselves and for any other Person claiming (now or in the future) through or on behalf of them, and regardless of whether any such plaintiff or Class Member ever seeks or obtains by any means, including, without limitation, by submitting a Proof of Claim and Release, any distribution from the Settlement Fund, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons, and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any such Released Claim against the Released Persons except to enforce the releases and other terms and conditions contained in the Stipulation or the Judgment entered pursuant thereto.

1

## GETTING MORE INFORMATION

2

| 26. | How do I get more information about the proposed settlement? |
|-----|---|

3

This Notice contains only a summary of the terms of the proposed settlement and does not describe all of the details of the Stipulation.  For the precise terms and conditions of the settlement, please see the Stipulation available at www.impervasecuritieslitigation.com, by contacting Lead Counsel at (800) 449-4900, by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, Oakland Division, Ronald V. Dellums Federal Building & United States Courthouse, 1301 Clay Street, Oakland, California 94612, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.  **DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE**

4

5

6

7

8

If you have any questions about the settlement of the Litigation, you may contact Lead Counsel by writing to:

9

10

ROBBINS GELLER RUDMAN
& DOWD LLP
DOUGLAS R. BRITTON
655 West Broadway, Suite 1900
San Diego, CA  92101

11

12

13

## SPECIAL NOTICE TO NOMINEES

14

Nominees who purchased or otherwise acquired the securities of Imperva for the beneficial interest of other Persons during the Class Period shall, within ten (10) calendar days after receipt of this Notice: (1) provide the Claims Administrator with the names and addresses of such beneficial owners or (2) forward a copy of this Notice and the Proof of Claim and Release by First-Class Mail to each such beneficial owner, and provide Lead Counsel with written confirmation that the Notice and Proof of Claim and Release have been so forwarded.  Upon submission of appropriate documentation, Lead Counsel will reimburse your reasonable costs and expenses of complying with this provision.  Additional copies of this Notice may be obtained from the Claims Administrator by writing to:

15

16

17

18

19

*Imperva Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA  94912-8040

20

21

22

## PLAN OF ALLOCATION

23

The Net Settlement Fund will be distributed to Class Members who, in accordance with the terms of the Stipulation, are entitled to a distribution from the Net Settlement Fund pursuant to any Plan of Allocation or any order of the Court and who submit a valid and timely Proof of Claim and Release under the Plan of Allocation described below.  The Plan of Allocation provides that you will be eligible to participate in the distribution of the Net Settlement Fund only if you have an overall net loss on all of your transactions in Imperva securities during the Class Period.

24

25

26

27

For purposes of determining the amount an Authorized Claimant may recover under the Plan of Allocation, Lead Counsel have conferred with their damages expert and developed a Plan of Allocation that reflects an assessment of the damages that they believe could have been recovered by Class Members had Lead Plaintiff prevailed at trial.

28

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT
OF CLASS ACTION – EXHIBIT A-1 - 4:14-cv-01680-PJH

- 13

In the unlikely event there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's claim, as defined below. If, however, and as is more likely, the amount in the Net Settlement Fund is not sufficient to permit payment of the total claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants. Payment in this manner shall be deemed conclusive against all Authorized Claimants.

A claim will be calculated as follows:

1.     For shares of Imperva common stock purchased or otherwise acquired on or after May 2, 2013 through on or before May 21, 2013, the claim per share is zero.

2.     For shares of Imperva common stock purchased or otherwise acquired on or after May 22, 2013 through on or before April 9, 2014, the claim per share shall be as follows (but no less than zero):

a.     If sold prior to April 10, 2014, then the claim per share is zero.

b.     If sold on or after April 10, 2014 but on or before July 8, 2014, then the claim per share shall be the lesser of:

(i)     $20.12 per share, the market adjusted price decline on April 10, 2014;

(ii)    the difference between the purchase price per share and the sales price per share; and

(iii)   the difference between the purchase price per share and the average closing price per share from April 10, 2014 up to the date of sale, as set forth in Table A below.

c.     If retained at the close of trading on July 8, 2014, or sold thereafter, the claim per share shall be the lesser of:

(i)     $20.12 per share, the market adjusted price decline on April 10, 2014; and

(ii)    the difference between the purchase price per share and $22.82 per share (90-day average closing price after the end of the Class Period).

**Table A**

| Date | Closing Price | Average Closing Price from April 10, 2014 through Sales Date | | Date | Closing Price | Average Closing Price from April 10, 2014 through Sales Date |
|------|------|------|---|------|------|------|
| 4/10/2014 | $28.00 | $28.00 | | 5/27/2014 | $22.81 | $23.07 |
| 4/11/2014 | $28.11 | $28.06 | | 5/28/2014 | $22.30 | $23.05 |
| 4/14/2014 | $26.42 | $27.51 | | 5/29/2014 | $22.35 | $23.03 |
| 4/15/2014 | $26.56 | $27.27 | | 5/30/2014 | $20.88 | $22.96 |
| 4/16/2014 | $26.95 | $27.21 | | 6/2/2014 | $20.02 | $22.88 |
| 4/17/2014 | $26.92 | $27.16 | | 6/3/2014 | $20.08 | $22.81 |
| 4/21/2014 | $26.72 | $27.10 | | 6/4/2014 | $19.60 | $22.72 |
| 4/22/2014 | $26.77 | $27.06 | | 6/5/2014 | $20.35 | $22.66 |
| 4/23/2014 | $26.38 | $26.98 | | 6/6/2014 | $20.67 | $22.61 |
| 4/24/2014 | $25.62 | $26.85 | | 6/9/2014 | $21.25 | $22.58 |
| 4/25/2014 | $24.37 | $26.62 | | 6/10/2014 | $20.98 | $22.54 |
| 4/28/2014 | $23.75 | $26.38 | | 6/11/2014 | $21.16 | $22.51 |
| 4/29/2014 | $23.30 | $26.14 | | 6/12/2014 | $21.95 | $22.50 |
| 4/30/2014 | $22.88 | $25.91 | | 6/13/2014 | $22.03 | $22.48 |
| 5/1/2014 | $23.32 | $25.74 | | 6/16/2014 | $21.98 | $22.47 |
| 5/2/2014 | $22.76 | $25.55 | | 6/17/2014 | $22.29 | $22.47 |
| 5/5/2014 | $21.61 | $25.32 | | 6/18/2014 | $22.73 | $22.48 |
| 5/6/2014 | $20.83 | $25.07 | | 6/19/2014 | $22.90 | $22.48 |
| 5/7/2014 | $19.67 | $24.79 | | 6/20/2014 | $22.40 | $22.48 |
| 5/8/2014 | $18.66 | $24.48 | | 6/23/2014 | $22.37 | $22.48 |
| 5/9/2014 | $18.57 | $24.20 | | 6/24/2014 | $21.77 | $22.47 |
| 5/12/2014 | $19.73 | $24.00 | | 6/25/2014 | $22.79 | $22.47 |
| 5/13/2014 | $19.38 | $23.79 | | 6/26/2014 | $23.66 | $22.49 |
| 5/14/2014 | $20.75 | $23.67 | | 6/27/2014 | $24.78 | $22.54 |
| 5/15/2014 | $20.97 | $23.56 | | 6/30/2014 | $26.18 | $22.60 |
| 5/16/2014 | $20.71 | $23.45 | | 7/1/2014 | $26.58 | $22.67 |
| 5/19/2014 | $21.05 | $23.36 | | 7/2/2014 | $26.47 | $22.74 |
| 5/20/2014 | $21.14 | $23.28 | | 7/3/2014 | $25.90 | $22.79 |
| 5/21/2014 | $21.03 | $23.20 | | 7/7/2014 | $24.67 | $22.82 |
| 5/22/2014 | $21.22 | $23.14 | | 7/8/2014 | $22.97 | $22.82 |
| 5/23/2014 | $21.24 | $23.08 | | | | |

**STOCK OPTIONS**

**Call Options:**

1.   For call options on Imperva common stock purchased or acquired on or after May 2, 2013 through on or before May 21, 2013, the claim per call option is zero.

2.   For call options on Imperva common stock purchased or acquired on or after May 22, 2013 through on or before April 9, 2014, and

   a.   held at the end of April 9, 2014, the claim per call option is the difference between the price paid for the call option and the proceeds received upon the settlement of the call option contract;

   b.   not held at the end of April 9, 2014, the claim per call option is zero.

3.   For call options on Imperva common stock written on or after May 2, 2013 through on or before April 9, 2014, the claim per call option is zero.

**Put Options:**

1. For put options on Imperva common stock written on or after May 2, 2013 through on or before May 21, 2013, the claim per put option is zero.

2. For put options on Imperva common stock written on or after May 22, 2013 through on or before April 9, 2014, and

   a. held at the end of April 9, 2014, the claim per put option is the difference between the price paid upon settlement of the put option contract and the initial proceeds received upon the sale of the put option contract;

   b. not held at the end of April 9, 2014, the claim per put option is zero.

3. For put options on Imperva common stock purchased or acquired on or after May 2, 2013 through on or before April 9, 2014, the claim per put option is zero.

In the case where the option was exercised for Imperva common stock, the amount paid, or proceeds received, upon settlement of the option contract, equals the intrinsic value of the option using Imperva's common stock's closing price on the date the option was exercised.

The combined recovery for the put/call options shall not exceed 3% of the Net Settlement Fund.

The date of purchase or sale is the "contract" or "trade" date as distinguished from the "settlement" date.

For Class Members who held Imperva securities at the beginning of the Class Period or made multiple purchases, acquisitions or sales during the Class Period, the First-In, First-Out ("FIFO") method will be applied to such holdings, purchases and acquisitions, and sales for purposes of calculating a claim. Under the FIFO method, sales of Imperva securities during the Class Period will be matched, in chronological order, first against shares of securities held at the beginning of the Class Period. The remaining sales of securities during the Class Period will then be matched, in chronological order, against securities purchased or acquired during the Class Period.

A Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a net overall loss, after all profits from transactions in all Imperva securities described above during the Class Period are subtracted from all losses. However, the proceeds from sales of securities that have been matched against the securities held at the beginning of the Class Period will not be used in the calculation of such net loss. No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

Defendants, their respective counsel, and all other Released Persons will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. No Person shall have any claim against the Lead Plaintiff, Lead Plaintiff's counsel, any claims administrator, or other Person designated by Lead Plaintiff's counsel, or Defendants or Defendants' counsel, based on distributions made substantially in accordance with the Stipulation and the settlement contained therein, the Plan of Allocation, or further orders of the Court. All Class Members who fail to complete and file a valid and timely Proof of Claim and Release shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise

1    shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

2

     DATED: _____          BY ORDER OF THE COURT
3                                             UNITED STATES DISTRICT COURT
                                              NORTHERN DISTRICT OF CALIFORNIA
4                                             OAKLAND DIVISION

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A-2

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
        – and –
THEODORE J. PINTAR (131372)
DOUGLAS R. BRITTON (188769)
ASHLEY M. PRICE (281797)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
tedp@rgrdlaw.com
dougb@rgrdlaw.com
aprice@rgrdlaw.com

Lead Counsel for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| VISWANATH V. SHANKAR, Individually and on Behalf of All Others Similarly Situated, ) ) | Case No. 4:14-cv-01680-PJH |
| Plaintiff, ) | CLASS ACTION |
| vs. ) | PROOF OF CLAIM AND RELEASE |
| IMPERVA, INC., et al., ) | EXHIBIT A-2 |
| Defendants. ) | |

1297702_1

## I.     GENERAL INSTRUCTIONS

1.     Capitalized terms not defined in this Proof of Claim and Release form ("Proof of Claim and Release") have the same meaning as set forth in the Notice of Pendency and Proposed Settlement of Class Action ("Notice") that accompanies this Proof of Claim and Release and the Stipulation of Settlement, dated as of August 30, 2017 (the "Stipulation").

2.     To recover as a Member of the Class based on your claims in the action entitled *Shankar v. Imperva, Inc., et al.*, Case No. 4:14-cv-01680-PJH (the "Litigation"), you must complete and, on page ___ hereof, sign this Proof of Claim and Release.  If you fail to submit a timely and properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed settlement.

3.     Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of the settlement of the Litigation.

4.     YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, NO LATER THAN _____, 2017, ADDRESSED AS FOLLOWS:

> *Imperva Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 8040
> San Rafael, CA  94912-8040
> Online submissions: www.impervasecuritieslitigation.com

If you are NOT a Member of the Class (as defined in the Notice), DO NOT submit a Proof of Claim and Release.

5.     If you are a Member of the Class and you do not timely request exclusion, you will be bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE.

## II.    CLAIMANT IDENTIFICATION

If you purchased or otherwise acquired Imperva, Inc. ("Imperva") securities and held the certificate(s) in your name, you are the beneficial purchaser or acquirer as well as the record

PROOF OF CLAIM AND RELEASE
EXHIBIT A-2 - 4:14-cv-01680-PJH

- 1

purchaser or acquirer.  If, however, you purchased or acquired Imperva securities and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser or acquirer and the third party is the record purchaser or acquirer.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser or acquirer of the Imperva securities that form the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE IMPERVA SECURITIES UPON WHICH THIS CLAIM IS BASED.

All joint purchasers or acquirers must sign this claim.  Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

**III.    CLAIM FORM**

Use Part II of this form entitled "Schedule of Transactions in Imperva Securities" to supply all required details of your transaction(s) in Imperva securities.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to *all* of your purchases or acquisitions and *all* of your sales of Imperva securities which took place during the period May 2, 2013 through and including July 8, 2014, whether such transactions resulted in a profit or a loss.  You must also provide all of the requested information with respect to *all* of the Imperva securities you held at the close of trading on May 1, 2013 and April 9, 2014 and July 8, 2014.  Failure to report all such transactions may result in the rejection of your claim.

List each transaction separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction you list.

1    The date of covering a "short sale" is deemed to be the date of purchase of Imperva

2  securities.  The date of a "short sale" is deemed to be the date of sale of Imperva securities.

3    Copies of broker confirmations or other documentation of your transactions in Imperva

4  securities should be attached to your claim.  Failure to provide this documentation could delay

5  verification of your claim or result in rejection of your claim.

6    NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of

7  transactions may request, or may be requested, to submit information regarding their transactions in

8  electronic files.  All claimants MUST submit a manually signed paper Proof of Claim whether or not

9  they also submit electronic copies.  If you wish to file your claim electronically, you must contact the

10  Claims Administrator at 1-888-284-6889 to obtain the required file layout.  No electronic files will

11  be considered to have been properly submitted unless the Claims Administrator issues to the

12  claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

*Shankar v. Imperva, Inc., et al.*

Case No. 4:14-cv-01680-PJH

PROOF OF CLAIM AND RELEASE

**Must Be Postmarked (if Mailed) or Received (if Filed Electronically) No Later Than:**

**_____, 2017**

<u>Please Type or Print</u>

PART I:          CLAIMANT IDENTIFICATION

Beneficial Owner's Name (First, Middle, Last)

Street Address

City                                                          State or Province

Zip Code or Postal Code                        Country

_____   _____   Individual
Social Security Number or      _____   Corporation/Other
Taxpayer Identification Number

Area Code          Telephone Number (work)

Area Code          Telephone Number (home)

Record Owner's Name (if different from beneficial owner listed above)

PART II:       SCHEDULE OF TRANSACTIONS IN IMPERVA SECURITIES

A.       Number of shares of Imperva securities held at the close of trading on May 1, 2013: _____

B.       Purchases or acquisitions of Imperva securities (May 2, 2013 – July 8, 2014, inclusive):

| Trade Date Month Day Year | Number of Shares Purchased or Acquired | Total Purchase or Acquisition Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

**IMPORTANT:** If any purchase listed covered a "short sale," please mark Yes.   ☐ Yes

C.       Sales of Imperva securities (May 2, 2013 – July 8, 2014, inclusive):

| Trade Date Month Day Year | Number of Shares Sold | Total Sales Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

D.       Number of shares of Imperva securities held at the close of trading on April 9, 2014: _____

E.       Number of shares of Imperva securities held at the close of trading on July 8, 2014: _____

If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE __. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

**IV.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim and Release under the terms of the Stipulation of Settlement described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Northern District of California, with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation. I (We) agree to furnish additional information to the Claims Administrator to support this claim (including transactions in other Imperva securities) if requested to do so.  I (We) have not submitted any other claim covering the same purchases or sales of Imperva securities during the Class Period and know of no other person having done so on my (our) behalf.

**V.    RELEASE**

1.    I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge from the Released Claims each and all of the "Released Persons," defined as each and all of the Defendants and their Related Parties.  "Related Parties" means each of a Defendant's respective present and former parents, subsidiaries, divisions, joint ventures, affiliates, and each of their and Defendants' respective present and former employees, members, partners, principals, agents, officers, directors, controlling shareholders, attorneys, advisors, accountants, auditors, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, insurers, co-insurers, reinsurers, related or affiliated entities, predecessors, successors, spouses, estates, heirs, executors, trusts, trustees, administrators, agents, representatives, and assigns, in their capacity as such, any entity in which a Defendant has a controlling interest, any member of an Individual Defendant's immediate family, and any trust in which any Individual Defendant is the settlor or which is for the benefit of any Defendant and/or member(s) of his family.

2.    "Released Claims" means any and all claims and causes of action of every nature and description whatsoever whether known or unknown, whether arising under federal, state, common or foreign law, whether class or individual in nature, that Lead Plaintiff or any other Member of the

1  Class asserted in the Litigation or could have asserted in any forum that arise out of or are based

2  upon or related in any way to (a) the purchase or acquisition of Imperva securities from May 2, 2013

3  through April 9, 2014, inclusive, and (b) the allegations, transactions, acts, facts, conduct, statements

4  or omissions involved, set forth, or referred to in the complaints filed in this Litigation.  "Released

5  Claims" includes "Unknown Claims" as defined below.

6          3.      "Unknown Claims" means any Released Claims which Lead Plaintiff or Class

7  Members do not know or suspect to exist in his, her or its favor at the time of the release of the

8  Released Persons which, if known by him, her or it, might have affected his, her or its settlement

9  with and release of the Released Persons, or might have affected his, her or its decision not to object

10  to this settlement or seek exclusion from the Class.  With respect to any and all Released Claims, the

11  Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff shall expressly waive

12  and each of the Class Members shall be deemed to have, and by operation of the Judgment shall

13  have, expressly waived the provisions, rights, and benefits of California Civil Code §1542 and any

14  law of any state or territory of the United States, or principle of common law, which is similar,

15  comparable, or equivalent to California Civil Code §1542, which provides:

16          **A general release does not extend to claims which the creditor does not
            know or suspect to exist in his or her favor at the time of executing the release,**
17          **which if known by him or her must have materially affected his or her
            settlement with the debtor.**

18  Lead Plaintiff and Class Members may hereafter discover facts in addition to or different from those

19  which he, she or it now knows or believes to be true with respect to the subject matter of the

20  Released Claims, but Lead Plaintiff shall expressly settle and release and each Class Member, upon

21  the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully,

22  finally, and forever settled and released any and all Released Claims, known or unknown, suspected

23  or unsuspected, contingent or non-contingent, disclosed or undisclosed, matured or unmatured,

24  whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of

25  law or equity now existing or coming into existence in the future, including, but not limited to,

26  conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule,

27  without regard to the subsequent discovery or existence of such different or additional facts.  Lead

28

1    Plaintiff acknowledges, and the Class Members shall be deemed by operation of the Judgment to

2    have acknowledged, that the foregoing waiver was separately bargained for and a key element of the

3    settlement of which this release is a part.

4           4.      This release shall be of no force or effect unless and until the Court approves the

5    Stipulation of Settlement and the Stipulation of Settlement becomes effective on the Effective Date

6    (as defined in the Stipulation).

7           5.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or

8    purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this

9    release or any other part or portion thereof.

10         6.      I (We) hereby warrant and represent that I (we) have included the information

11   requested about all of my (our) transactions in Imperva securities which are the subject of this claim,

12   which occurred during the Class Period as well as the opening and closing positions in such

13   securities held by me (us) on the dates requested in this claim form.

14         I declare under penalty of perjury under the laws of the United States of America that all of

15   the foregoing information supplied on this Proof of Claim by the undersigned is true and correct.

16         Executed this _____ day of _____ in _____,

                                                (Month/Year)                 (City)

17   _____.

18         (State/Country)

19                                              _____

20                                              (Sign your name here)

21                                              (Type or print your name here)

22                                              _____

23                                              (Capacity of person(s) signing,
                                         *e.g.*, Beneficial Purchaser or Acquirer, Executor
                                         or Administrator)

24   **ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.**

25   **THANK YOU FOR YOUR PATIENCE.**

26

27

28

Reminder Checklist:

1. Please sign the above release and declaration.

2. If this claim is being made on behalf of Joint Claimants, then both must sign.

3. Remember to attach copies of supporting documentation, if available.

4. **Do not send** originals of certificates.

5. Keep a copy of your Proof of Claim and Release and all supporting documentation for your records.

6. If you desire an acknowledgment of receipt of your Proof of Claim and Release, please send it Certified Mail, Return Receipt Requested.

7. If you  move, please send your new address to:

*Imperva Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA  94912-8040

8. **Do not use red pen or highlighter** on the Proof of Claim and Release or supporting documentation.

**THIS PROOF OF CLAIM MUST BE SUBMITTED ONLINE OR, IF MAILED, POSTMARKED NO LATER THAN _____, 2017 ADDRESSED AS FOLLOWS:**

*Imperva Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA  94912-8040
www.impervasecuritieslitigation.com

# EXHIBIT A-3

1  ROBBINS GELLER RUDMAN
      & DOWD LLP
2  SHAWN A. WILLIAMS (213113)
   One Montgomery Street, Suite 1800
3  San Francisco, CA  94104
   Telephone:  415/288-4545
4  415/288-4534 (fax)
   shawnw@rgrdlaw.com
5        – and –
   THEODORE J. PINTAR (131372)
6  DOUGLAS R. BRITTON (188769)
   ASHLEY M. PRICE (281797)
7  655 West Broadway, Suite 1900
   San Diego, CA  92101-8498
8  Telephone:  619/231-1058
   619/231-7423 (fax)
9  tedp@rgrdlaw.com
   dougb@rgrdlaw.com
10 aprice@rgrdlaw.com

11 Lead Counsel for Plaintiff

12                 UNITED STATES DISTRICT

13             NORTHERN DISTRICT OF CALIFORNIA

14                  OAKLAND DIVISION

15 VISWANATH V. SHANKAR, Individually   )   Case No. 4:14-cv-01680-PJH
   and on Behalf of All Others Similarly Situated, )
16                                        )   CLASS ACTION
                          Plaintiff,     )
17                                        )   SUMMARY  NOTICE
           vs.                            )
18                                        )   EXHIBIT A-3
   IMPERVA, INC., et al.,                 )
19                                        )
                          Defendants.    )
20 _____)

21

22

23

24

25

26

27

28

1297710_1

TO:     ALL PERSONS AND ENTITIES WHO PURCHASED OR ACQUIRED IMPERVA, INC. ("IMPERVA") SECURITIES BETWEEN MAY 2, 2013 THROUGH APRIL 9, 2014, INCLUSIVE

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Northern District of California, that a hearing will be held on _____, 2017, at _____, before the Honorable Phyllis J. Hamilton, United States District Judge, at the United States District Court for the Northern District of California, Oakland Division, Ronald V. Dellums Federal Building & United States Courthouse, 1301 Clay Street, Courtroom 3, Oakland, California 94612, for the purpose of determining: (1) whether the proposed settlement as set forth in the Stipulation of Settlement dated August 30, 2017 ("Stipulation") of the above-captioned action ("Litigation") for $19,000,000.00 in cash should be approved by the Court as fair, just, reasonable, and adequate; (2) whether a Final Judgment and Order of Dismissal with Prejudice should be entered by the Court dismissing the Litigation with prejudice; (3) whether the Plan of Allocation is fair, reasonable, and adequate and should be approved; and (4) whether the application of Lead Counsel for the payment of attorneys' fees and expenses and Lead Plaintiff's expenses in connection with this Litigation should be approved.

IF YOU PURCHASED OR ACQUIRED IMPERVA SECURITIES BETWEEN MAY 2, 2013 THROUGH APRIL 9, 2014, INCLUSIVE, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THIS LITIGATION.  If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action ("Notice") and a copy of the Proof of Claim and Release form ("Proof of Claim and Release"), you may obtain copies by writing to *Imperva Litigation*, Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box 8040, San Rafael, CA 94912-8040, or on the internet at www.impervasecuritieslitigation.com.

If you are a Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release by mail (***postmarked no later than _____, 2017***) or submitted electronically ***no later than _____, 2017***, establishing that you are entitled to recovery.  Your failure to submit your Proof of Claim and Release by _____, 2017 will subject your claim to possible rejection and may preclude you from receiving any of the recovery in connection with the settlement of this Litigation.  If you are a Member of the Class and do not

SUMMARY  NOTICE
EXHIBIT A-3 - 4:14-cv-01680-PJH                                                                                      - 1 -

1  request exclusion, you will be bound by the settlement and any judgment and release entered in the

2  Litigation, including, but not limited to, the Judgment, whether or not you submit a Proof of Claim

3  and Release.

4          To exclude yourself from the Class, you must submit a written request for exclusion in

5  accordance with the instructions set forth in the Notice such that it is ***received no later than***

6  _____*, 2017*.  All Members of the Class who have not requested exclusion from the Class

7  will be bound by the settlement entered in the Litigation even if they do not submit a timely Proof of

8  Claim and Release.

9          Any objection to the settlement, the Plan of Allocation of settlement proceeds, or the fee and

10  expense application must be submitted to the Court in accordance with the instructions set forth in

11  the Notice ***no later than*** _____*, 2017*.  If you object, but also want to be eligible for a payment

12  from the settlement, you must still submit a Proof of Claim and Release or you will not receive a

13  payment from the settlement.

14          **PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE**

15  **REGARDING THIS NOTICE.**  If you have any questions about the settlement, you may contact

16  Lead Counsel at the following address:

17              ROBBINS GELLER RUDMAN
                 & DOWD LLP
18              DOUGLAS R. BRITTON
                655 West Broadway, Suite 1900
19              San Diego, CA  92101

20

21  DATED: _____, 2017          BY ORDER OF THE COURT
                                       UNITED STATES DISTRICT COURT
22                                     NORTHERN DISTRICT OF CALIFORNIA
                                       OAKLAND DIVISION
23

24

25

26

27

28