UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| VISWANATH V. SHANKAR, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>IMPERVA, INC., et al.,<br><br>　　　　　　Defendants. | Case No. 4:14-cv-01680-PJH<br><br>CLASS ACTION<br><br>[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |

1348027_1

This matter came before the Court pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Order") dated October 11, 2017, on the application of the parties for approval of the settlement set forth in the Stipulation of Settlement dated as of August 30, 2017 (the "Stipulation"). Due and adequate notice having been given to the Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby affirms its determinations in the Order and finally certifies for purposes of settlement only a Class defined as all Persons and entities who purchased or otherwise acquired Imperva securities between May 2, 2013 and April 9, 2014, inclusive. Excluded from the Class are the Defendants and their immediate families, the directors and officers of Imperva at all relevant times, and their legal representatives, heirs, successors or assigns. By definition, also excluded from the Class are those Persons who timely and validly excluded themselves therefrom, of which there are none.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of settlement only, the Court hereby affirms its determinations in the Order and finally appoints Lead Plaintiff Delaware County Employees Retirement System as Class Representative for the Class and Robbins Geller Rudman & Dowd LLP as Class Counsel for the Class.

5. The Court finds that the mailing and publication of the Notice, Proof of Claim and Release, and Summary Notice complied with the terms of the Stipulation and the Order, and provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled

to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

6. There have been no objections to the settlement.

7. In light of the benefits to the Class, the complexity, expense, and possible duration of further litigation against Defendants, the risks of establishing liability and damages, and the costs of continued litigation, pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the settlement set forth in the Stipulation and finds that:

(a) said Stipulation and the settlement contained therein, are, in all respects, fair, reasonable, and adequate and in the best interest of the Class;

(b) there was no collusion in connection with the Stipulation;

(c) the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel; and

(d) the record is sufficiently developed and complete to have enabled the Lead Plaintiff and the Defendants to have adequately evaluated and considered their positions.

8. Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof.  Except as to any individual claim of those Persons who have validly and timely requested exclusion from the Class, of which there are none, the Court hereby dismisses the Litigation and all Released Claims of the Class with prejudice.  The Settling Parties are to bear their own costs, except as and to the extent provided in the Stipulation and herein.

9. Upon the Effective Date, and as provided in the Stipulation, Lead Plaintiff shall, and each of the Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged any and all Released Claims (including Unknown Claims) against the Released Persons, whether or not such Class Member executes and delivers the Proof of Claim and Release form or shares in the Settlement Fund. Claims to enforce the terms of the Stipulation are not released.

10. Lead Plaintiff and all Class Members are hereby forever barred and enjoined from prosecuting any of the Released Claims against any of the Released Persons.

11. Upon the Effective Date, and as provided in the Stipulation, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiff, each and all of the Class Members, and Lead Plaintiff's counsel from all claims and causes of action of every nature and description (including Unknown Claims) whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants, except for claims relating to the enforcement of the settlement.

12. Each Member of the Class, whether or not such Member of the Class executes and delivers a Proof of Claim and Release, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation.

13. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or their respective Related Parties, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or their respective Related Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  The Defendants and/or their respective Related Parties may file the Stipulation and/or this Judgment from this action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.  Defendants have no responsibility with respect to the Plan of Allocation.

15. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund;

1  (c) hearing and determining applications for attorneys' fees, expenses, and interest in the Litigation; and (d) all parties herein for the purpose of construing, enforcing, and administering the Stipulation.

16. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

17. In the event that the settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

18. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

19. The provisions of this Judgment constitute a full and complete adjudication of the matters considered and adjudged herein, and the Court directs immediate entry of this Judgment by the Clerk of the Court.

IT IS SO ORDERED.

DATED: January 31, 2018

_____
THE HONORABLE PHYLLIS J. HAMILTON
UNITED STATES DISTRICT JUDGE