PAGES   1 - 20

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**BEFORE THE HONORABLE PHYLLIS J. HAMILTON, JUDGE**

VISWANATH SHANKAR,                )
                                  )
            PLAINTIFF,            )    NO. C-14-1680 PJH
                                  )
  VS.                             )    WEDNESDAY, JANUARY 31, 2018
                                  )
IMPERVA, INC., ET AL.             )    OAKLAND, CALIFORNIA
                                  )
                                  )    FINAL APPROVAL OF CLASS
                                  )      ACTION SETTLEMENT
            DEFENDANTS.           )
_____)

### REPORTER'S TRANSCRIPT OF PROCEEDINGS

**APPEARANCES:**

**FOR PLAINTIFF:**           ROBBINS GELLER RUDMAN & DOWD
                             655 WEST BROADWAY, SUITE 1900
                             SAN DIEGO, CALIFORNIA 92101
                    BY:  DOUGLAS R. BRITTON, ESQUIRE
                         THEODORE J. PINTAR, ESQUIRE


**FOR DEFENDANT:**           FENWICK & WEST
                             555 CALIFORNIA STREET, 12TH FLOOR
                             SAN FRANCISCO, CALIFORNIA 94104
                    BY:  JENNIFER C. BRETAN, ESQUIRE


**REPORTED BY:**             DIANE E. SKILLMAN, CSR 4909, RPR, FCRR
                             OFFICIAL COURT REPORTER

        TRANSCRIPT PRODUCED BY COMPUTER-AIDED TRANSCRIPTION

| | |
|---|---|
| 1 | WEDNESDAY, JANUARY 31, 2018                    9:03 A.M. |
| 2 | P R O C E E D I N G S |
| 3 | THE CLERK:  CALLING CIVIL CASE 14-01680 SHANKAR |
| 4 | VERSUS IMPERVA, INC., ET AL. |
| 5 | COUNSEL, PLEASE STEP FORWARD AND STATE YOUR APPEARANCES. |
| 6 | MS. BRETAN:  GOOD MORNING, YOUR HONOR.  JENNIFER |
| 7 | BRETAN FROM FENWICK AND WEST FOR THE IMPERVA DEFENDANTS. |
| 8 | THE COURT:  GOOD MORNING. |
| 9 | MR. BRITTON:  GOOD MORNING, YOUR HONOR.  DOUG BRITTON |
| 10 | WITH ROBBINS GELLER ON BEHALF OF PLAINTIFF. |
| 11 | THE COURT:  GOOD MORNING. |
| 12 | THIS MATTER IS ON FOR FINAL APPROVAL HEARING.  I'VE |
| 13 | REVIEWED YOUR PAPERS.  DID YOU WISH TO MAKE A PRESENTATION |
| 14 | THIS MORNING? |
| 15 | MR. BRITTON:  I DO, YOUR HONOR. |
| 16 | YOUR HONOR PRELIMINARILY APPROVED THIS SETTLEMENT AND |
| 17 | NOTICE PLAN IN OCTOBER, OCTOBER 11TH, 2017 AND MAILINGS |
| 18 | STARTED GOING OUT ON OCTOBER 23RD, 2017.  APPROXIMATELY OR A |
| 19 | LITTLE OVER 15,000 NOTICES WERE MAILED TO CLASS MEMBERS AND IN |
| 20 | *THE WALL STREET JOURNAL* AND THE *BUSINESS WIRE* NOTICE WAS |
| 21 | PUBLICIZED ON NOVEMBER 6TH, 2017. |
| 22 | SO I'M HAPPY TO REPORT THAT WITH ALL OF THOSE NOTICES, WE |
| 23 | HAVE NO OBJECTIONS AND NO REQUESTS FOR EXCLUSIONS.  AND |
| 24 | UPDATED NUMBERS ON SUBMITTED CLAIMS, AT LAST CHECK WE WERE AT |
| 25 | 4100 SUBMITTED CLAIMS. |

1          **THE COURT:**  THE LAST REPORT WAS ON JANUARY 17TH AND

2     YOU HAD RECEIVED 26 --

3          **MR. BRITTON:**  2600.  THE WAY IT TYPICALLY WORKS, YOUR

4     HONOR, IS THE BIG FUNDS TYPICALLY SUBMIT ON THE LAST FEW

5     DAYS --

6          **THE COURT:**  RIGHT.

7          **MR. BRITTON:**  -- OF THE ALLOTTED PERIOD.  SO THAT'S

8     WHY IN A SPAN OF A WEEK WE RECEIVED A THOUSAND CLAIMS.  AND

9     THEY EXPECT THAT NUMBER TO GROW TO ABOUT 5,000 CLAIMS.

10          **THE COURT:**  OKAY.  WELL, THE DEADLINE WAS

11     JANUARY 22ND?

12          **MR. BRITTON:**  DEADLINE WAS JANUARY 22ND, BUT WE DO

13     HAVE THE DISCRETION UNDER THE STIPULATION TO ACCEPT LATE-FILED

14     CLAIMS.  AS LONG AS IT DOESN'T MATERIALLY DELAY THE

15     DISBURSEMENT OF THE SETTLEMENT FUNDS, WE WILL ACCEPT THOSE

16     LATE CLAIMS.

17          **THE COURT:**  OKAY.  SO YOU HAVE ABOUT 4100 RIGHT NOW?

18          **MR. BRITTON:**  RIGHT NOW WE HAVE ABOUT 4100 AT LAST

19     CHECK.  AND I THINK OUR LAST CHECK WAS FRIDAY OF LAST WEEK, I

20     BELIEVE, YOUR HONOR.

21          **THE COURT:**  OKAY.

22          **MR. BRITTON:**  SO WE THINK THE LACK OF OBJECTION AND

23     THE LACK OF REQUESTS FOR EXCLUSION IS A TESTAMENT TO ALL THREE

24     ORDERS THAT WE ARE ASKING YOUR HONOR TO SIGN TODAY, APPROVING

25     THE SETTLEMENT, APPROVING THE PLAN OF ALLOCATION, AND

1    APPROVING FEES AND EXPENSES.

2         SO LET ME SAY A BIT ABOUT --

3         **THE COURT:**  OKAY.  BUT THE RESPONSE OF THE CLASS IS

4    ONLY ONE OF THE *CHURCHHILL* FACTORS.

5         **MR. BRITTON:**  THAT'S TRUE, YOUR HONOR.  AND IT'S AN

6    IMPORTANT ONE.

7         SO THAT'S ONE OF THE REASONS WE HAVE THAT NOTICE GO OUT IS

8    TO SEE WHAT THE RESPONSE IS FROM POTENTIAL CLASS MEMBERS.  WE

9    HAVE 4,000 CLAIMS, AND NOBODY HAS SUBMITTED OBJECTION.  NOBODY

10   SUBMITTED A REQUEST FOR EXCLUSION.  SO WE THINK THAT'S A GOOD

11   RESULT, AND WE THINK IT SPEAKS TO THE REASONABLENESS AND

12   STRENGTH OF THE SETTLEMENT AND THE REQUEST.

13        LET ME SAY A WORD ABOUT THE SETTLEMENT, YOUR HONOR.  WE

14   THINK IT'S A REMARKABLE SETTLEMENT GIVEN WHAT WE WERE FACED

15   WITH.  SO WE LOST MR. KRAMER AS A DEFENDANT.  WE LOST GUIDANCE

16   WHICH AFFECTED LOSS CAUSATION, AND THEN WE LOST A BUNCH OF

17   STATEMENTS AT THE MOTION TO DISMISS STAGE.

18        SO WHAT WE WENT INTO THE CASE WITH AND WHAT WE CAME OUT

19   AFTER THE MOTION TO DISMISS WAS VERY, VERY DIFFERENT.  SO WHEN

20   YOU LOOK AT THOSE -- AT THE SETTLEMENT IN THAT REGARD WITH THE

21   RISK OF NO RECOVERY BEING VERY HIGH, WE THINK THAT A

22   $19 MILLION SETTLEMENT IS A VERY STRONG SETTLEMENT.  IN FACT,

23   WE CITED IT IN OUR PAPERS, BUT IT ALMOST TRIPLES THE AVERAGE

24   MEDIAN SETTLEMENT BETWEEN THE 1996 AND 2016 PERIOD.

25        SO IN TERMS OF LOOKING AT WHAT OTHER CASES ARE DOING, IT

```
1   ALMOST TRIPLES IT.  SO WE THINK THAT THAT SPEAKS TO THE

2   STRENGTH OF THE SETTLEMENT, YOUR HONOR.

3      SO WE THINK IT CHECKS ALL THE BOXES.  IF YOU WANT ME TO GO

4   THROUGH THEM, I CAN.  THEY ARE IN OUR PAPERS.  BUT THE RISK OF

5   NO RECOVERY WAS VERY HIGH IN THIS CASE ESPECIALLY AFTER THE

6   MOTION TO DISMISS.  WE HAD CLASS CERTIFICATION PENDING.  SO

7   THERE WAS SUBSTANTIAL RISK AND WE THINK THE SETTLEMENT IS

8   STRONG AND SHOULD BE APPROVED.

9          THE COURT:  TALK TO ME ABOUT THE PLAN OF ALLOCATION.

10         MR. BRITTON:  THE PLAN OF ALLOCATION, YOUR HONOR, THE

11  STANDARD IS THE SAME AS IT IS FOR THE SETTLEMENT.  IT HAS TO

12  BE FAIR, ADEQUATE, AND REASONABLE.

13     AND SINCE THIS IS A SINGLE-DROP CASE, IT REALLY IS

14  STRAIGHTFORWARD.  IT'S NOT ONE OF THOSE KIND OF CASES WHERE

15  YOU HAVE A NUMBER OF DIFFERENT DROPS AND YOU'RE TRYING TO

16  ALLOCATE DIFFERENT THINGS.  SO IT'S REALLY FORMULAIC.  OUR

17  DAMAGES EXPERT DEVELOPED IT ALONG WITH THE THEORY OF THE CASE.

18     OUT-OF-POCKET DAMAGES WAS THE STANDARD THAT HE USED.  AND

19  IT'S VERY SIMPLE:  IF YOU BOUGHT DURING THE CLASS PERIOD AND

20  YOU SOLD BEFORE, THERE'S NO DAMAGES SO THERE'S NO RECOVERY.

21  IF YOU BOUGHT DURING THE CLASS PERIOD AND SOLD AFTER, BUT

22  DURING THE 90-DAY LOOK-BACK, THERE'S A FORMULA.  IT'S THE

23  LESSER OF THREE DIFFERENT CALCULATIONS.  AND THEN THE SAME

24  WITH RESPECT IF YOU BOUGHT DURING THE CLASS PERIOD AND SOLD AT

25  THE END OF THE 90-DAY, LOOK-BACK, THEN THERE'S A CALCULATION
```

1    FOR WHO RECOVERS IN THAT REGARD.

2        AND IT'S REALLY STRAIGHTFORWARD.  IT'S STANDARD, YOUR

3    HONOR, AND WE THINK THAT IT MEETS THE REASONABLENESS STANDARD.

4            **THE COURT:**  OKAY.

5            **MR. BRITTON:**  AND THEN WITH RESPECT TO FEES AND

6    EXPENSES, YOUR HONOR; THE STANDARD THERE, IT HAS TO BE FAIR

7    UNDER THE CIRCUMSTANCES.  AND THIS WAS A CASE THAT REQUIRED A

8    LOT OF WORK.  MS. BRETAN AND I WERE TALKING OUTSIDE ABOUT HOW

9    HARD FOUGHT IT WAS.  AND IT'S ONE OF THE MORE DIFFICULT CASES

10   THAT I HAVE HAD TO INVESTIGATE AND LITIGATE.

11       WE INVESTED OVER 8,000 HOURS LITIGATING THIS CASE.  SO

12   IT -- FROM A WORKLOAD STANDPOINT, WE THINK THAT THE REQUEST

13   THAT WE MADE IS A VERY REASONABLE ONE.

14       WE ARE MAKING THE BENCHMARK REQUEST IN THE NINTH CIRCUIT

15   25 PERCENT.  AND YOU WILL NOTICE, YOUR HONOR, THAT IF YOU LOOK

16   AT OTHER CASES IN THIS SETTLEMENT RANGE, THE -- IN OTHER CASES

17   THE REQUEST AND THE APPROVAL OF THE FEES IS IN THE 27 AND A

18   HALF TO 30 PERCENT RANGE.  WE ARE NOT ASKING FOR THAT.  WE ARE

19   JUST ASKING STRAIGHT FOR THE BENCHMARK AS SUGGESTED BY THE

20   NINTH CIRCUIT.

21       AND THEN THE SAME WITH RESPECT TO THE EXPENSES, YOUR

22   HONOR.  WE ARE ASKING FOR ROUGHLY $346,800 IN EXPENSES.  AND,

23   AGAIN, IF YOU LOOK HISTORICALLY AT THE CASES FROM '96 TO 2000,

24   YOUR EXPENSES AS A PERCENTAGE OF SETTLEMENT, THE MEDIAN NUMBER

25   IS 2.7.  WE ARE ALMOST A FULL PERCENTAGE POINT BELOW THAT.

7

1    OUR EXPENSES WERE 1.8.

2        AND ALL OF THOSE EXPENSES, YOUR HONOR, WERE -- THE

3    DECISION ON THOSE WERE MADE WHEN THE CASE WAS ONGOING.  WE

4    DIDN'T KNOW IF WE WERE GOING TO RECOVER OR NOT.  SO THOSE

5    EXPENSES, I MADE THOSE DECISIONS ON WHAT EXPENSES TO INCUR

6    WHICH NOT TO INCUR, AND I THOUGHT THEY WERE ALL NECESSARY TO

7    EFFECTIVELY PROSECUTE THE CASE.  WE WEREN'T SURE THAT THEY

8    WERE GOING TO GET RETURNED, SO I'M RATHER CONSERVATIVE --

9            **THE COURT:**  THOSE ARE THE FIXED EXPENSES.

10           **MR. BRITTON:**  CORRECT.

11           **THE COURT:**  YOU DON'T ANTICIPATE ANY MORE.  I MEAN

12   THE CLASS NOTICE GAVE AN ESTIMATE OF $400,000.

13       DO YOU ANTICIPATE INCURRING MORE EXPENSES?

14           **MR. BRITTON:**  WE ARE INCURRING MORE EXPENSES.  THE

15   TRIP UP HERE COST -- IT'S A CHARGE TO US.  BUT THAT'S NOT A

16   CHARGE THAT'S GOING TO BE THAT WE ARE GOING TO PASS ON TO THE

17   CLASS.

18       SO THE REQUEST THAT WE HAVE MADE IS THE REQUEST WE ARE

19   MAKING.  WE ARE NOT ASKING FOR ANYTHING FURTHER.

20           **THE COURT:**  ALL RIGHT.  WHAT ABOUT THE ADMINISTRATION

21   EXPENSES?  IT ALSO COMES IN LOWER THAN WHAT YOU HAD PUT IN

22   YOUR CLASS NOTICE, BUT I ANTICIPATE THAT THERE WILL BE MORE

23   EXPENSES.

24           **MR. BRITTON:**  THEIR -- THE ESTIMATE NOW IS STILL --

25   WHEN WE FIRST FILED OUR MOTION FOR PRELIMINARY APPROVAL, THE

1  ESTIMATE WAS ABOUT 265,000.  THAT NUMBER CAME DOWN WHEN WE

2  FOUGHT OUR MOTION FOR FINAL APPROVAL TO 250,000.

3      I SPOKE TO THE NOTICE ADMINISTRATOR ON FRIDAY.  THEY STILL

4  THINK THAT IT'S GOING TO BE ROUGHLY AROUND 250,000, BUT THE

5  STIPULATION GIVES US THE ABILITY TO PAY WHATEVER FEES ARE

6  NECESSARY TO EFFECTUATE THE NOTICE AND DISTRIBUTE THE MONEY

7  THROUGH THE CLAIMS PROCESS.

8          **THE COURT:**  OKAY.  BUT IT IS STILL ESTIMATED TO BE

9  WITHIN THE SAME BALLPARK THAT YOU NOTICED THE CLASS --

10         **MR. BRITTON:**  CORRECT.

11         **THE COURT:**  -- OF.

12         **MR. BRITTON:**  CORRECT.

13         **THE COURT:**  OKAY.

14         **MR. BRITTON:**  AND THEN LASTLY, YOUR HONOR, THE LEAD

15  PLAINTIFF REIMBURSEMENT, WE -- I TOOK NOTICE OF THE QUESTIONS

16  THAT YOU ASKED AT THE PRELIMINARY APPROVAL, WHAT WAS IN THE

17  REQUEST THEY WERE GOING TO MAKE.  NOTICED -- WE NOTICED THAT

18  THEY'RE GOING TO REQUEST UP TO $25,000 IN EXPENSE

19  REIMBURSEMENT.

20      WE, IN THE DECLARATION OF MR. O'LONE, WE KIND OF BROKE

21  OUT, BECAUSE YOU ASKED WHAT WAS IN THERE, WE BROKE OUT WHAT

22  THEY DID.  AND THE REQUEST IS ACTUALLY HALF, ABOUT HALF OF

23  WHAT WAS IN THE NOTICE, 10,916.  YOUR HONOR WILL NOTICE THAT

24  WHAT THEY DID IS TYPICAL OF WHAT AN ACTIVE LEAD PLAINTIFF WILL

25  DO IN THESE CASES.

1            **THE COURT:**  RIGHT.  OKAY.

2            **MR. BRITTON:**  SO IF -- YOUR HONOR, THAT'S IT FOR WHAT

3      I HAVE TO PRESENT.  IF YOUR HONOR HAS ANY QUESTIONS, I'M HAPPY

4      TO ANSWER THEM.

5         MR. PINTAR IS HERE.  HE'S THE HEAD OF OUR SETTLEMENT

6      DEPARTMENT.  IF THERE'S ANY QUESTIONS YOU HAVE ON THE

7      SETTLEMENT PROCESS THAT I CAN'T ANSWER, HE'S HERE TO ANSWER

8      QUESTIONS AS WELL.

9            **THE COURT:**  NO.  I'M SATISFIED THAT YOU'VE MET THE

10     *CHURCHHILL* FACTORS, EACH OF THEM.

11        I GUESS MY ONLY QUESTION IS, PARTICULARLY GIVEN THAT THE

12     NINTH CIRCUIT RECENTLY RULED, I HAVEN'T READ THE CASE VERY

13     CAREFULLY, BUT THAT THE COURT HAS TO SCRUTINIZE RULE 23

14     REQUIREMENTS EVEN FOR A SETTLEMENT.

15        AND IN THIS CASE YOU DIDN'T ADDRESS RULE 23 IN THIS

16     MOTION.  I JUST ASSUME THAT YOU'RE RELYING UPON THE SHOWING

17     YOU MADE IN THE MOTION FOR PRELIMINARY APPROVAL.

18        IS THAT A CORRECT ASSUMPTION ON MY PART?

19           **MR. BRITTON:**  YES.  I BELIEVE YOU ARE REFERRING TO

20     THE *HYUNDAI* CASE, YOUR HONOR, THAT CAME OUT.  IT WAS ON THE

21     23RD LAST WEEK.

22           **THE COURT:**  IT WAS LAST WEEK.

23           **MR. BRITTON:**  AND HAD THAT COME OUT BEFOREHAND, WE

24     CERTAINLY WOULD HAVE PUT SOMETHING IN OUR PAPERS.

25        BUT WHAT THAT CASE ESSENTIALLY STANDS FOR IS THE STANDARD

1    THAT THE COURT HAS TO GO THROUGH TO CERTIFY A CLASS FOR

2    SETTLEMENT PURPOSES IS THE SAME AS IT IS DURING THE

3    LITIGATION.  AND THE EVIDENTIARY BURDEN IS THE SAME ON THE

4    PLAINTIFF.

5        SO I SUBMIT, YOUR HONOR, WHEN WE -- WHEN WE SETTLED THE

6    CASE, CLASS CERTIFICATION WAS FULLY BRIEFED.  WE HAD EVIDENCE

7    IN THAT MOTION THAT SUPPORTED THE CERTIFYING OF THE CLASS.

8    AND THEN IN OUR PRELIMINARY APPROVAL MOTION, WE ALSO CITED AN

9    EVIDENTIARY BASIS FOR THE COURT TO CERTIFY THE CLASS.

10        **THE COURT:**  AND I MADE A PRELIMINARY FINDING AT THE

11   PRELIMINARY APPROVAL STAGE THAT THE CLASS WAS CERTIFIABLE.

12        **MR. BRITTON:**  CORRECT.

13        **THE COURT:**  I WAS CERTAINLY PROCEEDING UNDER THE

14   ASSUMPTION THAT THE SAME SHOWING WASN'T NECESSARY FOR

15   SETTLEMENT PURPOSES.

16        NONETHELESS, ARE YOU SIMPLY RESTING ON THE SHOWING THAT

17   YOU'VE MADE, NOT WITH REGARD TO THE CLASS CERTIFICATION MOTION

18   BECAUSE I NEVER READ IT.  IT WASN'T FULLY -- I DON'T BELIEVE

19   IT WAS FULLY BRIEFED --

20        **MS. BRETAN:**  IT WAS FULLY BRIEFED.

21        **THE COURT:**  IT WAS FULLY BRIEFED BUT YOU WITHDREW IT

22   BEFORE WE HAD A HEARING, CORRECT?

23        **MS. BRETAN:**  WE HAD THE HEARING.

24        **THE COURT:**  YOU HAD THE HEARING?

25        **MS. BRETAN:**  THE SETTLEMENT CAME AFTER.

1          **THE COURT:**  I'M CONFUSING IT WITH SO MANY OTHER

2   CASES.

3          **MR. BRITTON:**  RIGHT.

4          **THE COURT:**  WE HAD A HEARING ON THE CLASS

5   CERTIFICATION BUT BEFORE AN ORDER WAS ISSUED?

6          **MR. BRITTON:**  CORRECT, YOUR HONOR.

7          **THE COURT:**  YOU WITHDREW IT?

8          **MR. BRITTON:**  YES.

9          **THE COURT:**  SO I MUST HAVE READ IT IF WE HAD THE

10  HEARING.

11          **MR. BRITTON:**  YES.

12          **THE COURT:**  BUT I DIDN'T REREAD IT OR CONSIDER IT IN

13  CONJUNCTION WITH THIS PARTICULAR MOTION.  I SIMPLY RELIED UPON

14  THE FACTORS THAT YOU INCLUDED IN YOUR MOTION FOR PRELIMINARY

15  APPROVAL.

16          **MR. BRITTON:**  CORRECT, YOUR HONOR.

17     AND THE *HYUNDAI* CASE SAYS THAT IT IS PLAINTIFF'S BURDEN TO

18  BRING FORTH EVIDENCE THAT WOULD ALLOW THE COURT TO MAKE ITS

19  ASSESSMENT ON CLASS CERTIFICATION.

20     WE DID THAT.  THE SAME EXPERT REPORT THAT WE INCORPORATED

21  INTO OUR MOTION FOR CLASS CERTIFICATION WE ALSO CITED IN OUR

22  PRELIMINARY APPROVAL BRIEF.  SO THERE'S AN EVIDENTIARY BASIS

23  IN THAT MOTION THAT YOUR HONOR HAS LOOKED AT AND BASED ITS

24  DECISION ON, WE THINK MEETS THE STANDARD EVEN ENUNCIATED IN

25  *HYUNDAI*.

1          **THE COURT:**  ALL RIGHT.  AND AT THIS PARTICULAR

2     JUNCTURE, IS THERE A STIPULATION THAT CERTIFICATION OF THE

3     CLASS FOR PURPOSES OF SETTLEMENT IS APPROPRIATE?

4          **MR. BRITTON:**  THERE IS, YOUR HONOR.  IN THE

5     STIPULATION OF SETTLEMENT DATED BACK IN AUGUST OF 2017 THAT

6     THE PARTIES CAME TO AN AGREEMENT THAT A CLASS IS CERTIFIABLE

7     FOR SETTLEMENT PURPOSES ONLY.

8          **THE COURT:**  OKAY.  ALL RIGHT.  BUT YOU'RE USING THE

9     SAME STANDARD NOW FOR SETTLEMENT PURPOSES THAT YOU WERE

10    RELYING UPON IN MOVING FOR LITIGATION SETTLEMENT.

11         **MR. BRITTON:**  THAT IS CORRECT, YOUR HONOR.  YES.

12         **THE COURT:**  OKAY.

13         **MR. BRITTON:**  THE EVIDENCE THAT I RELIED ON BEFORE

14    THE CASE SETTLED IS THE SAME EVIDENCE THAT I AM RELYING ON FOR

15    PURPOSES OF THE SETTLEMENT CLASS.

16         **THE COURT:**  OKAY.

17       WELL, I JUST WANT TO MAKE SURE THIS IS NOT A CONTESTED

18    ISSUE; THAT THE DEFENSE AGREES AS WELL THAT THE REQUIREMENTS

19    OF *HYUNDAI* ARE MET WITH REGARD TO THIS SETTLEMENT.

20         **MS. BRETAN:**  HONESTLY, YOUR HONOR, I HADN'T THOUGHT

21    ABOUT IT BEFORE TODAY, SO I REALLY HAVEN'T CONSIDERED THE

22    ISSUE.

23       BUT WHAT I CAN SAY IS THAT THE PARTIES DID AGREE IN THE

24    STIPULATION TO STIPULATE TO A CLASS FOR PURPOSES OF SETTLING

25    THE CASE.  AND WHILE CLASS CERTIFICATION WAS, YOU KNOW,

```
 1    OBVIOUSLY HOTLY CONTESTED BETWEEN THE PARTIES AND WE EACH HAD

 2    OUR RESPECTIVE VIEWS ON HOW THE COURT WOULD COME OUT ON THAT,

 3    WHILE THAT WAS PENDING, YOU KNOW, THE PARTIES DID AGREE TO

 4    STIPULATE TO A SETTLEMENT CLASS.

 5        SO, YOU KNOW, WE DIDN'T SUPPLANT THE COURT'S DETERMINATION

 6    IN THAT RESPECT.  I MEAN, IT WAS A CONTESTED ISSUE, BUT WE DID

 7    AGREE FOR PURPOSES OF THE SETTLEMENT --

 8            THE COURT:  RIGHT.

 9            MS. BRETAN:  -- TO CLASS TREATMENT.

10            THE COURT:  ALL RIGHT.

11        BUT MY DILEMMA IS THIS:  I THINK THAT I'VE ALWAYS LOOKED

12    AT AND I BELIEVE THE PARTIES, MOST LAWYERS DID BEFORE THE

13    HYUNDAI DECISION, THAT A SETTLEMENT CLASS IS DIFFERENT THAN A

14    LITIGATION CLASS.  CORRECT?  YOU CAN STIPULATE THAT RULE 23

15    WAS MET FOR PURPOSES OF A SETTLEMENT CLASS.

16            MS. BRETAN:  CORRECT.

17            THE COURT:  AND VERY FEW PARTIES SO STIPULATE WITH

18    REGARD TO A LITIGATION CLASS.

19            MR. BRITTON:  CORRECT.

20            THE COURT:  OKAY.

21        I JUST WANT TO MAKE SURE THAT YOU ALL CONTEMPLATE THAT IS

22    THE NATURE OF YOUR AGREEMENT; THAT YOU ARE AGREEING UNDER

23    HYUNDAI -- AND LIKE I SAID, I HAVEN'T READ IT CAREFULLY, BUT I

24    AM AWARE OF THIS HOLDING THAT WE HAVE TO TREAT THEM THE SAME

25    WAY.
```

1    WOULD THIS SETTLEMENT, INCLUDING THE COURT'S PRELIMINARY

2  APPROVAL OF THE CLASS AND IF I GRANT FINAL APPROVAL, WILL THAT

3  PASS *HYUNDAI*?  THE *HYUNDAI* TEST?

4       **MR. BRITTON:**  WE BELIEVE THAT IT WILL, YOUR HONOR,

5  BECAUSE OF THE FACT THAT WE'RE RELYING -- WE HAVE AN

6  EVIDENTIARY BASIS IN THAT PRELIMINARY APPROVAL MOTION FOR A

7  CERTIFICATION OF A SETTLEMENT CLASS.  SO WE THINK THAT IT

8  MEETS *HYUNDAI*.

9       **THE COURT:**  OKAY.  AND DO YOU HAVE ANY OPPOSITION TO

10  THAT?

11       **MS. BRETAN:**  WE --

12       **THE COURT:**  EVEN THOUGH YOU ARE NOT PREPARED TO AGREE

13  TO IT SPECIFICALLY.

14       **MS. BRETAN:**  RIGHT.  WE DIDN'T OPPOSE THEIR

15  PRELIMINARY SETTLEMENT PAPERS WHEN THEY PUT THEM IN.

16       **THE COURT:**  RIGHT.

17       **MS. BRETAN:**  AND, YOU KNOW, HOW THEY ARTICULATED

18  THOSE RULE 23 FACTORS FOR PURPOSES OF THE SETTLEMENT, WE

19  OBVIOUSLY DIDN'T TAKE ISSUE WITH IT IN THAT CONTEXT.  SO I

20  DON'T THINK WE CAN TAKE ISSUE WITH IT CURRENTLY.

21    IF YOU ARE ASKING ME TO OPINE SPECIFICALLY ON *HYUNDAI*

22  WITHOUT SITTING WITH THE CASE IN FRONT OF ME, DO I THINK IT

23  UPSETS THE APPLE CART ON THIS SETTLEMENT, IT'S HARD -- I DON'T

24  KNOW.

25       **THE COURT:**  RIGHT.

1          **MS. BRETAN:**  BUT WHAT I CAN SAY IS THE PARTIES, YOU

2     KNOW, AT ARM'S LENGTH REACHED A SETTLEMENT AND WE DIDN'T

3     OPPOSE THEIR PRELIMINARY APPROVAL MOTION.  AND, YOU KNOW, TO

4     THE EXTENT THAT THEY PUT IN AN EVIDENTIARY BASIS THAT YOU FIND

5     IN YOUR --

6          **THE COURT:**  I ALREADY PRELIMINARILY --

7          **MS. BRETAN:**  RIGHT.  YOU FOUND IT SATISFIED FOR THAT

8     PURPOSE, WE DIDN'T OBJECT TO THAT.  SO THAT'S -- IT'S AN

9     INTERESTING QUESTION.

10         **THE COURT:**  IT IS AN INTERESTING QUESTION AND WE

11     DON'T KNOW YET HOW IT IS GOING TO PLAY OUT AND QUERY HOW IT

12     GETS TO THE NINTH CIRCUIT ON A SETTLEMENT.  I HAVEN'T READ THE

13     CASE CAREFULLY LIKE I SAID.  I'M NOT SURE IF BOTH SIDES

14     AGREEING, WHY IS THE NINTH CIRCUIT EVEN -- THERE MUST HAVE

15     BEEN OBJECTORS.

16         **MR. BRITTON:**  THERE WERE OBJECTORS, YOUR HONOR, AND

17     IT WAS A CONSUMER CASE.  AND IT WAS ABOUT MILEAGE AND THE

18     MILES PER GALLON.  AND THE ISSUE WAS THERE WAS AN OBJECTOR AND

19     THERE ANOTHER CASE ON THE EAST COAST, AND SO THE CALIFORNIA --

20     THE PARTIES IN CALIFORNIA WERE TRYING TO CERTIFY A CLASS OVER

21     ALL 50 STATES.

22        AND SO THE COURT CAME FORWARD AND SAID YOU NEED TO

23     SATISFY -- YOU NEED TO MAKE AN EVIDENTIARY SHOWING, AND THE

24     COURT NEEDS TO ACCEPT IT THAT THE LAWS OF THE 50 STATES ALL

25     COMPLY.

1           **THE COURT:**  THERE WAS THAT *MAZZA* ISSUE, RIGHT?

2           **MR. BRITTON:**  I DON'T KNOW IF IT WAS THE --

3           **THE COURT:**  ON THE CHOICE OF LAW QUESTION?

4           **MR. BRITTON:**  THAT'S CERTAINLY INVOLVED IN THAT.

5           **MS. BRETAN:**  IT WAS A PART OF A NATIONWIDE CLASS,

6    RIGHT?  THAT WAS THE ISSUE THERE.  THAT IS NOT AN ISSUE IN

7    THIS CASE.

8           **THE COURT:**  THAT'S NOT AN ISSUE IN THIS CASE BECAUSE

9    IT'S BROUGHT UNDER THE FEDERAL SECURITIES LAW.  IT IS NOT

10   BROUGHT UNDER STATE LAWS, RIGHT?

11          **MS. BRETAN:**  RIGHT.  SO THAT SORT OF POSED A SLIGHTLY

12   DIFFERENT QUESTION THAN WHAT -- I MEAN, YOU COULD DISTINGUISH

13   IT ON THAT BASIS, I SUPPOSE.

14      I THINK HERE IT'S NOT A NATIONWIDE CLASS ISSUE, IT'S JUST,

15   YOU KNOW, A HOTLY CONTESTED ISSUE OVER WHETHER CLASS --

16   WHETHER YOU WOULD HAVE RULED ONE WAY OR THE OTHER ON CLASS

17   CERTIFICATION ON THE ISSUES THAT WERE RAISED, PRICE, LOST

18   CAUSATION, ET CETERA.  AND I DON'T, YOU KNOW, I DON'T KNOW

19   WHERE *HYUNDAI* PLAYS OUT IN THAT CONTEXT.

20          **THE COURT:**  THE ONLY THING I AM CONCERNED ABOUT IS

21   THERE WAS A VERY CLEAR PRONOUNCEMENT THAT WE HAVE TO LOOK AT

22   RULE 23 AT CLASS SETTLEMENT.

23          **MR. BRITTON:**  WELL, YOUR HONOR, WHEN I SAW THAT

24   OPINION, I WENT BACK TO OUR OPENING MOTION FOR THE PRELIMINARY

25   APPROVAL MOTION AND I MADE SURE THAT WE CITED TO THE EXPERT

```
1    REPORT THAT WE USED AS EVIDENCE FOR OUR OPENING MOTION BEFORE

2    THE CASE HAD SETTLED.

3            THE COURT:  OKAY.  IT HAS BEEN MORE THAN A YEAR; I AM

4    SORRY, I DON'T REMEMBER THE INITIAL MOTION.  BUT OBVIOUSLY I

5    APPROVED IT AT THE PRELIMINARY STAGE.  AND THAT'S SUFFICIENT,

6    ASSUMING YOU ARE SIMPLY RELYING UPON THAT SHOWING BECAUSE YOU

7    DON'T MENTION IT AT ALL IN YOUR FINAL PAPERS.

8            MR. BRITTON:  CORRECT, YOUR HONOR.

9            THE COURT:  ALL RIGHT.  SO ON THE BASIS OF THE PRIOR

10   FINDING, THEN I WOULD CONTINUE TO FIND THAT RULE 23

11   REQUIREMENTS HAVE BEEN MET.

12       ALL RIGHT.  NOW, IS THERE -- YOU'VE ADDRESSED THE PLAN,

13   THE SETTLEMENT, AND THE FEES.

14           MR. BRITTON:  FEES, EXPENSES, AND THE LEAD PLAINTIFF

15   REQUEST.

16           THE COURT:  OKAY.  I THINK THAT PROBABLY COVERS

17   EVERYTHING.  LET ME SEE IF I HAVE ANY OTHER QUESTIONS.

18                   (PAUSE IN THE PROCEEDINGS.)

19           THE COURT:  OKAY.  I THINK THAT THAT'S IT.

20       MY ONLY REAL CONCERN IS THE AMOUNT OF EXPENSES TO THE

21   ADMINISTRATOR.  YOU HAVE THIS CAP, BUT IT'S NOT REALLY A FIRM

22   CAP.

23           MR. BRITTON:  CORRECT, YOUR HONOR.  WE HAVE BEEN

24   DOING THIS FOR A LONG TIME AND THEY ARE PRETTY GOOD WITH THEIR

25   ESTIMATES, GILARDI IS, AND SO THE ESTIMATE IS AROUND 250, AND
```

```
1    WE EXPECT IT TO COME IN AT THAT.

2        TED, DO YOU WANT TO MAKE A COMMENT?

3        MR. PINTAR:  IF YOU DON'T MIND IF I CAN ADDRESS THAT

4    BECAUSE IT WAS MENTIONED AT THE PRELIMINARY APPROVAL.

5        AND JUST TO ADD TO WHAT MR. BRITTON SAID, IT'S A LITTLE

6    BIT CONFUSING BECAUSE IN THE STIPULATION, WE HAVE A PROVISION

7    WHICH SAYS UP TO THE EFFECTIVE DATE.  SO THAT'S FINAL APPROVAL

8    PLUS THE TIME TO APPEAL WHEN THE SETTLEMENT BECOMES EFFECTIVE,

9    WE CAN PAY UP TO $250,000 TO THE ADMINISTRATOR.  THEN AFTER

10   THE EFFECTIVE DATE, WHATEVER THE CLAIMS COST, THEY COST, AND

11   WE CAN PAY THAT.

12       AND THE REASON WE HAVE THAT PROVISION IN THERE IS SO THAT

13   IF THE SETTLEMENT FOR WHATEVER REASON WAS NOT APPROVED, THEN

14   EVERYTHING GOES BACK TO -- ALL THE MONEY GOES BACK TO THE

15   DEFENDANTS EXCEPT FOR ANY AMOUNTS UP TO 250,000 THAT WE PAID

16   FOR ADMINISTRATIVE COSTS.  SO THAT'S WHAT THAT PROVISION IS.

17       AS MR. BRITTON SAID, THE CURRENT ESTIMATE IS 250,000.

18   THOSE NUMBERS JUST HAPPEN TO MATCH UP FOR THE ENTIRE

19   SETTLEMENT ADMINISTRATION.  AND TO DATE WE HAVE PAID 106,000

20   TO GILARDI & COMPANY.

21       THE NUMBER OF NOTICES THAT WERE MAILED OUT CAME IN

22   SLIGHTLY BELOW THEIR ESTIMATE.  THE NUMBER OF CLAIMS TO DATE,

23   4,175 SLIGHTLY BELOW THEIR ESTIMATE.  THAT NUMBER MAY GO UP A

24   LITTLE BIT.

25       SO MY POINT IS, WE ARE RUNNING A LITTLE BIT BELOW WHAT
```

1    THEIR ESTIMATE WAS AT PRELIMINARY APPROVAL.  WE THINK IT'S

2    GOING TO BE WELL BELOW 250,000 OVER, YOU KNOW, UP THROUGH THE

3    INITIAL DISTRIBUTION.  UNFORTUNATELY IT'S NOT AN EXACT SCIENCE

4    BECAUSE WE DON'T KNOW HOW MANY SHARES ARE REPRESENTED BY THE

5    CLAIMS RECEIVED TO DATE AND HOW MUCH IT'S GOING TO COST TO

6    FULLY ADMINISTER THOSE.

7         AND SO WE -- THAT'S WHY WE BUILD IN A LITTLE BIT OF

8    CUSHION.  BUT EVERY INVOICE THAT WE RECEIVE FROM GILARDI IS

9    HEAVILY SCRUTINIZED BY ME, ANOTHER SENIOR PARTNER, AND BY OUR

10   ADMINISTRATIVE SETTLEMENT ADMINISTRATOR.

11        SO THAT'S A VERY LONG-WINDED EXPLANATION FOR HOW WE DEAL

12   WITH ADMINISTRATION COSTS GENERALLY, AND IN THIS CASE I THINK

13   IT'S GOING TO BE SIGNIFICANTLY BELOW THE 250,000 THAT WAS

14   PROJECTED AT THE BEGINNING.

15        **THE COURT:**  OKAY.  ALL RIGHT.  I APPRECIATE THAT

16   EXPLANATION.

17        ALL RIGHT.  THEN I'M PREPARED TO APPROVE IT ASSUMING THERE

18   ARE NO OBJECTIONS.  IS THERE ANYONE IN THE COURTROOM WHO

19   OBJECTS TO THE FINAL APPROVAL OF THIS SETTLEMENT?  RAISE YOUR

20   HAND?

21                    (NO RESPONSE.)

22        ALL RIGHT.  NO OBJECTIONS RECEIVED TODAY, AND THE COURT

23   FINDS THE SETTLEMENT FAIR, REASONABLE, AND ADEQUATE.  THE PLAN

24   OF ALLOCATION ALSO REASONABLE, AND THE 25 PERCENT BENCHMARK

25   FEE AWARD ALSO FAIR, REASONABLE, AND ADEQUATE.  AND LASTLY,

```
1    THE EXPENSES AND PAYMENT TO THE LEAD PLAINTIFF, WHICH IS

2    SUBSTANTIALLY LESS THAN THE NOTICE REFERENCED, WILL ALSO BE

3    APPROVED.

4        THE PROPOSED ORDERS THAT YOU'VE SUBMITTED ARE FINE.  THEY

5    WILL BE ENTERED TODAY.

6              MR. BRITTON:  GREAT.  THANK YOU SO MUCH, YOUR HONOR.

7              MS. BRETAN:  THANK YOU, YOUR HONOR.

8                  (PROCEEDINGS CONCLUDED AT 9:27 A.M.)

9

10

11                    CERTIFICATE OF REPORTER

12        I, DIANE E. SKILLMAN, OFFICIAL REPORTER FOR THE

13   UNITED STATES COURT, NORTHERN DISTRICT OF CALIFORNIA, HEREBY

14   CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE

15   RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

16

17              Diane E. Skillman

18              DIANE E. SKILLMAN, CSR 4909, RPR, FCRR

19                THURSDAY, FEBRUARY 15, 2018

20

21

22

23

24

25
```

**DIANE E. SKILLMAN, OFFICIAL COURT REPORTER, USDC**